Exhibit G

Form **1120X** (Rev. April 1999) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending December 1997 (Enter month and year)

Please Type or Print

Name: Trigon Healthcare, Inc. & Subsidiaries

Employer identification number: 54-1773225

Number, street, and room or suite no. (If a P.O. box, see instructions.): 2221 Edward Holland Drive Mail Drop 42-B

City or town, state, and ZIP code: Richmond, Virginia 23230

Telephone number (optional): (804) 354-3454

Enter name and address used on original return (If same as above, write "Same."): Same

Internal Revenue Service Center where original return was filed: Philadelphia, PA

## Fill in Applicable Items and Use Part II To Explain Any Changes

**Part I** **Income and Deductions** (See instructions.)

| | (a) As originally reported or as previously adjusted | (b) Net change (increase or decrease — explain in Part II) | (c) Correct amount |
|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 2,930,586,948 | | 2,930,586,948 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2,786,000,164 | 173,647,308 | 2,959,647,472 |
| 3 Taxable income. Subtract line 2 from line 1 | 144,586,784 | (173,647,308) | (29,060,524) |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 28,855,270 | (28,855,270) | -0- |
| **Payments and Credits** (See instructions.) | | | |
| 5a Overpayment in prior year allowed as a credit | 3,010,470 | | 3,010,470 |
| b Estimated tax payments | 28,750,000 | | 28,750,000 |
| c Refund applied for on Form 4466 | | | |
| d Subtract line 5c from the sum of lines 5a and 5b | 31,760,470 | | 31,760,470 |
| e Tax deposited with Form 7004 | | | |
| f Credit from Form 2439 | | | |
| g Credit for Federal tax on fuels | | | |
| 6 Tax deposited or paid with (or after) the filing of the original return | | | 10,600,000 |
| 7 Add lines 5d through 6, column (c) | | | 42,360,470 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | | | 12,274,899 |
| 9 Subtract line 8 from line 7 | | | 30,085,571 |
| **Tax Due or Refund** | | | |
| 10 Tax due. Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury" (see instructions) | | | |
| 11 Refund. Subtract line 4, column (c), from line 9 | | | 30,085,571 |

INTERNAL REVENUE SERVICE RICHMOND, VA. RECEIVED MAY 3 0 2001

**Please Sign Here** Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer: [signature] Date: 5/29/01 Title: CEO

**Paid Preparer's Use Only** Preparer's signature | Date | Check if self-employed ☐ | Pr

Firm's name (or yours if self-employed) and address | EIN | ZIP code

**For Paperwork Reduction Act Notice, see instructions on page 4.**

ISA STF FED4298F.1 Form

Form 1120X (Rev. 4-99) Page 2

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Attach additional sheets if necessary. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here ▶ ☐

1) 1997 Internal Revenue Code Section 162 Expense paid to the State of Virginia as referenced in Internal Revenue Service TAM 104871-00 (Copy Attached) $ 174,844,000

2) Addback adjustment for corporate contributions due to generation of a consolidated loss from transaction # 1. ($ 1,196,692)

Line 2b - Total Adjustment $ 173,647,308

STF FED4298F.2

Trigon Healthcare, Inc. & Subsidiaries
1120X Amended U.S. Income Tax Return
Year Ending December 31, 1997

| | (A) Originally Filed Tax Return | (B) IRS Adjustment 03/22/1999 | (B) Revised Amounts As of 03/22/99 | (C) IRS Form 4549A Adjustment 04/13/00 | (C) IRS Letter 531 2/16/01 & IRS Form 4549A Revised Amounts As of 04/13/00 | (D) Form 1120X TAM 104871-00 Issued 3/06/01 Additional Deduction | (E) Revised Form 1120 As Amended & Column ( c ) of Form 1120X |
|---|---|---|---|---|---|---|---|
| Total Income | $ 2,930,586,948.00 | $ - | $ 2,930,586,948.00 | $ - | $ 2,930,586,948.00 | $ - | $ 2,930,586,948.00 |
| Total Deductions | $ 2,930,586,948.00 | $ (987,214.00) | $ 2,929,599,734.00 | $ (143,599,570.00) | $ 2,786,000,164.00 | $ 173,647,308.00 | $ 2,959,647,472.00 |
| Taxable Income | $ - | $ 987,214.00 | $ 987,214.00 | $ 143,599,570.00 | $ 144,586,784.00 | $ (173,647,308.00) | $ (29,060,524.00) |
| Tax | $ 19,292,537.00 | $ 193,034.00 | $ 19,485,571.00 | $ 9,369,699.00 | $ 28,855,270.00 | $ (28,855,270.00) | $ - |
| Overpayment Credited To Next Years Tax | $ 12,467,933.00 | $ (193,034.00) | $ 12,274,899.00 | $ - | $ 12,274,899.00 | $ - | $ 12,274,899.00 |

(A) AS ORIGINALLY FILED

Form **1120** Department of the Treasury Internal Revenue Service

# U.S. Corporation Income Tax Return

For calendar year 1997 or tax year beginning ............, 1997, ending ............, 19....

▶ Instructions are separate. See page 1 for Paperwork Reduction Act Notice.

OMB No. 1545-0123 **1997**

A Check if a:
1 Consolidated return (attach Form 851) [X]
2 Personal holding co. (attach Sch. PH) [ ]
3 Personal service corp. (as defined in Temporary Regs. sec. 1.441-4T — see instructions) [ ]

Name: TRIGON HEALTHCARE, INC. & SUBSIDIARIES
CORPORATE TAX DEPARTMENT 42-B

Number, street, and room or suite no. (If a P.O. box, see page 5 of instructions.): 2221 EDWARD HOLLAND DRIVE

City or town, state, and ZIP code: RICHMOND, VA 23230

B Employer identification number: 54-1773225

C Date incorporated: 06/13/95

D Total assets (see page 5 of instructions): $ 2,868,825,845

E Check applicable boxes: (1) [ ] Initial return (2) [ ] Final return (3) [ ] Change of address

## Income

| Line | Description | Statement | Box | Amount |
|---|---|---|---|---|
| 1a | Gross receipts or sales 2,817,266,341 ; b Less returns and allowances ; c Bal ▶ | | 1c | 2,817,266,341 |
| 2 | Cost of goods sold (Schedule A, line 8) | | 2 | |
| 3 | Gross profit. Subtract line 2 from line 1c | | 3 | 2,817,266,341 |
| 4 | Dividends (Schedule C, line 19) | | 4 | 5,455,196 |
| 5 | Interest | See Statement 5 | 5 | 80,748,189 |
| 6 | Gross rents | | 6 | |
| 7 | Gross royalties | | 7 | |
| 8 | Capital gain net income (attach Schedule D (Form 1120)) | | 8 | 56,131,900 |
| 9 | Net gain or (loss) from Form 4797, Part II, line 18 (attach Form 4797) | | 9 | -42,674,094 |
| 10 | Other income (see page 6 of instructions - attach schedule) | See Statement 7 | 10 | 13,659,417 |
| 11 | Total income. Add lines 3 through 10 ▶ | | 11 | 2,930,586,948 |

## Deductions (See instructions for limitations on deductions.)

| Line | Description | Statement | Box | Amount |
|---|---|---|---|---|
| 12 | Compensation of officers (Schedule E, line 4) | | 12 | 4,341,392 |
| 13 | Salaries and wages (less employment credits) | | 13 | 154,408,279 |
| 14 | Repairs and maintenance | See Statement 9 | 14 | 6,569,226 |
| 15 | Bad debts | See Statement 11 | 15 | 1,096,486 |
| 16 | Rents | See Statement 12 | 16 | 17,186,594 |
| 17 | Taxes and licenses | See Statement 14 | 17 | 12,786,463 |
| 18 | Interest | See Statement 21 | 18 | 16,611,976 |
| 19 | Charitable contributions (see page 8 of instructions for 10% limitation) | See Statement 23 | 19 | 1,196,692 |
| 20 | Depreciation (attach Form 4562) — 20: 11,378,123 | | | |
| 21 | Less depreciation claimed on Schedule A and elsewhere on return — 21a: | | 21b | 11,378,123 |
| 22 | Depletion | | 22 | |
| 23 | Advertising | See Statement 24 | 23 | 5,922,867 |
| 24 | Pension, profit-sharing, etc., plans | See Statement 26 | 24 | 7,083,897 |
| 25 | Employee benefit programs | See Statement 27 | 25 | 25,649,439 |
| 26 | Other deductions (attach schedule) | See Statement 29 | 26 | 2,589,671,516 |
| 27 | Total deductions. Add lines 12 through 26 ▶ | | 27 | 2,833,902,950 |
| 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | 28 | 96,683,998 |
| 29 | Less: a Net operating loss deduction (see page 9 of instructions) See Statement 37 — 29a: 95,785,901 ; b Special deductions (Schedule C, line 20) — 29b: 898,097 | | 29c | 96,683,998 |

INTERNAL REVENUE SERVICE
RICHMOND, VA
RECEIVED
SEP 15 1998
DISTRICT DIRECTOR
VIRGINIA-WEST VIRGINIA
DISTRICT

## Tax and Payments

| Line | Description | Box | Amount |
|---|---|---|---|
| 30 | Taxable income. Subtract line 29c from line 28 | 30 | |
| 31 | Total tax (Schedule J, line 10) | 31 | 19,292,537 |
| 32a | Payments: a 1996 overpayment credited to 1997 | 32a | 3,010,470 |
| 32b | 1997 estimated tax payments | 32b | 28,750,000 |
| 32c | Less 1997 refund applied for on Form 4466 | 32c | ( ) |
| 32d | d Bal ▶ | 32d | 31,760,470 |
| 32e | Tax deposited with Form 7004 | 32e | |
| 32f | Credit for tax paid on undistributed capital gains (attach Form 2439) | 32f | |
| 32g | Credit for Federal tax on fuels (attach Form 4136). See instructions | 32g | |
| 32h | | 32h | 31,760,470 |
| 33 | Estimated tax penalty (see page 10 of instructions). Check if Form 2220 is attached ▶ [ ] | 33 | |
| 34 | Tax due. If line 32h is smaller than the total of lines 31 and 33, enter amount owed | 34 | |
| 35 | Overpayment. If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | 35 | 12,467,933 |
| 36 | Enter amount of line 35 you want: Credited to 1998 estimated tax ▶ 12,467,933 ; Refunded ▶ | 36 | NONE |

**Sign Here** — Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Signature of officer: [signature] Date: 9/15/98 ▶ Title: CFO

**Paid Preparer's Use Only** — Preparer's signature ▶ ; Date ; Check if self-employed [ ] ; Preparer's social security no.
Firm's name (or yours if self-employed) and address ▶ ; EIN ▶ ; ZIP code ▶

JSA 7C1110 2.000 JFRTST 09/14/98 12:44:51 V7-07 54-1773225

TRIGON HEALTHCARE, INC. & SUBSIDIARIES

Form 1120 (1997) 54-1773225 Page

## Schedule A Cost of Goods Sold (See page 10 of instructions.)

| | | | |
|---|---|---|---|
| 1 | Inventory at beginning of year | 1 | 234,560 |
| 2 | Purchases | 2 | 56,865 |
| 3 | Cost of labor | 3 | |
| 4 | Additional section 263A costs (attach schedule) | 4 | |
| 5 | Other costs (attach schedule) | 5 | |
| 6 | Total. Add lines 1 through 5 | 6 | 291,425 |
| 7 | Inventory at end of year | 7 | 291,425 |
| 8 | Cost of goods sold. Subtract line 7 from line 6. Enter here and on page 1, line 2 | 8 | |

9 a Check all methods used for valuing closing inventory:

(i) ☐ Cost as described in Regulations section 1.471-3

(ii) ☐ Lower of cost or market as described in Regulations section 1.471-4

(iii) ☐ Other (Specify method used and attach explanation.) ▶

b Check if there was a writedown of subnormal goods as described in Regulations section 1.471-2(c) ▶ ☐

c Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ▶ ☐

d If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO 9d

e If property is produced or acquired for resale, do the rules of Section 263A apply to the corporation? ☐ Yes ☐ No

f Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation ☐ Yes ☐ No

## Schedule C Dividends and Special Deductions (See page 11 of instructions.)

| | | (a) Dividends received | (b) % | (c) Special deductions (a) x (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations that are subject to the 70% deduction (other than debt-financed stock) | 1,282,996. | 70 | 898,097. |
| 2 | Dividends from 20%-or-more-owned domestic corporations that are subject to the 80% deduction (other than debt-financed stock) | | 80 | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations (section 246A) | | see instr. | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs that are subject to the 70% deduction | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs that are subject to the 80% deduction | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries subject to the 100% deduction (section 245(b)) | | 100 | |
| 9 | Total. Add lines 1 through 8. See page 12 of instructions for limitation | | | 898,097. |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 | Dividends from certain FSCs that are subject to the 100% deduction (section 245(c)(1)) | | 100 | |
| 12 | Dividends from affiliated group members subject to the 100% deduction (section 243(a)(3)) | | 100 | |
| 13 | Other dividends from foreign corporations not included on lines 3, 6, 7, 8, or 11 | 1,156,619. | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | | | |
| 15 | Foreign dividend gross-up (section 78) | | | |
| 16 | IC-DISC and former DISC dividends not included on lines 1, 2, or 3 (section 246(d)) | | | |
| 17 | Other dividends Stmt 49 | 3,016,580. | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities | | | |
| 19 | Total dividends. Add lines 1 through 17. Enter here and on line 4, page 1 ▶ | 5,456,195. | | |
| 20 | Total special deductions. Add lines 9, 10, 11, 12, and 18. Enter here and on line 29b, page 1 ▶ | | | 898,097. |

## Schedule E Compensation of Officers (See instructions for line 12, page 1.)

*Complete Schedule E only if total receipts (line 1a plus lines 4 through 10 on page 1, Form 1120) are $500,000 or more.*

| | (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | Percent of corporation stock owned (d) Common | (e) Preferred | (f) Amount of compensation |
|---|---|---|---|---|---|---|
| 1 | See Statement 50 | | % | % | % | |
| | | | % | % | % | |
| | | | % | % | % | |
| | | | % | % | % | |
| | | | % | % | % | |
| 2 | Total compensation of officers | | | | | 4,341,392. |
| 3 | Compensation of officers claimed on Schedule A and elsewhere on return | | | | | |
| 4 | Subtract line 3 from line 2. Enter the result here and on line 12, page 1 | | | | | 4,341,392. |

JSA 7C1120 1.000

TRIGON HEALTHCARE, INC. & SUBSIDIARIES

Form 1120 (1997) 54-1773225 Page

## Schedule J Tax Computation (See page 12 of instructions.)

1 Check if the corporation is a member of a controlled group (see sections 1561 and 1563) . . . . ▶ [ ]

Important: Members of a controlled group, see instructions on page 12.

2a If the box on line 1 is checked, enter the corporation's share of the $50,000, $25,000, and $9,925,000 taxable income brackets (in that order):

(1) ______ (2) ______ (3) ______

b Enter the corporation's share of:

(1) Additional 5% tax (not more than $11,750)

(2) Additional 3% tax (not more than $100,000)

3 Income tax. Check this box if the corporation is a qualified personal service corporation as defined in section 448(d)(2) (see instructions on page 13) . . . . . . . ▶ [ ] | 3

| Line | Description | Ref | Amount |
|---|---|---|---|
| 4a | Foreign tax credit (attach Form 1118) | 4a | 69,695 |
| b | Possessions tax credit (attach Form 5735) | 4b | |
| c | Check: [X] Nonconventional source fuel credit [ ] QEV credit (attach Form 8834) | 4c | 4,408 |
| d | General business credit. Enter here and check which forms are attached: [ ] 3468 [ ] 5884 [ ] 6478 [ ] 6765 [ ] 8586 [ ] 8830 [X] 3800 [ ] 8835 [ ] 8844 [ ] 8845 [ ] 8846 [ ] 8820 [ ] 8847 [ ] 8826 [ ] 8861 | 4d | 838,126 |
| e | Credit for prior year minimum tax (attach Form 8827) | 4e | |

| Line | Description | Ref | Amount |
|---|---|---|---|
| 5 | Total credits. Add lines 4a through 4e | 5 | |
| 6 | Subtract line 5 from line 3 | 6 | NONE |
| 7 | Personal holding company tax (attach Schedule PH (Form 1120)) | 7 | NONE |
| 8 | Recapture taxes. Check if from: [ ] Form 4255 [ ] Form 8611 | 8 | |
| 9 | Alternative minimum tax (attach Form 4626) | 9 | 19,292,537. |
| 10 | Total tax. Add lines 6 through 9. Enter here and on line 31, page 1 | 10 | 19,292,537. |

## Schedule K Other Information (See page 14 of instructions.)

| Item | Question | Yes | No |
|---|---|---|---|
| 1 | Check method of accounting: a [ ] Cash b [X] Accrual c [ ] Other (specify) ▶ | | |
| 2 | See page 16 of the instructions and state the principal: a Business activity code no. ▶ 6359; b Business activity ▶ HOLDING COMPANY; c Product or service ▶ HOLDING COMPANY | | |
| 3 | At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) . . See Form 851. If "Yes," attach a schedule showing: (a) name and identifying number, (b) percentage owned, and (c) taxable income or (loss) before NOL and special deductions of such corporation for the tax year ending with or within your tax year. | X | |
| 4 | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? If "Yes," enter employer identification number and name of the parent corporation ▶ | | X |
| 5 | At the end of the tax year, did any individual, partnership, corporation, estate or trust own, directly or indirectly, 50% or more of the corporation's voting stock? (For rules of attribution, see section 267(c).) If "Yes," attach a schedule showing name and identifying number. (Do not include any information already entered in 4 above.) Enter percentage owned ▶ | | X |
| 6 | During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See secs. 301 and 316.) If "Yes," file Form 5452. If this is a consolidated return, answer here for the parent corporation and on Form 851, Affiliations Schedule, for each subsidiary. | | X |
| 7 | Was the corporation a U.S. shareholder of any controlled foreign corporation? (See sections 951 and 957.) If "Yes," attach Form 5471 for each such corporation. Enter number of Forms 5471 attached ▶ | | X |
| 8 | At any time during the 1997 calendar year, did the corporation have an interest in or a signature or other authority over a financial account (such as bank account, securities account, or other financial account) in a foreign country? If "Yes," the corporation may have to file Form TD F 90-22.1. If "Yes," enter name of foreign country ▶ | | X |
| 9 | During the tax year, did the corporation receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," see page 15 of the instructions for other forms the corporation may have to file | | X |
| 10 | At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of: (a) the total voting power of all classes of stock of the corporation entitled to vote, or (b) the total value of all classes of stock of the corporation? If "Yes," a Enter percentage owned ▶ b Enter owner's country ▶ c The corporation may have to file Form 5472. Enter number of Forms 5472 attached ▶ | | X |
| 11 | Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . ▶ [ ] If so, the corporation may have to file Form 8281. | | |
| 12 | Enter the amount of tax-exempt interest received or accrued during the tax year ▶ 243,363. | | |
| 13 | If there were 35 or fewer shareholders at the end of the tax year, enter the number ▶ 1 | | |
| 14 | If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ [ ] | | |
| 15 | Enter the available NOL carryover from prior tax years (Do not reduce it by any deduction on line 29a.) ▶ 321,930,780. | | |

JSA 7C1130 1.000 IEDTST

Form 1120 (1997) TRIGON HEALTHCARE, INC. & SUBSIDIARIES 54-1773225 Page

**Schedule L Balance Sheets per Books**

| Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|
| 1 Cash | Stmt 64 | -14,848,293 | | -111,489,783 |
| 2a Trade notes and accounts receivable Stmt 67 | 266,947,716 | | 323,184,570 | |
| b Less allowance for bad debts | (3,983,361) | 262,964,355 | (4,713,534) | 318,471,036 |
| 3 Inventories | | 234,560 | | 291,424 |
| 4 U.S. government obligations | Stmt 69 | 1,262,907 | | 36,930,245 |
| 5 Tax-exempt securities (see instructions) | | | | |
| 6 Other current assets (attach schedule) | Stmt 70 | 200,628,184 | | 183,972,534 |
| 7 Loans to stockholders | | | | |
| 8 Mortgage and real estate loans | | | | |
| 9 Other investments (attach schedule) | Stmt 73 | 1,074,068,463 | | 2,203,097,946 |
| 10a Buildings and other depreciable assets | 112,033,566 | | 114,308,968 | |
| b Less accumulated depreciation | (72,016,148) | 40,017,418 | (79,144,943) | 35,164,025 |
| 11a Depletable assets | | | | |
| b Less accumulated depletion | ( ) | | ( ) | |
| 12 Land (net of any amortization) | | 2,204,135 | | 2,106,711 |
| 13a Intangible assets (amortizable only) | 21,273,901 | | 20,938,778 | |
| b Less accumulated amortization | (9,416,509) | 11,857,392 | (9,524,776) | 11,414,002 |
| 14 Other assets (attach schedule) | Stmt 75 | 83,390,256 | | 188,867,685 |
| 15 Total assets | | 1,641,779,376 | | 2,868,825,846 |
| **Liabilities and Stockholders' Equity** | | | | |
| 16 Accounts payable | Stmt 78 | 110,187,006 | | 39,371,574 |
| 17 Mtges., notes, bonds payable in less than 1 year | | 13,000,000 | | NONE |
| 18 Other current liabilities (attach schedule) | Stmt 81 | 320,341,072 | | 342,621,901 |
| 19 Loans from stockholders | | | | |
| 20 Mtges., notes, bonds payable in 1 year or more | Stmt 88 | 10,707,475 | | 137,265,075 |
| 21 Other liabilities (attach schedule) | Stmt 89 | 265,241,676 | | 314,643,450 |
| 22 Capital stock: a Preferred stock Stmt 91 | 4,509,500 | | 4,509,500 | |
| b Common stock Stmt 92 | 3,502,037 | 8,011,537 | 4,820,837 | 9,330,337 |
| 23 Additional paid-in capital | Stmt 95 | 79,756,434 | | 1,809,348,778 |
| 24 Retained earnings-Appropriated (attach schedule) | | | | |
| 25 Retained earnings - Unappropriated | | 844,534,176 | | 216,244,730 |
| 26 Adjustments to shareholders' equity (attach schedule) | | | | |
| 27 Less cost of treasury stock | | ( ) | | ( ) |
| 28 Total liabilities and stockholders' equity | | 1,641,779,376 | | 2,868,825,845 |

*Note: You are not required to complete Schedules M-1 and M-2 below if the total assets on line 15, column (d) of Schedule L are less than $25,000*

**Schedule M-1 Reconciliation of Income(Loss) per Books With Income per Return** (See page 15 of instructions.)

| | | | |
|---|---|---|---|
| 1 Net income (loss) per books | 446,717,512 | 7 Income recorded on books this year not included on this return (itemize): Tax-exempt interest $ | |
| 2 Federal income tax | 46,871,746 | | |
| 3 Excess of capital losses over capital gains | | | |
| 4 Income subject to tax not recorded on books this year (itemize): See Statement 103 | 14,417,010 | See Statement 108 | 407,300,562 |
| 5 Expenses recorded on books this year not deducted on this return (itemize): a Depreciation $ | | 8 Deductions on this return not charged against book income this year (itemize): a Depreciation $ | |
| b Contributions carryover $ | 12,160,290 | b Contributions carryover $ | 11,378,123 |
| c Travel and entertainment $ | 199,865 | | |
| See Statement 105 | 53,114,748 | See Statement 110 | 58,118,488 |
| 6 Add lines 1 through 5 | 573,481,171 | 9 Add lines 7 and 8 | 476,797,173 |
| | | 10 Income (line 28, page 1) - line 6 less line 9 | 96,683,998 |

**Schedule M-2 Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L)**

| | | | |
|---|---|---|---|
| 1 Balance at beginning of year | 844,534,176 | 5 Distributions: a Cash | |
| 2 Net income (loss) per books | 446,717,512 | b Stock | |
| 3 Other increases (itemize): | | c Property | |
| | | 6 Other decreases (itemize): | |
| See Statement 112 | 8,377,360 | See Statement 113 | 1,083,384,318 |
| | | 7 Add lines 5 and 6 | 1,083,384,318 |
| 4 Add lines 1, 2, and 3 | 1,299,629,048 | 8 Balance at end of year (line 4 less line 7) | 216,244,730 |

JSA 7C1140 1.000

Form **4626** Department of the Treasury Internal Revenue Service

# Alternative Minimum Tax - Corporations

▶ See separate instructions.
▶ Attach to the corporation's tax return.

OMB No. 1545-0175

1997

Name: TRIGON HEALTHCARE, INC. & SUBSIDIARIES
CORPORATE TAX DEPARTMENT 42-B

Employer identification number: 54-1773225

| | | | | | |
|---|---|---|---|---|---|
| 1 | Taxable income or (loss) before net operating loss deduction | | | 1 | 95,785,901 |
| 2 | **Adjustments and preferences:** | | | | |
| a | Depreciation of post-1986 property | 2a | 639,682. | | |
| b | Amortization of certified pollution control facilities | 2b | | | |
| c | Amortization of mining exploration and development costs | 2c | | | |
| d | Amortization of circulation expenditures (personal holding companies only) | 2d | | | |
| e | Adjusted gain or loss | 2e | -327,739. | | |
| f | Long-term contracts | 2f | | | |
| g | Installment sales | 2g | | | |
| h | Merchant marine capital construction funds | 2h | | | |
| i | Section 833(b) deduction (Blue Cross, Blue Shield, and similar type organizations only) | 2i | | | |
| j | Tax shelter farm activities (personal service corporations only) | 2j | | | |
| k | Passive activities (closely held corporations and personal service corporations only) | 2k | | | |
| l | Loss limitations | 2l | | | |
| m | Depletion | 2m | | | |
| n | Tax-exempt interest from specified private activity bonds | 2n | | | |
| o | Charitable contributions See Statement 154 | 2o | | | |
| p | Intangible drilling costs | 2p | | | |
| q | Accelerated depreciation of real property (pre-1987) | 2q | | | |
| r | Accelerated depreciation of leased personal property (pre-1987) (personal holding companies only) | 2r | | | |
| s | Other adjustments | 2s | | | |
| t | Combine lines 2a through 2s | | | 2t | 311,943. |
| 3 | Preadjustment alternative minimum taxable income (AMTI). Combine lines 1 and 2t | | | 3 | 96,097,844. |
| 4 | **Adjusted current earnings (ACE) adjustment:** | | | | |
| a | Enter the corporation's ACE from line 10 of the worksheet on page 8 of the instructions | 4a | 97,008,929. | | |
| b | Subtract line 3 from line 4a. If line 3 exceeds line 4a, enter the difference as a negative amount (see examples beginning on page 4 of the instructions) | 4b | 911,085. | | |
| c | Multiply line 4b by 75% (.75). Enter the result as a positive amount | 4c | 683,314. | | |
| d | Enter the excess, if any, of the corporation's total increases in AMTI from prior year ACE adjustments over its total reductions in AMTI from prior year ACE adjustments (see page 5 of the instructions). *Note: You must enter an amount on line 4d (even if line 4b is positive)* | 4d | 8,247,171. | | |
| e | **ACE adjustment:** • If you entered a positive number or zero on line 4b, enter the amount from line 4c here as a positive amount. See Statement 156 • If you entered a negative number on line 4b, enter the smaller of line 4c or line 4d here as a negative amount. | | | 4e | 683,314. |
| 5 | Combine lines 3 and 4e. If zero or less, stop here; the corporation does not owe alternative minimum tax | | | 5 | 96,781,158. |
| 6 | Alternative tax net operating loss deduction (see page 5 of the instructions) Stmt. 157 | | | 6 | |
| 7 | **Alternative minimum taxable income.** Subtract line 6 from line 5. If the corporation held a residual interest in a REMIC, see page 5 of the instructions | | | 7 | 96,781,158. |

**For Paperwork Reduction Act Notice, see separate instructions.** Form **4626** (1997)

JSA

TRIGON HEALTHCARE, INC. & SUBSIDIARIES
Form 4626 (1997) 54-1773225
Page

| | | | |
|---|---|---|---|
| 8 | Enter the amount from line 7 (alternative minimum taxable income) | 8 | 96,781,158. |
| 9 | **Exemption phase-out computation** (if line 8 is $310,000 or more, skip lines 9a and 9b and enter -0- on line 9c): | | |
| | a Subtract $150,000 from line 8 (if you are completing this line for a member of a controlled group, see page 5 of the instructions). If zero or less, enter -0- (9a) | | |
| | b Multiply line 9a by 25% (.25) (9b) | | |
| | c Exemption. Subtract line 9b from $40,000 (if you are completing this line for a member of a controlled group, see page 5 of the instructions). If zero or less, enter -0- | 9c | NONE |
| 10 | Subtract line 9c from line 8. If zero or less, enter -0- | 10 | 96,781,158. |
| 11 | Multiply line 10 by 20% (.20) | 11 | 19,356,232. |
| 12 | Alternative minimum tax foreign tax credit. See page 6 of the instructions | 12 | 63,695. |
| 13 | Tentative minimum tax. Subtract line 12 from line 11 | 13 | 19,292,537. |
| 14 | Regular tax liability before all credits except the foreign tax credit and possessions tax credit | 14 | |
| 15 | **Alternative minimum tax.** Subtract line 14 from line 13. Enter the result on the appropriate line of the corporation's income tax return (e.g., Form 1120, Schedule J, line 9). If zero or less, enter -0- | 15 | 19,292,537. |

JSA

TRIGON HEALTHCARE, INC. & SUBSIDIARIES

## Adjusted Current Earnings Worksheet

54-1773225

▶ See ACE Worksheet Instructions (which begin on page 6).

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Pre-adjustment AMTI. Enter the amount from line 3 of Form 4626 | | | | 1 | 96,097,844. |
| 2 | ACE depreciation adjustment: | | | | | |
| a | AMT depreciation | | 2a | 10,738,441. | | |
| b | ACE depreciation: | | | | | |
| | (1) Post-1993 property | 2b(1) | | | | |
| | (2) Post-1989, pre-1994 property | 2b(2) | | | | |
| | (3) Pre-1990 MACRS property | 2b(3) | | | | |
| | (4) Pre-1990 original ACRS property | 2b(4) | | | | |
| | (5) Property described in sections 168(f)(1) through (4) | 2b(5) | | | | |
| | (6) Other property | 2b(6) 10,751,917. | | | | |
| | (7) Total ACE depreciation. Add lines 2b(1) through 2b(6) | | 2b(7) | 10,751,917. | | |
| c | ACE depreciation adjustment. Subtract line 2b(7) from line 2a | | | | 2c | -13,476. |
| 3 | Inclusion in ACE of items included in earnings and profits (E&P): | | | | | |
| a | Tax-exempt interest income | | 3a | | | |
| b | Death benefits from life insurance contracts | | 3b | | | |
| c | All other distributions from life insurance contracts (including surrenders) | | 3c | | | |
| d | Inside buildup of undistributed income in life insurance contracts | | 3d | | | |
| e | Other items (see Regulations sections 1.56(g)-1(c)(6)(iii) through (ix) for a partial list) | | 3e | | | |
| f | Total increase to ACE from inclusion in ACE of items included in E&P. Add lines 3a through 3e | | | | 3f | |
| 4 | Disallowance of items not deductible from E&P: | | | | | |
| a | Certain dividends received | | 4a | 806,605. | | |
| b | Dividends paid on certain preferred stock of public utilities that are deductible under section 247 | | 4b | | | |
| c | Dividends paid to an ESOP that are deductible under section 404(k) | | 4c | | | |
| d | Nonpatronage dividends that are paid and deductible under section 1382(c) | | 4d | | | |
| e | Other items (see Regulations section 1.56(g)-1(d)(3)(i) and (ii) for a partial list) | | 4e | | | |
| f | Total increase to ACE because of disallowance of items not deductible from E&P. Add lines 4a through 4e | | | | 4f | 806,605. |
| 5 | Other adjustments based on rules for computing E&P: | | | | | |
| a | Intangible drilling costs | | 5a | | | |
| b | Circulation expenditures | | 5b | | | |
| c | Organizational expenditures | | 5c | | | |
| d | LIFO inventory adjustments | | 5d | | | |
| e | Installment sales | | 5e | | | |
| f | Total other E&P adjustments. Combine lines 5a through 5e | | | | 5f | |
| 6 | Disallowance of loss on exchange of debt pools | | | | 6 | |
| 7 | Acquisition expenses of life insurance companies for qualified foreign contracts | | | | 7 | |
| 8 | Depletion | | | | 8 | |
| 9 | Basis adjustments in determining gain or loss from sale or exchange of pre-1995 property | | | | 9 | 117,956. |
| 10 | Adjusted current earnings. Combine lines 1, 2c, 3f, 4f, and 5f through 9. Enter the result here and on line 4a of Form 4626 | | | | 10 | 97,008,929. |



JSA

199909 S03079 5401 A

28511-825-92912-9 B2712

Department of the Treasury
Internal Revenue Service
PHILADELPHIA, PA 19255

Date of this notice: MAILED THIS DATE MAR 22 1999
Taxpayer Indentifying Number 54-1773225
Form: 1120 Tax Period: DEC. 31, 1997

For assistance you may call us at:

1-800-829-1040

(B) IRS ADJUSTMENT

TRIGON HEALTHCARE INC
% CORPORATE TAX DEPT 428
2221 EDWARD HOLLAND DR
RICHMOND VA 23230-2518211

WE CHANGED YOUR RETURN - NO REFUND
AND NO AMOUNT DUE

CORPORATION INCOME TAX

WHILE CHECKING THE ARITHMETIC ON YOUR RETURN FOR THE ABOVE TAX AND TAX PERIOD, WE MADE THE CHANGES SHOWN BELOW. PLEASE CHECK YOUR FIGURES AGAINST OURS.

| | | | |
|---|---|---|---|
| ESTIMATED TAX PAYMENTS | | $28,750,000.00- | |
| OVERPAYMENT FROM PREVIOUS YEAR | | $3,010,470.00 | |
| TOTAL PAYMENTS AND CREDITS | | | $31,760,470.00- |
| TOTAL INCOME | $2,930,586,948.00 | | |
| LESS TOTAL DEDUCTIONS | 2,929,599,734.00 | | |
| TAXABLE INCOME | | $987,214.00 | |
| TOTAL TAX | | | $19,485,571.40 |
| CREDIT BALANCE | | | $12,274,898.60- |
| LESS: OVERPAYMENT CREDITED TO NEXT YEAR | | $12,274,898.60 | |
| TOTAL SUBTRACTIONS FROM CREDIT BALANCE | | | $12,274,898.60 |
| TOTAL AMOUNT YOU OWE | | | NONE |

WE MADE THE CHANGES FOR THE FOLLOWING REASON(S):
☆ THE CONTRIBUTIONS DEDUCTED WERE MORE THAN CAN BE ALLOWED.

IF YOU OWE LESS THAN $1, YOU DO NOT HAVE TO PAY IT.

RETURN THIS PART TO US WITH YOUR CHECK OR INQUIRY
YOUR TELEPHONE NUMBER BEST TIME TO CALL
( ) -

03

541773225 WH 02 9712

131

INTERNAL REVENUE SERVICE
PHILADELPHIA, PA 19255

TRIGON HEALTHCARE INC
% CORPORATE TAX DEPT 428
2221 EDWARD HOLLAND DR
RICHMOND VA 23230-2518211

(C) IRS FORM 4549 A

Page 1 of 2

FORM 4549-A
REV 7/81

DEPT. OF THE TREASURY-INTERNAL REVENUE SERVICE
INCOME TAX EXAMINATION CHANGES

| Name and Address of Taxpayers | EIN | Filing Status | Form No. |
|---|---|---|---|
| TRIGON HEALTHCARE, INC. & SUBS<br>2015 STAPLES MILL ROAD<br>RICHMOND, VA 23230 | 54-1773225 | | 1120 |

Person With Whom Changes Were Discussed
STEPHEN MEYER -- DIRECTOR, CORP. TAX

| 1. Adjustments to Income | Year: 12/97 | Year: 12/98 | Year: |
|---|---|---|---|
| A. Subscriber List/Provider List | 48,800,883 | 33,969,475 | |
| B. Assembled Workforce | 0 | 0 | |
| C. Customer Documents | 0 | 0 | |
| D. Net Operating Losses | 95,785,901 | 141,203,007 | |
| E. Charitable Contributions | (987,214) | | |
| F. | | | |
| G. | | | |
| 2. Total Adjustments | 143,599,570 | 175,172,482 | |
| 3. Taxable Income per Return | 987,214 | 0 | |
| 4. Corrected Taxable Income | 144,586,784 | 175,172,482 | |
| 5. Tax | 50,605,374 | 61,310,369 | |
| 6. Alternative Tax, See Schedule | | | |
| 7. Corrected Tax Liability | 50,605,374 | 61,310,369 | |
| 8. Less Credits: | | | |
| A. Foreign Tax Credit | 63,695 | 40,184 | |
| B. Gen. Business Credit | 4,408 | 2,998 | |
| C. AMT Credit | 21,682,001 | 14,574,973 | |
| 9. Balance | 28,855,270 | 46,692,214 | |
| 10. Plus: | | | |
| A. Recapture of ITC | | | |
| B. Alt. Minimum Tax | 0 | 0 | |
| C. Environmental Tax | 0 | 0 | |
| 11. Total Corrected Tax Liability | 28,855,270 | 46,692,214 | |
| 12. Total Tax per Return | 19,485,571 | 29,352,402 | |
| 13. DEFICIENCY (line 11-line 12) | 9,369,699 | 17,339,812 | |
| 14. OVERASSESSMENT (line 12-line 11) | 0 | 0 | |
| 15. Adjust. to Prepayment Credits | | | |
| 16. BALANCE DUE | 9,369,699 | 17,339,812 | |
| 17. OVERPAYMENT | 0 | 0 | |
| 18. Penalties, (see explanation) | 0 | 0 | |

Other Information

| Examiner's Signature | Date |
|---|---|
| Frederick R. Bell | April 13, 2000 |

## 1997 AMT

| 1997 | AMOUNTS PER RETURN | ADJUSTMENTS | AMOUNTS AS CORRECTED |
|---|---|---|---|
| Pre-NOL Taxable Income | 95,785,901 | 47,813,669 | 143,599,570 |
| Adjustments: | | | |
| Depreciation | 639,682 | | 639,682 |
| Basis Gain/Loss | (327,739) | | (327,739) |
| Sec.833 Deduction | 0 | | 0 |
| Other | 0 | | 0 |
| TOTAL Adjustments | 311,943 | | 311,943 |
| Preferences: | | | |
| Accelerated Deprec. | | | |
| TOTAL Preferences | 0 | | 0 |
| AMTI + Adj. + Pref. | 96,097,844 | | 143,911,513 |
| ACE | 97,008,929 | 47,813,669 | 144,822,598 |
| Difference | 911,085 | | 911,085 |
| 75% of Difference | 683,314 | | 683,314 |
| AMTI + Adj. + Pref. + ACE | 96,781,158 | | 144,594,827 |
| AMT NOL | 0 | | 0 |
| AMTI | 96,781,158 | | 144,594,827 |
| Exemption | 0 | | 0 |
| AMTI - Exemption | 96,781,158 | | 144,594,827 |
| 20% (AMTI - Exemption) | 19,356,232 | | 28,918,965 |
| AMT FTC | 63,695 | | 63,695 |
| Tentative AMT | 19,292,537 | | 28,855,270 |
| Regular Income Tax | 0 | | 50,537,271 |
| AMT | 19,292,537 | | 0 |
| AMT NOL Available for Carryforward | 0 | | 0 |

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No. or Exhibit |
|---|---|---|
| Name of Taxpayer | | Year/Period Ended |
| Trigon Healthcare, Inc. and Subsidiaries | 54-1773225 | December 31, 1997; December 31, 1998 |

1A. Issue: Subscriber List/Provider List

It is determined that the amounts claimed as deductions for abandonment losses related to provider/subscribers and intangible providers are not allowable because it has not been established that any abandonment occurred during the taxable years, or that any losses were sustained. Accordingly, taxable income is increased $48,800,883 in 1997 and $33,969,475 in 1998.

In addition, it is determined that your specific individual customer or employee contracts are components of intangible assets which constitute single indivisible assets, including customer-based or workforce intangibles. Accordingly, no current loss deduction is allowable upon the termination or nonrenewal of a single subscriber relationship, employee relationship, or similar component of these indivisible assets.

In addition, the basis step-up provided by section 1012(c)(3)(A)(ii) of the Tax Reform Act of 1986 is available solely for purposes of determining gain or loss upon the sale or exchange of assets, not for purposes of determining amounts of depreciation or for other purposes. The basis step-up is not available for annual current deductions based upon the termination or nonrenewal of specific individual customer or employee contracts, because such annual current deductions are equivalent to the amortization of the single indivisible assets.

In addition, since no annual current deductions were claimed for the termination or nonrenewal of specific individual customer or employee contracts for two or more consecutive taxable years, such contracts have been treated as single indivisible customer-based or workforce intangible assets. This treatment constitutes a method of accounting. The deduction of annual current amounts constitutes a change in method of accounting, which is not allowable without the consent of the Commissioner.

1D. Issue: Net Operating Loss

Since the net operating losses on which the carryovers are based were decreased and absorbed in prior years, there are no net operating losses to carryover to tax years 1997 and 1998. Taxable income is, therefore, increased $95,785,901 in 1997 and $141,203,007 in 1998.

1E. Issue: Charitable Contributions

Based on the adjustments in this report, allowable charitable contributions are increased $987,214 in 1997. Taxable income is decreased accordingly.

Department of the Treasury
**Internal Revenue Service**

Letter Number: 531(DO)
Letter Date: FEB 16 2001

Taxpayer Identification Number:
54-1773225
Form:
1120
Tax Year Ended and Deficiency:
December 31, 1997 $ 9,369,699.00
December 31, 1998 $17,339,812.00

Trigon Healthcare, Inc., and Subsidiaries
C/O Corporate Tax Department 42B
2221 Edward Holland Drive
Richmond, VA 23230-2518

Person to Contact:
Eleanor S. Gretes
Telephone Number:
(804) 916-8407
Employee Identification Number:
08-01517
Refer Reply to:
S:C:CP:S:TT:E:4:10:esg
Last Day to File a Petition With the United States Tax Court: MAY 17 2001

Dear Taxpayer:

**NOTICE OF DEFICIENCY**

We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. You can get a copy of the rules for filing a petition and a petition form you can use by writing to the address below.

United States Tax Court
400 Second Street, NW
Washington, DC 20217

The Tax Court has a simplified procedure for small tax cases when the amount in dispute is $50,000 or less for any one tax year. You can also get information about this procedure by writing to the Tax Court. You should write promptly if you intend to file a petition with the Tax Court.

Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the above address. The Court cannot consider your case if the petition is filed late. The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.

The time you have to file a petition with the court is set by law and cannot be extended or suspended. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

As required by law, separate notices are sent to husbands and wives. If this letter is addressed to both husband and wife, and both want to petition the Tax Court, both must sign and file the petition or each must file a separate, signed petition. If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

If you decide not to file a petition with the Tax Court, please sign the enclosed waiver form and return it to us at the IRS address on the top of the front of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

If you decide not to sign and return the waiver, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

NOTE: If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on large corporate underpayments of $100,000 or more.

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, and IRS address are shown on the front of this letter. If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account. Keep the original letter for your records. If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you.

The contact person can access your tax information and help you get answers. You also have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U.S. Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. See the enclosed Notice 1214, Helpful Contacts for Your "Notice of Deficiency", for Taxpayer Advocate telephone numbers and addresses.

Thank you for your cooperation.

Sincerely,

Charles O. Rossotti
Commissioner
By

Scott C. Irick

Scott E. Irick
Technical Support Manager
Small Business/Self-Employed Division

Enclosures:
Explanation of tax changes
Waiver
Notice 1214

Form 4089
(Rev.January 1983)

Department of the Treasury-Internal Revenue Service
**Notice of Deficiency - Waiver**

Symbols
S:C:CP:S:TT:E:4:10:esg

Name, SSN or EIN, and Address of Taxpayer(s) 54-1773225
Trigon Healthcare, Inc. and Subsidiaries
C/O Corporate Tax Department 428
2221 Edward Holland Drive
Richmond, VA 23230-2518

Kind of Tax: Income

[ ] Copy to Authorized Representatives-

Deficiency

| Tax Year Ended | Increase in Tax |
|---|---|
| December 31, 1997 | $9,369,699.00 |
| December 31, 1998 | $17,339,812.00 |
| Total | $26,709,511.00 |

See the attached explanation for the above deficiencies

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

Your Signature ______________________ ______________ (Date Signed)

Spouse's Signature, If A Joint Return Was Filed ______________________ ______________ (Date Signed)

Taxpayer's Representative Sign Here ______________________ ______________ (Date Signed)

Corporate Name: ______________________

Corporate Officers Sign Here
______________ (Signature) ______________ (Title) ______________ (Date Signed)

______________ (Signature) ______________ (Title) ______________ (Date Signed)

Note:
If you consent to the assessment of the amounts shown in this waiver, please sign and return in order to limit the accumulation of interest and expedite our bill to you. Your Consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.
If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.
**Who Must Sign**
If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the origin and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of for attorney for your spouse, you may sign as agent for him or her.
For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.
For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.
For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

If you agree, please sign one copy and return it; keep the other copy for your records

D TAM 104871-00 1099244777

# INTERNAL REVENUE SERVICE
# NATIONAL OFFICE TECHNICAL ADVICE MEMORANDUM

MAR 6 2001

Index (UIL) No.: 162.26-00
263.05-01
461.01-00

CASE MIS No.: TAM-104871-00

Director
Heavy Manufacturing, Construction & Transportation
Large & Mid-Size Business

| | |
|---|---|
| Taxpayer's Name: | Trigon Insurance Company |
| Taxpayer's Address: | 2015 Staples Mill Road<br>P.O. Box 27401<br>Richmond, VA 23279 |
| Taxpayer's Identification No: | 54-0357120 |
| Year Involved: | 1996 |
| Date of Conference: | January 19, 2001 |

LEGEND:

| | | |
|---|---|---|
| Taxpayer | = | Trigon Insurance Company |
| Parent | = | Trigon Healthcare, Inc. |
| Payment | = | $174,844,000 |
| State | = | Virginia |
| a | = | Blue Cross Blue Shield of Virginia |
| b | = | Blue Cross |
| c | = | Blue Shield |
| d | = | National Blue Cross Blue Shield Association |
| e | = | 34 |
| f | = | Consolidated Healthcare, Inc. |
| g | = | Virginia Healthcare Foundation |
| h% | = | 0.75% |
| i% | = | 2.5% |
| j% | = | 2.25% |
| k | = | Bureau of Insurance |
| l | = | State Corporation Commission |
| m | = | 38.2-1005 |
| n | = | 38.2-4229.1D |
| o | = | 38.2-1018 |
| p | = | 38.2-1005.1 |

1099244777



| | | |
|---|---|---|
| $q | = | $10,000,000 |
| r | = | Trigon Merger Subsidiary, Inc. |
| s | = | Attorney General |
| t | = | Deputy Attorney General |
| u | = | General Assembly |
| Year 1 | = | 1935 |
| Year 2 | = | 1960 |
| Year 3 | = | 1972 |
| Year 4 | = | 1982 |
| Year 5 | = | 1983 |
| Year 6 | = | 1986 |
| Year 7 | = | 1987 |
| Year 8 | = | 1988 |
| Year 9 | = | 1990 |
| Year 10 | = | 1991 |
| Year 11 | = | 1993 |
| Year 12 | = | 1994 |
| Year 13 | = | 1995 |
| Year 14 | = | 1996 |
| Year 15 | = | 1997 |
| Month 1 | = | July |
| Month 2 | = | August |
| Month 3 | = | May |
| Month 4 | = | January |
| Month 5 | = | March |
| Month 6 | = | June |
| Month 7 | = | December |
| Month 8 | = | October |
| Month 9 | = | February |
| Date 1 | = | February 28, 1990 |
| Date 2 | = | January 1, 1988 |
| Date 3 | = | June 27, 1995 |
| Date 4 | = | July 25, 1995 |
| Date 5 | = | July 27, 1995 |
| Date 6 | = | December 31, 1987 |
| Date 7 | = | September 6, 1996 |
| Date 8 | = | September 9, 1996 |
| Date 9 | = | November 1, 1996 |
| Date 10 | = | November 5, 1996 |
| Date 11 | = | June 14, 1996 |
| Date 12 | = | February 5, 1997 |
| Date 13 | = | February 20, 1997 |

109924 4777



ISSUES:

(1) Whether the Payment made by Taxpayer to the State Treasury is deductible under § 162 of the Internal Revenue Code as an ordinary and necessary business expense.

(2) If the Payment is not deductible under § 162, whether the Payment is deductible as a tax under § 164.

(3) Whether the Payment was incurred in Year 14 for purposes of § 461 and the regulations thereunder.

CONCLUSIONS:

(1) The Payment is deductible as an ordinary and necessary business expense under § 162.

(2) Because we have concluded that the Payment is deductible under § 162, we need not address whether the Payment is deductible as a tax under § 164.

(3) The Payment was not incurred by Taxpayer until Year 15.

FACTS:

Background

Parent is a State corporation engaged in the health insurance business through its subsidiaries. Taxpayer is a stock insurance company organized under the laws of State. Prior to Year 15, Taxpayer was known as a, and was a mutual insurance company. Since early Year 15, Taxpayer has been a wholly owned subsidiary of Parent. Taxpayer uses an accrual method of accounting and files its returns on a calendar year basis.

Corporate History

Taxpayer was incorporated in State in Year 1 as a nonstock corporation. Taxpayer is also the successor to a number of other b and c organizations in State. The b organizations were originally formed as hospital service plans providing prepaid hospitalization and the c organizations were originally formed as medical service plans providing prepaid medical services. Eventually, these organizations were combined into one plan serving all of State, except for a small portion of northern State, under a

1099244777



license from d. As used hereinafter, references to Taxpayer include its corporate predecessors.

As did most states, State subjected these organizations to a special regulatory regime. Under this regime, Taxpayer was classified for state regulatory purposes as a "health services plan" rather than as an insurance company. As a health services plan, Taxpayer was regulated under the provisions of the State Code dealing with health rather than as an insurance company under State law. In Year 2, however, "sweep in" legislation subjected Taxpayer to e different insurance company statutes, and subsequent legislation expanded the scope of the sweep in provisions. In Year 6, the health services plan provisions of State law were recodified as part of the insurance statutes, and thereafter Taxpayer's regulation closely resembled that of an insurance company.

As a result of these changes, Taxpayer concluded that its status as a health services plan hampered its ability to compete with commercial insurance companies. Accordingly, in Month 1 Year 10, Taxpayer converted from a health services plan to a mutual insurance company.

<u>Organization as a Nonprofit</u>

Taxpayer's original articles of incorporation provided that the corporation "is not organized for profit and no dividends shall be declared." The language prohibiting the declaration of dividends was eliminated from the charter in Year 3, while the provision that the corporation was not organized for profit remained. Similar language remained in Taxpayer's charter until Year 7, and was in the charter of Taxpayer's sole member, f, from Year 5 to Month 2 Year 7, and from Month 3 Year 8 until the merger of f into Taxpayer.

From Year 1 to Year 4, the composition of Taxpayer's membership varied, but generally consisted of the participating hospitals and representatives of the community. From Year 4 to Month 4 Year 5, Taxpayer had no members. From Month 4 Year 5 to Month 5 Year 6, Taxpayer's sole member was f. f's charter contained language prohibiting the inurement of its net earnings to any person. In Month 5 Year 6, f changed its name to g; it continued to be the sole member of Taxpayer until Month 9 Year 9, when it merged into Taxpayer. The prohibition on private inurement first appeared in Taxpayer's Amended and Restated Articles of Incorporation dated Date 1.

Following its mutualization transaction in Month 1 Year 10, Taxpayer's policyholders were its members. Taxpayer's articles of incorporation continued to state that Taxpayer was not organized for profit but instead was organized exclusively for the promotion of social welfare within the meaning of § 501(c)(4). In addition, the articles

109924 4777



provided that no part of Taxpayer's earnings were to inure for the benefit of any private person.

Tax-Exempt Status

Prior to 1987, Taxpayer was exempt from federal income tax under § 501(c)(4). Under the Tax Reform Act of 1986, Blue Cross and Blue Shield plans became subject to federal income tax, and beginning January 1, 1987, Taxpayer became liable for federal income tax.

Taxpayer has always been exempt from State income tax (as are all commercial insurance companies). Instead, commercial insurers are subject to a State tax on gross premiums. However, from Year 1 through Year 7, Taxpayer was exempt from this State premium tax.

Commercial insurance companies had long contended that Taxpayer's exemption from the State premium tax gave it an unfair competitive advantage. In Year 6, the u authorized a study to determine whether Taxpayer should continue to retain its exemption from State premium tax. That study concluded that the benefits provided to Taxpayer through the exemption from premium tax exceeded the benefits realized by State and the public, and that Taxpayer should become subject to the premium tax. Therefore, the u enacted legislation subjecting Taxpayer to the premium tax effective Date 2.

Although the u had concluded that Taxpayer should become subject to the gross premium tax, it also recognized that Taxpayer provided certain social benefits and community services that were not provided by commercial insurers. The most significant of these benefits was Taxpayers' maintenance of an "open enrollment" program. Under the open enrollment program, Taxpayer offered to provide health care coverage to any State resident who requested coverage, regardless of health history, employment status, age, or geographical location. Effectively, the open enrollment program made Taxpayer the health insurer of last resort in State.

As an inducement to Taxpayer to continue the open enrollment coverage, the u provided that Taxpayer's premium tax rate would be h% (rather than the standard i% rate) for as long as Taxpayer maintained its open enrollment program. This rate reduction was intended to offset the losses Taxpayer habitually incurred on the open enrollment program. The legislation provided for continued monitoring of the open enrollment program to ensure that the benefits provided through the reduced premium tax rate did not exceed the net losses incurred by Taxpayer on the open enrollment program.

1099244777



Since Year 8, Taxpayer's premium tax liability has increased. The u enacted legislation requiring all health insurance companies to offer coverage to small groups. As part of that change, Taxpayer became subject to the full premium tax rate on premiums paid by small groups. In Year 1, the u changed the law to require Taxpayer to pay the i%[1] rate on all group insurance premiums. Thus, Taxpayer continues to receive the reduced premium tax rate of h% only with respect to individual health insurance policies, which is the only market in which Taxpayer is the only insurer required by State law to accept all business.

Negotiations with the k

Because of the rapid pace of change taking place in the health insurance industry, which required large investments for systems development and expansion, Taxpayer's management eventually reached the conclusion that Taxpayer needed better access to the capital markets. Taxpayer's status as a mutual insurance company did not provide it with access to the equity markets. Therefore, in Year 11 Taxpayer i began to consider the possibility of converting from a mutual insurance company to a stock insurance company.

In Year 12, Taxpayer began to meet with representatives of the k of the l to explore the possibility of a demutualization in which Taxpayer would become a stock insurance company. A variety of possibilities were discussed with the k, including transactions in which Taxpayer would contribute operating assets to a for-profit subsidiary that would issue stock in a public offering and the formation of a stock holding company to acquire all of the membership interests in Taxpayer.

Ultimately, Taxpayer proposed a transaction in which it would create a new holding company ("Holding"), Holding would create a new subsidiary ("Interim"), and Interim would merge with and into Taxpayer, with Taxpayer surviving as a stock corporation and first-tier subsidiary of Holding. Pursuant to this plan, Taxpayer's members would receive cash and/or common stock of Holding. Taxpayer and the k began an informal review process that explored Taxpayer's proposal. The k retained legal, accounting, tax, and actuarial experts (at Taxpayer's expense) to assist in analyzing the various issues to be considered by the l in connection with the proposal.[2] Taxpayer and the k and their respective advisors concluded that the demutualization

---

[1] When Taxpayer first became subject to the premium tax in Year 8, the standard premium tax rate was j%. When Taxpayer became subject to the full premium tax in Year 1 on all group insurance, the rate had declined to i%.

[2] Taxpayer reimbursed the k for its costs in connection with the demutualization and Taxpayer has capitalized those costs for tax purposes.

1099244777



was permissible under State Code section m, which permitted a mutual insurance company to convert to a stock insurance company pursuant to a plan of conversion approved by the l. In addition, section n, which had been enacted in Year 10 to authorize the conversion of Taxpayer from a health services plan to a mutual insurance company, specifically contemplated the possibility of a subsequent conversion to a stock insurance company. Because it was a mutual insurance company whose members were its policyholders, Taxpayer took the position in its meetings with the k that Taxpayers' policyholders were its owners and therefore were entitled to the stock and cash distributed upon demutualization.

Taxpayer and the k were aware that a number of other similar organizations were considering or had undertaken transactions to obtain access to the capital markets. These transactions had generated debate over the nature of these organizations and how the transactions should be treated.

On Date 3, Taxpayer filed an application with the l to convert from a nonstock, not-for-profit mutual insurance company to a for-profit stock corporation (the Month 6 Year 13 Application). The Month 6 Year 13 Application was filed with the l on the basis of Sections m and o of the Code of State, 1950, as amended. Section m of the State Code provided that "[n]o mutual insurance company . . . shall be converted into a stock corporation unless such conversion and the plan for conversion are approved by the Commission." Section o required the approval of the plan by the l before the plan could be submitted to the stockholders or members, and provided that approval of the l could be granted only if, after a hearing, the l determined that the plan of merger is "fair, equitable, consistent with law, and that no reasonable objection to the plan exists."

Negotiations with the s

In a letter dated Date 4, the s of State notified the l of his intention to participate in the demutualization proceeding. In a subsequent letter dated Date 5, the t of State identified several fundamental issues raised by the Month 6 Year 13 Application, noting that

> Some portion of the Applicant's cash surplus . . . is derived from the tax exempt and tax advantaged status as well as the not-for-profit status that the Applicant has enjoyed from the Commonwealth since its formation, which raises, in turn, the question of the public's right to receive this capital stock.

In a subsequent letter to counsel for Taxpayer, the t elaborated further on the "principal legal issues" raised by the Month 6 Year 13 Application. First, the t contended that although the State Code permitted the merger of a nonstock corporation into a stock corporation, it was possible that the distribution of stock and cash to

1099244777



members in the merger would violate other provisions of the Code prohibiting the distribution of earnings by a nonstock corporation. Second, the t asserted that "we confront a core problem -- whether Trigon is or was operated as a public benefit company." The t further stated:

> In light of the statements in its charter that Trigon is organized "exclusively for the promotion of social welfare," the history including those years during which Trigon's sole member was a not-for-profit whose charter required distribution to another 501(c)(4) upon dissolution, and Trigon's tax advantaged status since the 1930s, Trigon could be found to hold its assets for "eleemosynary, benevolent . . . or similar purposes . . . ."

Accordingly, the t asserted, under State law it was possible that the doctrines of cy pres, equitable approximation, or constructive trust would require all or some portion of Taxpayer's assets to be distributed to the public before a merger and distribution of cash/stock to eligible members.

Following the announcement by the s of his intention to intervene in the proceedings, Taxpayer began negotiations with the s over the possibility of a settlement pursuant to which Taxpayer would make a payment in satisfaction of any potential claims that could be made against it by reason of its prior status as a non-profit or "public benefit" corporation. In its analysis of a potential settlement, the s drew a distinction between two forms of nonstock corporations: charities, which are organized exclusively for public benefit, and commercial or for-profit entities. The legal advisor to the s later described the s's position as follows:

> [F]or most of its history Trigon was a public benefit corporation and since 1991 has been a mutual benefit corporation, albeit with some inconsistent provisions in it [sic] charter . . . . We believe that Trigon's long history as a public benefit company and the related language in its current charter, fully justify making some allocation between the policyholder members and the public.

The s thus took the position that Taxpayer was a hybrid between a mutual benefit corporation, whose assets are equitably owned by its members, and a public benefit corporation, whose assets must be devoted to charitable or public purposes.

After extensive negotiations, in Month 7 Year 13 Taxpayer and the s reached an agreement pursuant to which Taxpayer would be required to make a payment equal to its surplus as of Date 6, the last day prior to its becoming subject to the State premium tax. The rationale behind this agreement was articulated by the legal advisor to the s:

1099244777



> Prior to January 1, 1988, Trigon had always been a tax exempt organization with all of the attributes of a public benefit corporation. Beginning January 1, 1988 Virginia, acting on the heels of the federal government, began treating Trigon as a taxable commercial insurer and shortly thereafter in 1991 approved its conversion from a prepaid health plan to a mutual insurer . . . . If in the conversion to a for-profit stock corporation, value equal to the December 31, 1987 surplus is distributed to a trust to the public benefit . . ., then it would appear that measured at the point in time at which, at least from a tax perspective, its public benefit status disappeared, no part of the accumulated income of the entity would enure [sic] to the benefit of any of its members. . . .

The agreement with the s contemplated that this payment be made to a new charitable foundation, the purpose of which would be to provide medical care for the poor and to provide other charitable activities.

Having reached an agreement with the s, Taxpayer filed a revised Application (the "Month 4 Year 14 Application") seeking approval of the demutualization transaction under the provisions of State law authorizing the merger of nonstock corporations into stock corporations, and the provision of the State Insurance Code relied on in its Month 6 Year 13 Application.

State Legislation

Although the l had authority under State law to approve the demutualization transaction, State law was not clear on the portion of Taxpayer's assets that were dedicated to public purposes. Despite the agreement with the s, some persons continued to take the position that, because of Taxpayer's organization as a tax-exempt, not-for-profit corporation, it should be required to devote all of its assets to charitable purposes. Taxpayer was concerned that these persons might challenge the revised plan before the l or, following approval of the plan by the l, might appeal the l's decision to the State Supreme Court. In addition to uncertainty over the size of the charitable payment it might ultimately be required to make, Taxpayer was concerned that such a challenge could take several years to resolve, during which time it would be unable to proceed with the demutualization.

Second, Taxpayer was seeking confirmation from the federal Securities and Exchange Commission (SEC) that the issuance of Parent stock in the demutualization was exempt from federal securities registration requirements by virtue of section 3(a)(10) of the Securities Act of 1933. Under that section, an exemption from federal registration was available, provided that the issuance was the subject of a fairness hearing at the state level. Based on conversations between Taxpayer's advisors and SEC staff, it was unclear whether the SEC would agree that the provisions of State law

applicable to the merger of a nonstock corporation into a stock corporation would satisfy the SEC's requirement of a fairness hearing at the state level. Although failure to satisfy that requirement would not have precluded the transaction from occurring, it could have delayed the transaction for several months and increased the expense of the transaction.

For these reasons, Taxpayer concluded that state legislation confirming its settlement with the s would be advisable. Accordingly, amid considerable public interest, Taxpayer began to seek enactment of legislation in the u to facilitate its conversion to a for-profit stock corporation.

As finally enacted, section p of the Code of State modified and codified the settlement with the s. Section p reads as follows:

> A. Any domestic mutual insurer may convert to a domestic stock insurer pursuant to a plan of conversion approved by the Commission.
>
> B. The Commission shall approve any such plan of conversion if, after giving notice and an opportunity to be heard to the policyholders of the domestic mutual insurer, the Commission determines that:
>
> 1. The terms and conditions of the plan are fair and equitable to the policyholders of the domestic mutual insurer;
>
> 2. The plan is subject to approval by a vote of more than two-thirds of all votes cast on the plan at a meeting of the members of the domestic mutual insurer called for that purpose at which a quorum is present;
>
> 3. Except as otherwise provided in subdivision 4 of this subsection, the plan allocates and directs that the entire stock ownership interests and other consideration to be distributed pursuant to the plan of conversion be distributed to the policyholders of the domestic mutual insurer;
>
> 4. In the case of a domestic mutual insurer that converted from a health services plan that was in existence prior to December 31, 1987, the plan of conversion allocates and distributes to the State Treasurer, in addition to any shares of stock that the Commonwealth may be entitled to receive as a policyholder, shares of stock or cash or both with a value equal to the surplus, computed in accordance with generally accepted accounting principles, of such health services plan on December 31, 1987, plus ten million dollars; and

5. Immediately after the conversion, the insurer will have the fully paid capital stock and surplus required by applicable law.

C. A plan of conversion that utilizes a statutory merger in order to effect a conversion may be approved under this section, and the provisions of §38.2-1018 shall not be applicable to such plan of conversion.

During the process of considering this legislation, the concept of the payment from Taxpayer going into a trust was replaced by a direct payment to State. The payment amount agreed to by the s was incorporated in the legislation. However, several legislators insisted that this amount should be adjusted to the "present value" of the Date 6 surplus figures. Although there is no formal legislative history for this provision, several members of the u indicated that the $q increase in the state payment was intended to represent "interest" on the stated surplus.

State Code section p was enacted by the u and signed by the Governor of State. Shortly after the statute was enacted, Taxpayer filed a revised application for approval of its demutualization plan and requested that the plan be considered at a l hearing. The policyholders of Taxpayer approved the plan to demutualize at a special meeting on Date 7. The l began public hearings on Date 8 to determine whether any policyholder's interest would be harmed as a result of the demutualization and issued its ruling approving the transaction in Month 8 Year 14. Taxpayer prepared an amended plan incorporating certain changes required by the l and filed it with the l on Date 9. The l approved the amended plan on Date 10.

Based on the provisions of the statute pertaining to the fairness hearing, the SEC issued a no-action letter under section 3(a)(10) of the Securities Act of 1933 on Date 11.

The demutualization was effected through the creation of a new holding company, Parent. A newly formed subsidiary of Parent, r, merged with and into Taxpayer effective Date 12. The reorganization and an initial public offering of Parent stock closed on Date 12, and the Payment was paid to the State Treasury on Date 13. Taxpayer deducted the Payment in Year 14 for financial accounting purposes and federal income tax purposes.

1099244777



LAW AND ANALYSIS OF ISSUE (1):

Taxpayer argues that the Payment is deductible as an ordinary and necessary business expense under § 162, while the revenue agent argues that the Payment must be capitalized under § 263. Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. See also § 1.162-1(a) of the Income Tax Regulations. Section 263(a), however, prohibits a deduction for any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. See also § 1.263(a)-1(a). Section 161 provides that there are allowed as deductions the items specified in Part VI (which contains § 162), subject to the exceptions provided in Part IX (which contains § 263). Through provisions such as §§ 162 and 263, the Code endeavors to match expenses with the revenues of the taxable period to which they are properly attributable, thereby resulting in a more accurate calculation of net income. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

The determination of whether an expenditure is capital or deductible is based on a careful examination of the particular facts and circumstances of each situation. Deputy v. du Pont, 308 U.S. 488, 496 (1940). In the instant case, the nature of the payment as capital or deductible is determined under the "origin of the claim" doctrine established by the Supreme Court in United States v. Gilmore, 372 U.S. 39 (1963).[3] See Anchor Coupling Co. v. United States, 427 F.2d 429, 433 (7th Cir. 1970). This doctrine provides that the origin and character of a claim, rather than its consequence or result to the taxpayer, determine the deductibility of the related expenditure. Gilmore, 372 U.S. at 49. The doctrine does not contemplate a mechanical search for the first in the chain of events which led to the expenditure but, rather, requires an examination of all the facts to determine the transaction or activity from which the expenditure proximately resulted. Boagni v. Commissioner, 59 T.C. 708, 713 (1973), acq., 1973-2 C.B. 1.

Taxpayer contends that the Payment is deductible under the origin of the claim doctrine because the claim to which the Payment relates is Taxpayer's prior status as a nonprofit, tax-exempt corporation. The revenue agent argues that the Payment should be capitalized because the origin of the Payment was Taxpayer's desire to demutualize in order to increase its capitalization. Expenditures incurred to increase a corporation's

---

[3] The revenue agent asserts that the origin of the claim doctrine is limited to situations where some sort of claim or litigation exists and the taxpayer has incurred expenditures with respect to that claim or litigation. In response, Taxpayer asserts, in part that the Payment did arise from a "claim" against Taxpayer by reason of its historical status as a nonprofit corporation and its prior exemption from State premium tax. We agree with Taxpayer's assertion regarding the origin of the claim doctrine and believe the origin of the claim doctrine is applicable in this case.

capitalization are capital in nature. See Fishing Tackle Products Co. v. Commissioner, 27 T.C. 638 (1957); Motion Picture Capital Corporation v. Commissioner, 80 F.2d 872 (2d Cir. 1936); Skenandoa Rayon Corporation v. Commissioner, 122 F.2d 268 (2d Cir. 1941). See also INDOPCO, 503 U.S. 79; General Bancshares Corp. v. Commissioner, 326 F.2d 712 (8th Cir. 1964) (expenditures incurred to change a taxpayer's corporate structure for the benefit of future operations are capital expenditures). In addition, expenditures that provide a taxpayer with significant future benefits must be capitalized. INDOPCO, 503 U.S. at 87.

The agent argues there is a clear connection between the Payment and the Taxpayer's demutualization and, thus, the Payment should be capitalized as a cost of the demutualization. We agree with the agent that costs incurred by Taxpayer to demutualize must be capitalized under the authorities cited above. In fact, Taxpayer capitalized the costs it incurred to reimburse the k for its costs in connection with the demutualization. A deductible expenditure, however, does not become a capital expenditure simply because of some relation in time or circumstance to a capital transaction. See Connecticut Light and Power Co. v. United States, 299 F.2d 259, 264 (Ct. Cl. 1962). Instead, under the origin of the claim doctrine, the issue in the instant case is whether the origin of the claim to which the Payment relates is the demutualization, as the agent asserts, or Taxpayer's prior status as a nonprofit, tax-exempt corporation, as Taxpayer asserts.

The Service has recognized that payments to satisfy claims or obligations originating in the ordinary course of a taxpayer's business may be deducted, even though payments to satisfy those claims or obligations are triggered by a capital transaction. For example, in Rev. Rul. 73-146, 1973-1 C.B. 61, the Service considered whether payments to employees to terminate their unexercised stock options were deductible in a situation where the payments were required as a condition to a reorganization. The Service held that the payments were deductible because the obligation to make the payments arose from the employer's pre-existing employment relationship with the employees and not the reorganization itself. Thus, under the origin of the claim doctrine the payments were ordinary expenses, even though the obligation to make the payments was triggered by a capital transaction. Similarly, the Service has recognized that severance payments to former employees of a railroad following its merger into another railroad are deductible where the acquired railroad became obligated to make severance payments to employees affected by the merger. See Rev. Rul. 67-408, 1967-2 C.B. 84. Again, the origin of the claim to which the payments related was the ordinary employment relationship between the employees and the taxpayer incurring the liability.

In each of the revenue rulings, the claim arose from the ordinary course of the taxpayer's business and existed independently of the capital transaction. Even though payment of the claim might not have been made but for the capital transaction, the

payments were deductible as ordinary and necessary business expenses. The revenue rulings also demonstrate that the appropriate inquiry is to examine the origin of the underlying claim or obligation, and not the origin of the payment itself. In each ruling, the origin of the payment might have been the capital transaction (as the triggering event for payment of the underlying claim or obligation), but the origin of the claim or obligation was the ordinary course of the taxpayer's business.

In the instant case, the Payment made by Taxpayer to the State Treasury is similar to the payments at issue in the revenue rulings. Thus, the first inquiry is to determine the origin of the underlying claim or obligation to which the Payment related. Taxpayer asserts that its underlying obligation to make the Payment originated from its nonprofit, tax-exempt status in State. Taxpayer argues that this status gave rise to certain claims or obligations that State could assert under the cy pres doctrine, constructive trust doctrine, or similar doctrine, for the benefit of the public. In contrast, the revenue agent asserts that Taxpayer had no pre-existing legal obligation to make the Payment to State. Based on the facts and circumstances that led up to the Payment, we agree with Taxpayer. Although Taxpayer was not required to make the Payment prior to its demutualization, the s of State clearly believed that Taxpayer's status as a nonprofit, tax-exempt corporation prior to the demutualization obligated Taxpayer to dedicate some or all of its assets for the benefit of the public. The s contended that Taxpayer was subject to claims by State because some of its cash surplus had been derived from the tax exempt and tax advantaged status as well as the not-for-profit status that it had enjoyed from State since its formation. A careful analysis of these assertions by the s throughout the demutualization process demonstrate that the underlying claims against Taxpayer existed prior to, and independently of, the demutualization. Because the origin of the underlying claim to make the Payment was Taxpayer's nonprofit, tax-exempt status, we conclude that the Payment arose from the ordinary course of Taxpayer's business and not from the demutualization.

The revenue agent also argues that the Payment was a "toll charge" for the right to demutualize and thus, provided significant long-term benefits to Taxpayer. See INDOPCO, 503 U.S. at 87 ("[A] taxpayer's realization of benefits beyond the year in which the expenditure is incurred is undeniably important in determining whether the appropriate tax treatment is immediate deduction or capitalization"). The agent argues that Taxpayer wanted to demutualize and that the State Code required the Payment in order to accomplish that objective. After considering the facts and circumstances of the instant case, we do not think the Payment provided Taxpayer with a significant long-term benefit. Although the legislation, on its face, arguably imposes a "toll charge" for Taxpayer to demutualize, we have already concluded that the origin of the obligation to pay the "toll charge" arose from Taxpayer's prior nonprofit, tax-exempt status. Thus, the Payment is similar to settlement payments that are incurred by taxpayers to extinguish existing liabilities. For example, in Rev. Rul. 79-208, 1979-2 C.B. 79, the Service held that an amount paid by the taxpayer to settle a lawsuit and obtain a

release from all claims under a franchise agreement were deductible under § 162. The Service noted that the litigated claim arose after the taxpayer breached the franchise agreement by operating the franchise without paying the monthly fees required by the agreement. Under the origin of the claim doctrine, the settlement payment originated in the taxpayer's operation of the franchise and, thus, was deductible as an ordinary and necessary business expense. The facts in the instant case indicate that the Payment was made in order to discharge the pre-existing claims arising from Taxpayer's status as a nonprofit, tax-exempt corporation. The release of these pre-existing claims relates to Taxpayer's prior status and does not provide Taxpayer with a significant future benefit. Further, there is no indication in any of the facts presented that the s or the State u was concerned about claims arising from Taxpayer's future operations as a stock insurance company. Thus, there is no need to capitalize the Payment in order to match it with revenues from Taxpayer's operations after the demutualization.

Although we have determined that the origin of the Payment was not Taxpayer's demutualization and that the Payment did not provide Taxpayer with significant future benefits, the payment must also be "ordinary" and "necessary" to be deductible under § 162. The term "necessary" means appropriate and helpful to the development of the taxpayer's business. Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. 111, 113 (1933). The Payment meets this test; it was appropriate and helpful to the development, and even continuation, of Taxpayer's business. The s had the authority to enforce Taxpayer's obligation to the public through the cy pres doctrine, the constructive trust doctrine, or other similar doctrines, and used that authority to ensure that Taxpayer compensated the public for its prior status as a nonprofit, tax-exempt corporation. Taxpayer could reasonable believe that its failure to satisfy the s by making the Payment could result in substantial harm to its business operations. Thus, the Payment was necessary.

The Payment is also "ordinary" under the specific facts of this case. In defining "ordinary," the Supreme Court has stated:

> What is ordinary, though there must always be a strain of constancy within it, is none the less a variable affected by time and place and circumstance. One of the extremely relevant circumstances is the nature and scope of the particular business out of which the expense in question accrued. The fact that an obligation to pay has arisen is not sufficient. It is the kind of transaction out of which the obligation arose and its normalcy in the particular business which are crucial and controlling.

Du Pont, 308 U.S. at 496 (citing, in part, Welch, 290 U.S. at 113-114). Thus, the Court in du Pont looked to the kind of transaction out of which the obligation arose to determine whether the expenditure at issue was "ordinary." In the instant case, we

1099244777



have already determined that the origin of the Payment was Taxpayer's nonprofit, tax-exempt status, and not the demutualization. Thus, under the particular facts and circumstances of this case, the Payment was an ordinary and necessary business expense and is deductible under § 162.

## LAW AND ANALYSIS OF ISSUE (2):

Because we have concluded that the Payment is deductible under § 162 as an ordinary and necessary business expense, we need not address whether the Payment is deductible as a tax under § 164.

## LAW AND ANALYSIS OF ISSUE (3):

Taxpayer argues that the Payment was incurred in Year 14 under § 461 and the regulations thereunder. Section 461 provides that the amount of any deduction or credit allowed by subtitle A is taken for the taxable year that is the proper taxable year under the method of accounting used in computing taxable income. Section 1.461-1(a)(2) provides that, under an accrual method of accounting, a liability is incurred, and generally is taken into account for federal income tax purposes, in the taxable year in which all the events have occurred that establish the fact of the liability, the amount of the liability can be determined with reasonable accuracy, and economic performance has occurred with respect to the liability.

With regard to the Payment, Taxpayer argues that in Year 14 all the events had occurred to establish the fact of the liability, the amount of the liability could be determined with reasonable accuracy, and economic performance had occurred with respect to the liability. We agree with Taxpayer that all the events had occurred to establish the fact of the liability in Year 14. In Year 14, Taxpayer's plan to demutualize was approved by Taxpayer's policyholders and the I. These events established the fact of Taxpayer's liability in Year 14. We also agree that Taxpayer's liability could be determined with reasonable accuracy in Year 14. The amount of the Payment was equal to Taxpayer's surplus, computed in accordance with generally accepted accounting principles, on Date 6, plus $g. Thus, the amount of the payment was readily determinable in Year 14.

With regard to economic performance, Taxpayer argues that its liability for the Payment meets the economic performance requirements in Year 14 under the recurring item exception of § 461(h)(3). Taxpayer asserts that the Payment is a liability to pay a rebate, refund, or similar payment. Section 1.461-4(g)(3) provides that if the liability of a taxpayer is to pay a rebate, refund, or similar payment to another person (whether paid in property, money, or as a reduction in the price of goods or services to be provided in the future by the taxpayer), economic performance occurs as payment is made to the person to which the liability is owed.

109924 4777



Section 461(h)(3) provides an exception to the economic performance rules for certain recurring items. See also § 1.461-5. Under the recurring item exception, a liability is treated as incurred for a taxable year if –

(1) As of the end of that taxable year, all events have occurred that establish the fact of the liability and the amount of the liability can be determined with reasonable accuracy;

(2) Economic performance with respect to the item occurs on or before the earlier of –

   (a) The date the taxpayer files a timely (including extensions) return for that taxable year; or

   (b) The 15th day of the 9th calendar month after the close of the taxable year;

(3) The liability is recurring in nature; and either –

   (a) The amount of the liability is not material; or

   (b) The accrual of the liability for that taxable year results in a better matching of the liability with the income to which it relates than would result from accruing the liability for the taxable year in which economic performance occurs.

Section 1.461-5(b)(1). Section 1.461-5(b)(5)(ii) provides, in part, that in the case of a liability described in paragraph (g)(3) (rebates and refunds), the matching requirement of § 1.461-5(b)(1)(iv)(B) is deemed to be satisfied.

We disagree with Taxpayer's contention that the Payment is a rebate subject to the recurring item exception. First, we do not agree that the Payment is properly characterized as a rebate, refund, or similar payment, despite Taxpayer's assertion that the Payment "should qualify as a rebate or refund liability with respect to the surplus generated by the revenues received while [Taxpayer] was exempt from state premium tax." There is no evidence that the Payment was a rebate or refund of any specific payment previously made by State to Taxpayer. The fact that Taxpayer previously was exempt from state premium tax and, thus, was able to retain more of its revenues, does not indicate any type of payment by State to Taxpayer that was later given back to State, in part or in full, through the Payment.

Because the Payment is not a rebate or refund, the economic performance rules of § 1.461-4(g)(7) apply. Section 1.461-4(g)(7) provides that, in the case of a taxpayer's liability for which economic performance rules are not provided elsewhere in this section or in any other Internal Revenue regulation, revenue ruling or revenue procedure, economic performance occurs as the taxpayer makes payments in satisfaction of the liability to the person to which the liability is owed. Paragraph (g)(7) applies only if the liability cannot properly be characterized as a liability covered by rules provided elsewhere in this section. Section 1.461-5(c) provides, in part, that the

1099244777



recurring item exception does not apply to any liability of a taxpayer described in paragraph (g)(7) (other liabilities) of § 1.461-4. Thus, the recurring item exception does not apply to the Payment, and economic performance occurs when the Payment is made in satisfaction of the liability to the person to which the liability is owed (the State Treasury), which occurred in Year 15.

In addition, even if the Payment were a rebate or refund liability, this liability is not recurring in nature.[4] Section 1.461-5(b)(3) provides that a liability is recurring if it can generally be expected to be incurred from one taxable year to the next. However, a taxpayer may treat a liability as recurring in nature even if it is not incurred by the taxpayer in each taxable year, and a liability that has never previously been incurred by a taxpayer may be treated as recurring if it is reasonable to expect that the liability will be incurred on a recurring basis in the future. Section 1.461-5(b)(3). In this case, the liability is not expected to be incurred from one taxable year to the next and it is not reasonable to expect that the liability will be incurred on a recurring basis in the future. In fact, Taxpayer states in its submission that the Payment discharged any claims that State may have been able to assert against Taxpayer in the future. Thus, the purpose of the Payment was to prevent this type of liability from recurring. Accordingly, the liability of Taxpayer to make the Payment is not recurring in nature.

CAVEAT(S)

A copy of this technical advice memorandum is to be given to Taxpayer. Section 6110(k)(3) provides that it may not be used or cited as precedent.

[4] We note that, even if we had considered the issue and determined that the Payment was a tax under § 164, the Payment would not be a recurring item.

(E) FORM 1120 AS AMENDED

Form **1120** Department of the Treasury Internal Revenue Service

# U.S. Corporation Income Tax Return

For calendar year 1997 or tax year beginning ________, 1997, ending ________, 19____

▶ Instructions are separate. See page 1 for Paperwork Reduction Act Notice.

OMB No. 1545-0123 **1997**

A Check if a:
1 Consolidated return (attach Form 851) ☐
2 Personal holding co. (attach Sch. PH) ☐
3 Personal service corp. (as defined in Temporary Regs. sec. 1.441-4T—see instructions) ☐

Name: Trigon Healthcare, Inc. & Subsidiaries
Corporate Tax Department
Number, street, and room or suite no. (If a P.O. box, see page 5 of instructions.): 2221 Edward Holland Drive 42-B
City or town, state, and ZIP code: Richmond, VA 23230

B Employer identification number: 54-1773225
C Date incorporated: 06/13/95
D Total assets (see page 5 of instructions): $ 2,868,825,845.

E Check applicable boxes: (1) ☐ Initial return (2) ☐ Final return (3) ☐ Change of address

| Line | Description | Inner box | Inner amount | Line no. | Amount |
|---|---|---|---|---|---|
| 1a | Gross receipts or sales 2,817,266,341. b Less returns and allowances ____ c Bal ▶ | | | 1c | 2,817,266,341. |
| 2 | Cost of goods sold (Schedule A, line 8) | | | 2 | |
| 3 | Gross profit. Subtract line 2 from line 1c | | | 3 | 2,817,266,341. |
| 4 | Dividends (Schedule C, line 19) | | | 4 | 5,455,196. |
| 5 | Interest | | | 5 | 80,748,189. |
| 6 | Gross rents | | | 6 | |
| 7 | Gross royalties | | | 7 | |
| 8 | Capital gain net income (attach Schedule D (Form 1120)) | | | 8 | 56,131,900. |
| 9 | Net gain or (loss) from Form 4797, Part II, line 18 (attach Form 4797) | | | 9 | -42,674,094. |
| 10 | Other income (see page 6 of instructions - attach schedule) | | | 10 | 13,659,417. |
| 11 | **Total income.** Add lines 3 through 10 ▶ | | | 11 | 2,930,586,948. |
| 12 | Compensation of officers (Schedule E, line 4) | | | 12 | 4,341,392. |
| 13 | Salaries and wages (less employment credits) | | | 13 | 154,408,279. |
| 14 | Repairs and maintenance | | | 14 | 6,569,226. |
| 15 | Bad debts | | | 15 | 1,096,486. |
| 16 | Rents | | | 16 | 17,186,594. |
| 17 | Taxes and licenses | | | 17 | 12,786,463. |
| 18 | Interest | | | 18 | 16,611,976. |
| 19 | Charitable contributions (see page 8 of instructions for 10% limitation) | | | 19 | NONE |
| 20 | Depreciation (attach Form 4562) | 20 | 11,378,123. | | |
| 21 | Less depreciation claimed on Schedule A and elsewhere on return | 21a | | 21b | 11,378,123. |
| 22 | Depletion | | | 22 | |
| 23 | Advertising | | | 23 | 5,922,867. |
| 24 | Pension, profit-sharing, etc., plans | | | 24 | 7,083,897. |
| 25 | Employee benefit programs | | | 25 | 25,649,439. |
| 26 | Other deductions (attach schedule) | | | 26 | 2,695,714,633. |
| 27 | **Total deductions.** Add lines 12 through 26 ▶ | | | 27 | 2,958,749,375. |
| 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | | 28 | -28,162,427. |
| 29 | Less: a Net operating loss deduction (see page 9 of instructions) Shmt 1 | 29a | NONE | | |
| | b Special deductions (Schedule C, line 20) | 29b | 898,097. | 29c | 898,097. |
| 30 | **Taxable income.** Subtract line 29c from line 28 | | | 30 | -29,060,524. |
| 31 | **Total tax** (Schedule J, line 10) | | | 31 | NONE |
| 32 | Payments: a 1996 overpayment credited to 1997 | 32a | 3,010,470. | | |
| | b 1997 estimated tax payments | 32b | 28,750,000. | | |
| | c Less 1997 refund applied for on Form 4466 | 32c | ( ) d Bal ▶ | 32d | 31,760,470. |
| | e Tax deposited with Form 7004 | 32e | | | |
| | f Credit for tax paid on undistributed capital gains (attach Form 2439) | 32f | | | |
| | g Credit for Federal tax on fuels (attach Form 4136). See instructions | 32g | | 32h | 31,760,470. |
| 33 | Estimated tax penalty (see page 10 of instructions). Check if Form 2220 is attached ▶ ☐ | | | 33 | |
| 34 | **Tax due.** If line 32h is smaller than the total of lines 31 and 33, enter amount owed | | | 34 | |
| 35 | **Overpayment.** If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | | | 35 | 31,760,470. |
| 36 | Enter amount of line 35 you want: Credited to 1998 estimated tax ▶ 12,274,899. Refunded ▶ | | | 36 | 19,485,571. |

Income: lines 1–11. Deductions (See instructions for limitations on deductions.): lines 12–29. Tax and Payments: lines 30–36.

**Sign Here** — Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Signature of officer ____ Date ____ ▶ Title ____

**Paid Preparer's Use only** — Preparer's signature ▶ ____ Date ____ Check if self-employed ☐ Preparer's social security no. ____
Firm's name (or yours if self-employed) and address ▶ ____ EIN ▶ ____ ZIP code ▶ ____

Trigon Healthcare, Inc. & Subsidiaries

Form 1120 (1997) 54-1773225 Page 2

## Schedule A Cost of Goods Sold (See page 10 of instructions.)

| | | Line | Amount |
|---|---|---|---|
| 1 | Inventory at beginning of year | 1 | 234,560. |
| 2 | Purchases | 2 | 56,865. |
| 3 | Cost of labor | 3 | |
| 4 | Additional section 263A costs (attach schedule) | 4 | |
| 5 | Other costs (attach schedule) | 5 | |
| 6 | Total. Add lines 1 through 5 | 6 | 291,425. |
| 7 | Inventory at end of year | 7 | 291,425. |
| 8 | Cost of goods sold. Subtract line 7 from line 6. Enter here and on page 1, line 2 | 8 | |

9 a Check all methods used for valuing closing inventory:

(i) ☐ Cost as described in Regulations section 1.471-3

(ii) ☐ Lower of cost or market as described in Regulations section 1.471-4

(iii) ☐ Other (Specify method used and attach explanation.) ▶

b Check if there was a writedown of subnormal goods as described in Regulations section 1.471-2(c) ▶ ☐

c Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ▶ ☐

d If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO | 9d |

e If property is produced or acquired for resale, do the rules of Section 263A apply to the corporation? ☐ Yes ☐ No

f Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation ☐ Yes ☐ No

## Schedule C Dividends and Special Deductions (See page 11 of instructions.)

| | | (a) Dividends received | (b) % | (c) Special deductions (a) x (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations that are subject to the 70% deduction (other than debt-financed stock) | 1,282,996. | 70 | 898,097. |
| 2 | Dividends from 20%-or-more-owned domestic corporations that are subject to the 80% deduction (other than debt-financed stock) | | 80 | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations (section 246A) | | see instr. | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs that are subject to the 70% deduction | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs that are subject to the 80% deduction | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries subject to the 100% deduction (section 245(b)) | | 100 | |
| 9 | Total. Add lines 1 through 8. See page 12 of instructions for limitation | | | 898,097. |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 | Dividends from certain FSCs that are subject to the 100% deduction (section 245(c)(1)) | | 100 | |
| 12 | Dividends from affiliated group members subject to the 100% deduction (section 243(a)(3)) | | 100 | |
| 13 | Other dividends from foreign corporations not included on lines 3, 6, 7, 8, or 11 | 1,156,619. | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | | | |
| 15 | Foreign dividend gross-up (section 78) | | | |
| 16 | IC-DISC and former DISC dividends not included on lines 1, 2, or 3 (section 246(d)) | | | |
| 17 | Other dividends | 3,015,580. | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities | | | |
| 19 | Total dividends. Add lines 1 through 17. Enter here and on line 4, page 1 ▶ | 5,455,195. | | |
| 20 | Total special deductions. Add lines 9, 10, 11, 12, and 18. Enter here and on line 29b, page 1 ▶ | | | 898,097. |

## Schedule E Compensation of Officers (See instructions for line 12, page 1.)

*Complete Schedule E only if total receipts (line 1a plus lines 4 through 10 on page 1, Form 1120) are $500,000 or more.*

| | (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | (d) Percent of corporation stock owned: Common | (e) Percent of corporation stock owned: Preferred | (f) Amount of compensation |
|---|---|---|---|---|---|---|
| 1 | | | % | % | % | |
| | | | % | % | % | |
| | | | % | % | % | |
| | | | % | % | % | |
| | | | % | % | % | |

| | | |
|---|---|---|
| 2 | Total compensation of officers | |
| 3 | Compensation of officers claimed on Schedule A and elsewhere on return | 4,341,392. |
| 4 | Subtract line 3 from line 2. Enter the result here and on line 12, page 1 | 4,341,392. |

Trigon Healthcare, Inc. & Subsidiaries

Form 1120 (1997) 54-1773225 Page 3

## Schedule J Tax Computation (See page 12 of instructions.)

1 Check if the corporation is a member of a controlled group (see sections 1561 and 1563) ▶ ☐

Important: Members of a controlled group, see instructions on page 12.

2a If the box on line 1 is checked, enter the corporation's share of the $50,000, $25,000, and $9,925,000 taxable income brackets (in that order):

(1) ______ (2) ______ (3) ______

b Enter the corporation's share of:

(1) Additional 5% tax (not more than $11,750) ______

(2) Additional 3% tax (not more than $100,000) ______

3 Income tax. Check this box if the corporation is a qualified personal service corporation as defined in section 448(d)(2) (see instructions on page 13) ▶ ☐ | 3 |

4a Foreign tax credit (attach Form 1118) | 4a | 963,695

b Possessions tax credit (attach Form 5735) | 4b | 943

c Check: [X] Nonconventional source fuel credit ☐ QEV credit (attach Form 8834) | 4c | 4,408

d General business credit. Enter here and check which forms are attached: ☐ 3468 ☐ 5884 ☐ 6478 ☐ 6765 ☐ 8586 ☐ 8830 [X] 3800 ☐ 8835 ☐ 8844 ☐ 8845 ☐ 8846 ☐ 8820 ☐ 8847 ☐ 8826 ☐ 8861 | 4d | 838,126

e Credit for prior year minimum tax (attach Form 8827) | 4e |

5 Total credits. Add lines 4a through 4e | 5 |

6 Subtract line 5 from line 3 | 6 | NONE

7 Personal holding company tax (attach Schedule PH (Form 1120)) | 7 | NONE

8 Recapture taxes. Check if from: ☐ Form 4255 ☐ Form 8611 | 8 |

9 Alternative minimum tax (attach Form 4626) | 9 | NONE

10 Total tax. Add lines 6 through 9. Enter here and on line 31, page 1 | 10 | NONE

## Schedule K Other Information (See page 14 of instructions.)

| | Yes | No |
|---|---|---|
| 1 Check method of accounting: a ☐ Cash b [X] Accrual c ☐ Other (specify) ▶ | | |
| 2 See page 16 of the instructions and state the principal: a Business activity code no. ▶ 6359; b Business activity ▶ Holding Company; c Product or service ▶ Holding Company | | |
| 3 At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) If "Yes," attach a schedule showing: (a) name and identifying number, (b) percentage owned, and (c) taxable income or (loss) before NOL and special deductions of such corporation for the tax year ending with or within your tax year. | X | |
| 4 Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? If "Yes," enter employer identification number and name of the parent corporation ▶ | | X |
| 5 At the end of the tax year, did any individual, partnership, corporation, estate or trust own, directly or indirectly, 50% or more of the corporation's voting stock? (For rules of attribution, see section 267(c).) If "Yes," attach a schedule showing name and identifying number. (Do not include any information already entered in 4 above.) Enter percentage owned ▶ | | X |
| 6 During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See secs. 301 and 316.) If "Yes," file Form 5452. If this is a consolidated return, answer here for the parent corporation and on Form 851, Affiliations Schedule, for each subsidiary. | | X |
| 7 Was the corporation a U.S. shareholder of any controlled foreign corporation? (See sections 951 and 957.) If "Yes," attach Form 5471 for each such corporation. Enter number of Forms 5471 attached ▶ | | X |
| 8 At any time during the 1997 calendar year, did the corporation have an interest in or a signature or other authority over a financial account (such as bank account, securities account, or other financial account) in a foreign country? If "Yes," the corporation may have to file Form TD F 90-22.1. If "Yes," enter name of foreign country ▶ | | X |
| 9 During the tax year, did the corporation receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," see page 15 of the instructions for other forms the corporation may have to file | | X |
| 10 At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of: (a) the total voting power of all classes of stock of the corporation entitled to vote, or (b) the total value of all classes of stock of the corporation? If "Yes," a Enter percentage owned ▶ b Enter owner's country ▶ c The corporation may have to file Form 5472. Enter number of Forms 5472 attached ▶ | | X |
| 11 Check this box if the corporation issued publicly offered debt instruments with original issue discount ▶ ☐ If so, the corporation may have to file Form 8281. | | |
| 12 Enter the amount of tax-exempt interest received or accrued during the tax year ▶ 243,363 | | |
| 13 If there were 35 or fewer shareholders at the end of the tax year, enter the number ▶ 1 | | |
| 14 If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ ☐ | | |
| 15 Enter the available NOL carryover from prior tax years (Do not reduce it by any deduction on line 29a.) ▶ 321,930,780 | | |

Form 1120 (1997) Trigon Healthcare, Inc. & Subsidiaries 54-1773225 Page 4

## Schedule L Balance Sheets per Books

| Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|
| 1 Cash | | -14,848,293. | | -111,489,763. |
| 2a Trade notes and accounts receivable | 266,947,716. | | 323,184,570. | |
| b Less allowance for bad debts | ( 3,983,381) | 262,964,355. | ( 4,713,534) | 318,471,036. |
| 3 Inventories | | 234,560. | | 291,424. |
| 4 U.S. government obligations | | 1,262,907. | | 36,930,245. |
| 5 Tax-exempt securities (see instructions) | | | | |
| 6 Other current assets (attach schedule) | | 200,628,184. | | 183,972,534. |
| 7 Loans to stockholders | | | | |
| 8 Mortgage and real estate loans | | | | |
| 9 Other investments (attach schedule) | | 1,074,068,463. | | 2,203,097,946. |
| 10a Buildings and other depreciable assets | 112,033,566. | | 114,308,968. | |
| b Less accumulated depreciation | ( 72,016,148) | 40,017,418. | ( 79,144,943) | 35,164,025. |
| 11a Depletable assets | | | | |
| b Less accumulated depletion | ( ) | | ( ) | |
| 12 Land (net of any amortization) | | 2,204,135. | | 2,106,711. |
| 13a Intangible assets (amortizable only) | 21,273,901. | | 20,938,778. | |
| b Less accumulated amortization | ( 9,416,509) | 11,857,392. | ( 9,524,776) | 11,414,002. |
| 14 Other assets (attach schedule) | | 63,390,255. | | 188,867,685. |
| 15 Total assets | | 1,641,779,376. | | 2,868,825,845. |
| **Liabilities and Stockholders' Equity** | | | | |
| 16 Accounts payable | | 110,187,006. | | 39,371,574. |
| 17 Mtges., notes, bonds payable in less than 1 year | | 13,000,000. | | NONE |
| 18 Other current liabilities (attach schedule) | | 320,341,072. | | 342,621,901. |
| 19 Loans from stockholders | | | | |
| 20 Mtges., notes, bonds payable in 1 year or more | | 10,707,475. | | 137,265,075. |
| 21 Other liabilities (attach schedule) | | 255,241,676. | | 314,643,450. |
| 22 Capital stock: a Preferred stock | 4,509,500. | | 4,509,500. | |
| b Common stock | 3,502,037. | 8,011,537. | 4,820,837. | 9,330,337. |
| 23 Additional paid-in capital | | 79,766,434. | | 1,809,348,778. |
| 24 Retained earnings-Appropriated (attach schedule) | | | | |
| 25 Retained earnings-Unappropriated | | 844,534,176. | | |
| 26 Adjustments to shareholders' equity (attach schedule) | | | | |
| 27 Less cost of treasury stock | | ( ) | | ( ) |
| 28 Total liabilities and stockholders' equity | | 1,641,779,376. | | 2,652,581,115. |

*Note: You are not required to complete Schedules M-1 and M-2 below if the total assets on line 15, column (d) of Schedule L are less than $25,000.*

## Schedule M-1 Reconciliation of Income(Loss) per Books With Income per Return (See page 15 of instructions.)

| | | | |
|---|---|---|---|
| 1 Net income (loss) per books | 446,717,512. | 7 Income recorded on books this year not included on this return (itemize): Tax-exempt interest $ | 407,300,562. |
| 2 Federal income tax | 46,871,746. | | |
| 3 Excess of capital losses over capital gains | | | |
| 4 Income subject to tax not recorded on books this year (itemize): | 14,417,010. | 8 Deductions on this return not charged against book income this year (itemize): a Depreciation $ b Contributions carryover $ | 11,378,123. |
| 5 Expenses recorded on books this year not deducted on this return (itemize): a Depreciation $ b Contributions carryover $ c Travel and entertainment $ | 12,160,290. 1,196,692. 199,865. | | |
| | 53,114,748. | 9 Add lines 7 and 8 | 232,962,488. |
| 6 Add lines 1 through 5 | 574,677,863. | 10 Income (line 28, page 1) - line 6 less line 9 | 651,641,173. |
| | | | -76,963,310. |

## Schedule M-2 Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L)

| | | | |
|---|---|---|---|
| 1 Balance at beginning of year | 844,534,176. | 5 Distributions: a Cash | |
| 2 Net income (loss) per books | 446,717,512. | b Stock | |
| 3 Other increases (itemize): | | c Property | |
| | | 6 Other decreases (itemize): | |
| | 8,377,360. | | 1,083,384,318. |
| 4 Add lines 1, 2, and 3 | 1,299,629,048. | 7 Add lines 5 and 6 | 1,083,384,318. |
| | | 8 Balance at end of year (line 4 less line 7) | 216,244,730. |

Form **4626**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax - Corporations

▶ See separate instructions.
▶ Attach to the corporation's tax return.

OMB No. 1545-0175

**1997**

Name: Trigon Healthcare, Inc. & Subsidiaries
Corporate Tax Department

Employer identification number: 54-1773225

| | | | | | |
|---|---|---|---|---|---|
| 1 | Taxable income or (loss) before net operating loss deduction | | | 1 | -29,060,524. |
| 2 | **Adjustments and preferences:** | | | | |
| a | Depreciation of post-1986 property | 2a | 639,682. | | |
| b | Amortization of certified pollution control facilities | 2b | | | |
| c | Amortization of mining exploration and development costs | 2c | | | |
| d | Amortization of circulation expenditures (personal holding companies only) | 2d | | | |
| e | Adjusted gain or loss | 2e | -327,739. | | |
| f | Long-term contracts | 2f | | | |
| g | Installment sales | 2g | | | |
| h | Merchant marine capital construction funds | 2h | | | |
| i | Section 833(b) deduction (Blue Cross, Blue Shield, and similar type organizations only) | 2i | | | |
| j | Tax shelter farm activities (personal service corporations only) | 2j | | | |
| k | Passive activities (closely held corporations and personal service corporations only) | 2k | | | |
| l | Loss limitations | 2l | | | |
| m | Depletion | 2m | | | |
| n | Tax-exempt interest from specified private activity bonds | 2n | | | |
| o | Charitable contributions | 2o | | | |
| p | Intangible drilling costs | 2p | | | |
| q | Accelerated depreciation of real property (pre-1987) | 2q | | | |
| r | Accelerated depreciation of leased personal property (pre-1987) (personal holding companies only) | 2r | | | |
| s | Other adjustments | 2s | | | |
| t | Combine lines 2a through 2s | | | 2t | 311,943. |
| 3 | Preadjustment alternative minimum taxable income (AMTI). Combine lines 1 and 2t | | | 3 | -28,748,581. |
| 4 | **Adjusted current earnings (ACE) adjustment:** | | | | |
| a | Enter the corporation's ACE from line 10 of the worksheet on page 8 of the instructions | 4a | -27,837,496. | | |
| b | Subtract line 3 from line 4a. If line 3 exceeds line 4a, enter the difference as a negative amount (see examples beginning on page 4 of the instructions) | 4b | 911,085. | | |
| c | Multiply line 4b by 75% (.75). Enter the result as a positive amount | 4c | 683,314. | | |
| d | Enter the excess, if any, of the corporation's total increases in AMTI from prior year ACE adjustments over its total reductions in AMTI from prior year ACE adjustments (see page 5 of the instructions). **Note:** *You must enter an amount on line 4d (even if line 4b is positive)* | 4d | 8,247,171. | | |
| e | ACE adjustment: • If you entered a positive number or zero on line 4b, enter the amount from line 4c here as a positive amount. See Statement 2 • If you entered a negative number on line 4b, enter the smaller of line 4c or line 4d here as a negative amount. | | | 4e | 683,314. |
| 5 | Combine lines 3 and 4e. If zero or less, stop here; the corporation does not owe alternative minimum tax | | | 5 | -28,065,267. |
| 6 | Alternative tax net operating loss deduction (see page 5 of the instructions) Stmt. 3 | | | 6 | |
| 7 | **Alternative minimum taxable income.** Subtract line 6 from line 5. If the corporation held a residual interest in a REMIC, see page 5 of the instructions | | | 7 | -28,065,267. |

**For Paperwork Reduction Act Notice, see separate instructions.**

Form 4626 (1997)

Trigon Healthcare, Inc. & Subsidiaries
Form 4626 (1997)

54-1773225

Page 2

| | | | |
|---|---|---|---|
| 8 | Enter the amount from line 7 (alternative minimum taxable income) | 8 | -28,065,267. |
| 9 | **Exemption phase-out computation** (if line 8 is $310,000 or more, skip lines 9a and 9b and enter -0- on line 9c): | | |
| a | Subtract $150,000 from line 8 (if you are completing this line for a member of a controlled group, see page 5 of the instructions). If zero or less, enter -0- — 9a: NONE | | |
| b | Multiply line 9a by 25% (.25) — 9b: NONE | | |
| c | Exemption. Subtract line 9b from $40,000 (if you are completing this line for a member of a controlled group, see page 5 of the instructions). If zero or less, enter -0- | 9c | 40,000. |
| 10 | Subtract line 9c from line 8. If zero or less, enter -0- | 10 | NONE |
| 11 | Multiply line 10 by 20% (.20) | 11 | NONE |
| 12 | Alternative minimum tax foreign tax credit. See page 5 of the instructions | 12 | 63,695. |
| 13 | Tentative minimum tax. Subtract line 12 from line 11 | 13 | |
| 14 | Regular tax liability before all credits except the foreign tax credit and possessions tax credit | 14 | |
| 15 | **Alternative minimum tax.** Subtract line 14 from line 13. Enter the result on the appropriate line of the corporation's income tax return (e.g., Form 1120, Schedule J, line 9). If zero or less, enter -0- | 15 | NONE |



SA

Trigon Healthcare, Inc. & Subsidiaries 54-1773225

## Adjusted Current Earnings Worksheet

▶ See ACE Worksheet Instructions (which begin on page 6).

| | | | | | |
|---|---|---|---|---|---|
| 1 | Pre-adjustment AMTI. Enter the amount from line 3 of Form 4626 | | | 1 | -28,748,581. |
| 2 | ACE depreciation adjustment: | | | | |
| a | AMT depreciation | 2a | 10,738,441. | | |
| b | ACE depreciation: | | | | |
| (1) | Post-1993 property | 2b(1) | | | |
| (2) | Post-1989, pre-1994 property | 2b(2) | | | |
| (3) | Pre-1990 MACRS property | 2b(3) | | | |
| (4) | Pre-1990 original ACRS property | 2b(4) | | | |
| (5) | Property described in sections 168(f)(1) through (4) | 2b(5) | | | |
| (6) | Other property | 2b(6) | 10,751,917. | | |
| (7) | Total ACE depreciation. Add lines 2b(1) through 2b(6) | 2b(7) | 10,751,917. | | |
| c | ACE depreciation adjustment. Subtract line 2b(7) from line 2a | | | 2c | -13,476. |
| 3 | Inclusion in ACE of items included in earnings and profits (E&P): | | | | |
| a | Tax-exempt interest income | 3a | | | |
| b | Death benefits from life insurance contracts | 3b | | | |
| c | All other distributions from life insurance contracts (including surrenders) | 3c | | | |
| d | Inside buildup of undistributed income in life insurance contracts | 3d | | | |
| e | Other items (see Regulations sections 1.56(g)-1(c)(6)(iii) through (ix) for a partial list) | 3e | | | |
| f | Total increase to ACE from inclusion in ACE of items included in E&P. Add lines 3a through 3e | | | 3f | |
| 4 | Disallowance of items not deductible from E&P: | | | | |
| a | Certain dividends received | 4a | 806,605. | | |
| b | Dividends paid on certain preferred stock of public utilities that are deductible under section 247 | 4b | | | |
| c | Dividends paid to an ESOP that are deductible under section 404(k) | 4c | | | |
| d | Nonpatronage dividends that are paid and deductible under section 1382(c) | 4d | | | |
| e | Other items (see Regulations section 1.56(g)-1(d)(3)(i) and (ii) for a partial list) | 4e | | | |
| f | Total increase to ACE because of disallowance of items not deductible from E&P. Add lines 4a through 4e | | | 4f | 806,605. |
| 5 | Other adjustments based on rules for computing E&P: | | | | |
| a | Intangible drilling costs | 5a | | | |
| b | Circulation expenditures | 5b | | | |
| c | Organizational expenditures | 5c | | | |
| d | LIFO inventory adjustments | 5d | | | |
| e | Installment sales | 5e | | | |
| f | Total other E&P adjustments. Combine lines 5a through 5e | | | 5f | |
| 6 | Disallowance of loss on exchange of debt pools | | | 6 | |
| 7 | Acquisition expenses of life insurance companies for qualified foreign contracts | | | 7 | |
| 8 | Depletion | | | 8 | |
| 9 | Basis adjustments in determining gain or loss from sale or exchange of pre-1995 property | | | 9 | 117,956. |
| 10 | Adjusted current earnings. Combine lines 1, 2c, 3f, 4f, and 5f through 9. Enter the result here and on line 4a of Form 4626 | | | 10 | -27,837,496. |

JSA

Exhibit H

Form **1120X** (Rev. December 2001) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ December 1997 (Enter month and year.)

Please Type or Print

Name: Trigon Healthcare, Inc. & Subsidiaries

Employer identification number: 54-1773225

Number, street, and room or suite no. (If a P.O. box, see instructions.): 2221 Edward Holland Drive Mail Drop 42 - B

City or town, state, and ZIP code: Richmond, Virginia 23230

Telephone number (optional): (804) 354-3454

Enter name and address used on original return (if same as above, write "Same."): Same

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

## Fill in Applicable Items and Use Part II To Explain Any Changes

| Part I Income and Deductions (see instructions) | | (a) As originally reported or as previously adjusted | (b) Net change — increase or (decrease) — explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 2,930,586,948 | 0 | 2,930,586,948 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120 or lines 23 and 25c, Form 1120-A) | 2 | 2,959,647,472 | 48,800,883 | 3,008,448,355 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | (29,060,524) | (48,800,883) | (77,861,407) |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 0 | 0 | 0 |
| **Payments and Credits** (see instructions) | | | | |
| 5a Overpayment in prior year allowed as a credit | 5a | 3,010,470 | 0 | 3,010,470 |
| b Estimated tax payments | b | 28,750,000 | 0 | 28,750,000 |
| c Refund applied for on Form 4466 | c | | | |
| d Subtract line 5c from the sum of lines 5a and 5b | d | 31,760,470 | 0 | 31,760,470 |
| e Tax deposited with Form 7004 | e | | | |
| f Credit from Form 2439 | f | | | |
| g Credit for Federal tax on fuels | g | | | |
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | | | 10,600,000 |
| 7 Add lines 5d through 6, column (c) | 7 | | | 42,360,470 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | | | 42,360,470 |
| 9 Subtract line 8 from line 7 | 9 | | | 0 |
| **Tax Due or Overpayment** (see instructions) | | | | |
| 10 **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury." ▶ | 10 | | | 0 |
| 11 **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | | | 0 |
| 12 Enter the amount of line 11 you want: **Credited to 20___ estimated tax** ▶ **Refunded** ▶ | 12 | | | 0 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Signature of officer | 10/24/02 Date | ▶ Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no.

**For Paperwork Reduction Act Notice, see page 4.**

ISA STF FED4298F.1

Form **1120X** (Rev. 12-2001)

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here ▶ ☐

A deduction is being taken for abandonment of appraised subscriber and provider intangible contract assets. The subsidiary company taking the deduction is a qualifying Blue Cross & Blue Shield organization as defined in section 833(c) of the internal revenue code of 1986, as amended. The appraised assets qualify for the fresh start basis under code section 1012 of the 1986 act. This Form 1120X is being filed as a protective claim as the deduction for the appraised assets has previously been disallowed on audit by the Internal Revenue Service. The amended return deductions by type are outlined below.

Abandonment of subscriber and provider contracts - $ 48,800,883

| Form 4549-A (Rev. September 2001) | Department of the Treasury - Internal Revenue Service **Income Tax Examination Changes** | | Page 2 of |
|---|---|---|---|
| Name of Taxpayer: Blue Cross & Blue Shield of Virginia | | Taxpayer Identification Number: 54-0357120 | Return Form No: 1120 |

| 18. Penalties Code Section | Tax Period: 12/94 | Tax Period: 12/96 | Tax Period: |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| 19. Total Penalties | | | |
| Underpayment attributable to negligence: *(1981-1987)* A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed. | | | |
| Underpayment attributable to fraud: *(1981-1987)* A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed. | | | |
| Underpayment attributable to Tax Motivated Transactions *(TMT)*: The interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC § 6621 (c). | | | |
| 20. Summary of Taxes, Penalties and Interest: | | | |
| a. Balance due or *(Overpayment)* of Taxes - *(Line 17, Page 1)* | | | |
| b. Penalties *(Line 19)* - computed to | | | |
| c. Interest *(IRC § 6601)* - computed to | | | |
| d. TMT interest - computed to on TMT underpayment | | | |
| e. Amount due or *(refund)* - *(sum of Lines a, b, c and d)* | | | |

Other Information:

Your AMT Credit Carryover available to use in 1996 is $62,058,982 (from RAR dated 3/3/2000).
Your AMT Credit Carryover available to use in 1997 is $38,317,761.
This RAR reflects the following claims filed with the IRS on Forms 1120X:

| Year | Amount | Date Filed |
|---|---|---|
| 1994 | $5,608,009 | May 2001 |
| 1996 | $33,993,422 | December 1997 |
| 1997 | $30,085,571 | May 2001 |
| 1997 | $0 | October 2002 |
| 1998 | $6,793,895 | October 2002 |
| 1999 | $10,652,376 | September 2001 |
| 2001 | $11,564,062 | October 2002 |

IRS Acknowledgement of 1120X's

| Examiner's Signature | | |
|---|---|---|
| Name Frederick R. Bell Employee ID 54-00995 | Office Richmond | Date 12/15/2003 |

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you don't report all of the interest, dividend, or patronage dividend income you earned and if you don't pay the required tax. Once the tax has been assessed, you will be issued four notices over a 120-day period. If you don't pay the assessed tax, the IRS may require payers to withhold a percentage of your dividend and/or interest payments.

Exhibit I

**Internal Revenue Service**

**Department of the Treasury**

Date: March 4, 2004

Taxpayer Identification Number:
54-1773225
Form:
1120
Tax Period(s) Ended and Deficiency Amount(s):

| | |
|---|---|
| 12/31/1997 | ($11,226,380) |
| 12/31/1998 | ($6,752,821) |
| 12/31/1999 | ($7,914,515) |
| 12/31/2000 | $15,074,568 |
| 12/31/2001 | $8,763,025 |

Person to Contact:
Frederick R. Bell
Contact Telephone Number:
804-916-8349
Employee Identification Number:
54-00995
Last Date to Respond to this Letter:
April 5, 2004

Trigon Healthcare, Inc. & Subsidiaries
2015 Staples Mill Road
Richmond, VA 23230

Dear Taxpayer,

We have enclosed an examination report showing proposed changes to your tax for the period(s) shown above. Please read the report, and tell us whether you agree or disagree with the changes by the date shown above. (This report may not reflect the results of later examinations of partnerships, "S" Corporations, trusts, etc., in which you may have an interest. Changes to those accounts could also affect your tax.)

**If you agree with the proposed changes...**

1. Sign and date the enclosed agreement form. If you filed a joint return, both taxpayers must sign the form.

2. Return the signed agreement form to us.

3. Enclose payment for tax, interest and any penalties due. Make your check or money order payable to the **United States Treasury.** You can call the person identified above to determine the total amount due as of the date you intend to make payment.

4. After we receive your signed agreement form, we will close your case.

If you pay the full amount due now, you will limit the amount of interest and penalties charged to your account. If you agree with our findings, but can only pay part of the bill, please call the person identified above to discuss different payment options. We may ask you to complete a collection information statement to determine your payment options, such as paying in installments. You can also write to us or visit your nearest IRS office to explain your circumstances. If you don't enclose payment for the additional tax, interest, and any penalties, we will bill you for the unpaid amounts.



Letter 950 (DO) (Rev. 9-2000)
Catalog Number 40390O

**Internal Revenue Service**

**Department of the Treasury**

Date: March 4, 2004

Taxpayer Identification Number:
54-1773225
Form:
1120
Tax Period(s) Ended and Deficiency Amount(s):
07/31/2002 $2,094,291

Trigon Healthcare, Inc. & Subsidiaries
2015 Staples Mill Road
Richmond, VA 23230

Person to Contact:
Frederick R. Bell
Contact Telephone Number:
804-916-8349
Employee Identification Number:
54-00995
Last Date to Respond to this Letter:
April 5, 2004

Dear Taxpayer,

We have enclosed an examination report showing proposed changes to your tax for the period(s) shown above. Please read the report, and tell us whether you agree or disagree with the changes by the date shown above. (This report may not reflect the results of later examinations of partnerships, "S" Corporations, trusts, etc., in which you may have an interest. Changes to those accounts could also affect your tax.)

**If you agree with the proposed changes...**

1. Sign and date the enclosed agreement form. If you filed a joint return, both taxpayers must sign the form.

2. Return the signed agreement form to us.

3. Enclose payment for tax, interest and any penalties due. Make your check or money order payable to the **United States Treasury.** You can call the person identified above to determine the total amount due as of the date you intend to make payment.

4. After we receive your signed agreement form, we will close your case.

If you pay the full amount due now, you will limit the amount of interest and penalties charged to your account. If you agree with our findings, but can only pay part of the bill, please call the person identified above to discuss different payment options. We may ask you to complete a collection information statement to determine your payment options, such as paying in installments. You can also write to us or visit your nearest IRS office to explain your circumstances. If you don't enclose payment for the additional tax, interest, and any penalties, we will bill you for the unpaid amounts.



**Letter 950 (DO) (Rev. 9-2000)**
Catalog Number 40390D

If you have any questions, please contact the person identified in the heading of this letter. We will be glad to discuss your options with you.

Sincerely yours,

Mark J. Shaughnessy
Team Manager

Enclosures:
Copy of this letter
Examination Report
Agreement Form
Publication 3498
Envelope

## STATEMENT OF DISPUTED ISSUES

☐ THE PROPOSED CHANGE IS $25,000 or less for each of the REFERENCED TAX PERIOD(S).

| Issue(s) I Disagree With: | Reasons for Disagreement: |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(if more space is needed, attach a separate sheet)

Signature Date



Letter 950 (DO) (Rev. 9-2000)
Catalog Number 40390D

Exhibit J

Form **1120X** (Rev. April 1998) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ December, 1998 (Enter month and year)

Please Type or Print

Name: Trigon Healthcare, Inc. & Subsidiaries

Employer identification number: 54-1773225

Number, street, and room or suite no. (If a P.O. box, see instructions.): 2221 Edward Holland Drive 42 - B

City or town, state, and ZIP code: Richmond, VA 23230

Telephone number (optional): (804) 354-3454

Enter name and address used on original return (If same as above, write "Same.")

Same

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

## Fill In Applicable Items and Use Part II To Explain Any Changes

**Part I Income and Deductions** (See instructions.)

| | (a) As originally reported or as previously adjusted | (b) Net change (increase or decrease — explain in Part II) | (c) Correct amount |
|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 3,440,808,238 | 0 | 3,440,808,238 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 3,265,635,756 | 0 | 3,265,635,756 |
| 3 Taxable income. Subtract line 2 from line 1 | 175,172,482 | 0 | 175,172,482 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 46,692,214 | -10,545,917 | 36,146,297 |
| **Payments and Credits** (See instructions.) | | | |
| 5a Overpayment in prior year allowed as a credit | 12,467,933 | 0 | 12,467,933 |
| b Estimated tax payments | 23,500,000 | 0 | 23,500,000 |
| c Refund applied for on Form 4466 | | | |
| d Subtract line 5c from the sum of lines 5a and 5b | 35,967,933 | 0 | 35,967,933 |
| e Tax deposited with Form 7004 | 2,500,000 | 0 | 2,500,000 |
| f Credit from Form 2439 | | | |
| g Credit for Federal tax on fuels | | | |
| 6 Tax deposited or paid with (or after) the filing of the original return | | | 17,339,812 |
| 7 Add lines 5d through 6, column (c) | | | 55,807,745 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | | | 9,115,531 |
| 9 Subtract line 8 from line 7 | | | 46,692,214 |

RECEIVED SEP 10 2001 INTERNAL REVENUE SERVICE

**Tax Due or Refund**

10 Tax due. Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury" (see instructions) ▶ 0

11 Refund. Subtract line 4, column (c), from line 9 ▶ 10,545,917

**Please Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Thomas A. Payne (signature) Signature of officer ▶ 9/7/01 Date ▶ SR. V.P. Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ▶ ☐ | Preparer's social security no.

Firm's name (or yours if self-employed) and address ▶ | EIN ▶ | ZIP code ▶

For Paperwork Reduction Act Notice, see instructions on page 4.

ISA STF FED4296F.1

Form **1120X** (Rev. 4-98)

**Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Attach additional sheets if necessary. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . ▶ ☐

This amended federal income tax return is being filed as a result of an increase in available Alternative Minimum Tax Credit Carryover, Foreign Tax Credit Carryover and Nonconventional Source Fuel Tax Credit Carryover for the 1998 tax year based on several recent filings. A capital loss carryback from 1999 to 1996 filed January 22, 2001, an amended 1997 federal income tax return filed May 30, 2001, and an amended 1994 federal income tax return also filed May 30, 2001 has resulted in an increase in available Alternative Minimum Tax Credit carryover to the 1998 tax year. The amended 1997 federal income tax return has resulted in an increase in the Foreign Tax Credit and Nonconventional Source Fuel Tax Credit carryover. This amended 1998 federal income tax return is being filed to utilize the available credits. See accompanying worksheet that tracks the previous amended return filings and the increase and utilization of the Alternative Minimum Tax Credit Carryover, Foreign Tax Credit Carryover and the Nonconventional Source Fuel Tax Credit Carryover.

**Trigon Healthcare, Inc. & Subsidiaries**
**Tax Year 1998:**

| | Original Return | IRS Adjustments Per Form 4549-A (4/13/00) | Return As Revised Per IRS 4549A-4/13/00 | Amended Return Change | Totals Per Amended Return |
|---|---|---|---|---|---|
| Taxable Income | $ - | $ 175,172,482.00 | $ 175,172,482.00 | $ - | $ 175,172,482.00 |
| Income Tax (Before Credits) | $ - | $ 61,310,369.00 | $ 61,310,369.00 | $ - | $ 61,310,369.00 |
| Income Tax Credits: | | | | | |
| FTC | $ - | $ 40,184.00 | $ 40,184.00 | $ 63,695.00 | $ 103,879.00 |
| Business Credit | $ - | $ 2,998.00 | $ 2,998.00 | $ 4,408.00 | $ 7,406.00 |
| AMT Credit | $ - | $ 14,574,973.00 | $ 14,574,973.00 | $ 10,477,814.00 | $ 25,052,787.00 |
| Total Income Tax Credits | $ - | $ 14,618,155.00 | $ 14,618,155.00 | $ 10,545,917.00 | $ 25,164,072.00 |
| Income Tax (After Credits) | $ - | $ 46,692,214.00 | $ 46,692,214.00 | $ (10,545,917.00) | $ 36,146,297.00 |
| Available Alt. Min. Tax Credit For Year | $ 50,840,909.00 | $ (36,265,936.00) | $ 14,574,973.00 | $ 28,455,563.00 | $ 43,030,536.00 |
| Alt. Min. Taxable Income | $146,962,932.00 | $ 33,969,475.00 | $ 180,932,407.00 | $ - | $ 180,932,407.00 |
| Alt. Min. Tax (Before Credits) | $ 29,392,586.00 | $ 6,793,895.00 | $ 36,186,481.00 | $ - | $ 36,186,481.00 |
| Alt. Min. FTC | $ 40,184.00 | $ - | $ 40,184.00 | $ - | $ 40,184.00 |
| Alt. Min. Tax (After Credits) | $ 29,352,402.00 | $ 6,793,895.00 | $ 36,146,297.00 | $ - | $ 36,146,297.00 |
| Min.Tax Credit C/Over to 1999 | $ 50,840,909.00 | $ (50,840,909.00) | $ - | $ 17,977,749.00 | $ 17,977,749.00 |

**Alternative Minimum Tax Credit Carryover Analysis - 1998**

| | | |
|---|---|---|
| Credit Available for 1998 As Revised by IRS Form 4549-A (April 13, 2000) | (A) | $ 14,574,973.00 |
| Amended 1997 Return filed May 30, 2001 Frees up Previously Utilized Credit | (B) | $ 21,682,001.00 |
| Capital Loss Carryback From 1999 to 1996 Frees up Additional Credit * | (C) | $ 2,083,161.00 |
| Amended 1994 Return filed May 30, 2001 for NOL Created with Amended 1997 Return ** | (D) | $ 4,690,401.00 |
| Revised Available Alternative Minimum Tax Credit Carryover to 1998 | | $ 43,030,536.00 |
| Utilization of Alternative Minimum Tax Credit Carryover Per 1998 Amended Return | | $ 25,052,787.00 |
| Alternative Minimum Tax Credit Carryover to 1999 | | $ 17,977,749.00 |

* Alt. Min. Tax Credit freed up in 1996 cannot be utilized in 1997. Therefore, it is available for 1998.
** Alt. Min. Tax Credit freed up in 1994 cannot be utilized in 1995, 1996, or 1997. Therefore, it is available for 1998.

ADJUSTED BY IRS (FORM 4571-A (4/15/00)) FOR CHANGE IN AVAILABLE TAX CREDIT CARRYOVERS (SEE SCHEDULE)

Form **1120** Department of the Treasury Internal Revenue Service

# U.S. Corporation Income Tax Return

For calendar year 1998 or tax year beginning ________, 1998, ending ________, 19__

Instructions are separate. See page 1 for Paperwork Reduction Act Notice.

OMB No. 1545-0123 **1998**

A Check if a: 1 Consolidated return (attach Form 851) [X] 2 Personal holding co. (attach Sch. PH) [ ] 3 Personal service corp. (as defined in Temporary Regs. sec. 1.441-4T - see instructions) [ ]

Name: TRIGON HEALTHCARE, INC. & SUBSIDIARIES CORPORATE TAX DEPARTMENT 42-B

Number, street, and room or suite no. (If a P.O. box, see page 5 of instructions.) 2221 EDWARD HOLLAND DRIVE

City or town, state, and ZIP code: RICHMOND, VA 23230

B Employer identification number: 54-1773225

C Date incorporated: 08/13/96

D Total assets (see page 5 of instructions): $ 3,446,162,935.

E Check applicable boxes: (1) Initial return (2) Final return (3) Change of address

**Income**

| Line | Description | | Amount |
|---|---|---|---|
| 1a | Gross receipts or sales 3,032,094,884. b Less returns and allowances ___ c Bal | 1c | 3,032,094,884. |
| 2 | Cost of goods sold (Schedule A, line 8) | 2 | |
| 3 | Gross profit. Subtract line 2 from line 1c | 3 | 3,032,094,884. |
| 4 | Dividends (Schedule C, line 19) | 4 | 230,055,319. |
| 5 | Interest | 5 | 85,099,101. |
| 6 | Gross rents | 6 | 110,340. |
| 7 | Gross royalties | 7 | |
| 8 | Capital gain net income (attach Schedule D (Form 1120)) | 8 | 85,388,213. |
| 9 | Net gain or (loss) from Form 4797, Part II, line 18 (attach Form 4797) | 9 | -1,536,679. |
| 10 | Other income (see page 6 of instructions - attach schedule) | 10 | 43,566,536. |
| 11 | **Total income.** Add lines 3 through 10 | 11 | 3,474,777,713. |

**Deductions (See instructions for limitations on deductions.)**

| Line | Description | | Amount |
|---|---|---|---|
| 12 | Compensation of officers (Schedule E, line 4) | 12 | 8,029,149. |
| 13 | Salaries and wages (less employment credits) | 13 | 156,975,464. |
| 14 | Repairs and maintenance | 14 | 6,829,160. |
| 15 | Bad debts | 15 | -305,967. |
| 16 | Rents | 16 | 18,809,864. |
| 17 | Taxes and licenses | 17 | 19,061,894. |
| 18 | Interest | 18 | 17,167,405. |
| 19 | Charitable contributions (see page 8 of instructions for 10% limitation) | 19 | 1,143,943. |
| 20 | Depreciation (attach Form 4562) 20: 12,355,251. | | |
| 21 | Less depreciation claimed on Schedule A and elsewhere on return 21a | 21b | 12,355,251. |
| 22 | Depletion | 22 | |
| 23 | Advertising | 23 | 7,503,816. |
| 24 | Pension, profit-sharing, etc., plans | 24 | 8,192,167. |
| 25 | Employee benefit programs | 25 | 23,958,637. |
| 26 | Other deductions (attach schedule) | 26 | 2,791,174,037. |
| 27 | **Total deductions.** Add lines 12 through 26 | 27 | 3,070,913,110. |
| 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | 28 | 403,864,603. |
| 29 | Less: a Net operating loss deduction (see page 9 of instructions) 29a; b Special deductions (Schedule C, line 20) 29b 228,692,121. | 29c | 228,692,121. |

**Tax and Payments**

| Line | Description | | Amount |
|---|---|---|---|
| 30 | **Taxable income.** Subtract line 29c from line 28 | 30 | 175,172,482. |
| 31 | **Total tax** (Schedule J, line 12) | 31 | 36,146,297. |
| 32 | Payments: a 1997 overpayment credited to 1998 32a 12,467,933.; b 1998 estimated tax payments 32b 40,839,812.; c Less 1998 refund applied for on Form 4466 32c ( ); d Bal 32d 53,307,745.; e Tax deposited with Form 7004 32e 2,500,000.; f Credit for tax paid on undistributed capital gains (attach Form 2439) 32f; g Credit for Federal tax on fuels (attach Form 4136). See instructions 32g | 32h | 55,807,745. |
| 33 | Estimated tax penalty (see page 10 of instructions). Check if Form 2220 is attached [X] | 33 | |
| 34 | **Tax due.** If line 32h is smaller than the total of lines 31 and 33, enter amount owed | 34 | |
| 35 | **Overpayment.** If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | 35 | 19,661,448. |
| 36 | Enter amount of line 35 you want: Credited to 1999 estimated tax 9,115,531. Refunded | 36 | 10,545,917. |

**Sign Here** Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer | Date | Title

**Paid Preparer's Use only** Preparer's signature | Date | Check if self-employed [ ] | Preparer's social security no.

Firm's name (or yours if self-employed) and address | EIN | ZIP code

JSA 8C1110 1.000 CLCB99 09/07/2001 15:18:39 V8.05.01 54-1773225 1

## Schedule J Tax Computation (See page 13 of instructions.)

1 Check if the corporation is a member of a controlled group (see sections 1561 and 1563) . . . . . ▶ ☐

a Important: Members of a controlled group, see instructions on page 13.

2 If the box on line 1 is checked, enter the corporation's share of the $50,000, $25,000, and $9,925,000 taxable income brackets (in that order):

b (1) ____ (2) ____ (3) ____

Enter the corporation's share of: (1) Additional 5% tax (not more than $11,750) ____

(2) Additional 3% tax (not more than $100,000) ____

| Line | Description | Sub | Amount | Line | Amount |
|---|---|---|---|---|---|
| 3 | Income tax. Check if a qualified personal service corporation under section 448(d)(2) (see page 13) ▶ ☐ | | | 3 | 61,310,369. |
| 4a | Foreign tax credit (attach Form 1118) | 4a | 103,879. | | |
| b | Possessions tax credit (attach Form 5735) | 4b | | | |
| c | Check: [X] Nonconventional source fuel credit ☐ QEV credit (attach Form 8834) | 4c | 7,406. | | |
| d | General business credit. Enter here and check which forms are attached: ☐ 3468 ☐ 5884 ☐ 6478 ☐ 6765 ☐ 8586 ☐ 8830 ☐ 8826 ☐ 8835 ☐ 8844 ☐ 8845 ☐ 8846 ☐ 8820 ☐ 8847 ☐ 8861 [X] 3800 | 4d | | | |
| e | Credit for prior year minimum tax (attach Form 8827) | 4e | 25,052,787. | | |
| 5 | Total credits. Add lines 4a through 4e | | | 5 | 25,164,072. |
| 6 | Subtract line 5 from line 3 | | | 6 | 36,146,297. |
| 7 | Personal holding company tax (attach Schedule PH (Form 1120)) | | | 7 | |
| 8 | Recapture taxes. Check if from: ☐ Form 4255 ☐ Form 8611 | | | 8 | |
| 9 | Alternative minimum tax (attach Form 4626) | | | 9 | NONE |
| 10 | Add lines 6 through 9 | | | 10 | 36,146,297. |
| 11 | Qualified zone academy bond credit (attach Form 8860) | | | 11 | |
| 12 | Total tax. Subtract line 11 from line 10. Enter here and on line 31, page 1 | | | 12 | 36,146,297. |

## Schedule K Other Information (See page 15 of instructions.)

| | | Yes | No |
|---|---|---|---|
| 1 | Check method of accounting: a ☐ Cash b [X] Accrual c ☐ Other (specify) ▶ | | |
| 2 | See page 17 of the instructions and state the: a Business activity code no. (NEW) ▶ 523900; b Business activity ▶ HOLDING COMPANY; c Product or service ▶ HOLDING COMPANY | | |
| 3 | At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) If "Yes," attach a schedule showing: (a) name and identifying number, (b) percentage owned, and (c) taxable income or (loss) before NOL and special deductions of such corporation for the tax year ending with or within your tax year. | X | |
| 4 | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? If "Yes," enter employer identification number and name of the parent corporation ▶ | | X |
| 5 | At the end of the tax year, did any individual, partnership, corporation, estate or trust own, directly or indirectly, 50% or more of the corporation's voting stock? (For rules of attribution, see section 267(c).) If "Yes," attach a schedule showing name and identifying number. (Do not include any information already entered in 4 above.) Enter percentage owned ▶ | | X |
| 6 | During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See sections 301 and 316.) If "Yes," file Form 5452. If this is a consolidated return, answer here for the parent corporation and on Form 851, Affiliations Schedule, for each subsidiary. | | X |
| 7 | Was the corporation a U.S. shareholder of any controlled foreign corporation? (See sections 951 and 957.) If "Yes," attach Form 5471 for each such corporation. Enter number of Forms 5471 attached ▶ | | X |
| 8 | At any time during the 1998 calendar year, did the corporation have an interest in or a signature or other authority over a financial account (such as a bank account, securities account, or other financial account) in a foreign country? If "Yes," the corporation may have to file Form TD F 90-22.1. If "Yes," enter name of foreign country ▶ | | X |
| 9 | During the tax year, did the corporation receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the corporation may have to file Form 3520 | | X |
| 10 | At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of: (a) the total voting power of all classes of stock of the corporation entitled to vote, or (b) the total value of all classes of stock of the corporation? If "Yes," a Enter percentage owned ▶ b Enter owner's country ▶ c The corporation may have to file Form 5472. Enter number of Forms 5472 attached ▶ | | X |
| 11 | Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . ▶ ☐ If so, the corporation may have to file Form 8281. | | |
| 12 | Enter the amount of tax-exempt interest received or accrued during the tax year ▶ 7,554,399. | | |
| 13 | If there were 35 or fewer shareholders at the end of the tax year, enter the number ▶ 1 | | |
| 14 | If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ ☐ | | |
| 15 | Enter the available NOL carryover from prior tax years (Do not reduce it by any deduction on line 29a.) ▶ $ 229,426,188. | | |

JSA 8C1130 1.000

CLCB99 09/07/2001 15:19:16 V8.06.01 54-1773225 1

Form **4626** Department of the Treasury Internal Revenue Service

# Alternative Minimum Tax - Corporations

▶ See separate instructions.
▶ Attach to the corporation's tax return.

OMB No. 1545-0175

**1998**

Name: TRIGON HEALTHCARE, INC. & SUBSIDIARIES
CORPORATE TAX DEPARTMENT 42-B

Employer identification number: 54-1773225

| | | | | | |
|---|---|---|---|---|---|
| 1 | Taxable income or (loss) before net operating loss deduction | | | 1 | 175,172,482. |
| 2 | **Adjustments and preferences:** | | | | |
| a | Depreciation of post-1986 property | 2a | 36,701. | | |
| b | Amortization of certified pollution control facilities | 2b | | | |
| c | Amortization of mining exploration and development costs | 2c | | | |
| d | Amortization of circulation expenditures (personal holding companies only) | 2d | | | |
| e | Adjusted gain or loss | 2e | -201,943. | | |
| f | Long-term contracts | 2f | | | |
| g | Installment sales | 2g | | | |
| h | Merchant marine capital construction funds | 2h | | | |
| i | Section 833(b) deduction (Blue Cross, Blue Shield, and similar type organizations only) | 2i | | | |
| j | Tax shelter farm activities (personal service corporations only) | 2j | | | |
| k | Passive activities (closely held corporations and personal service corporations only) | 2k | | | |
| l | Loss limitations | 2l | | | |
| m | Depletion | 2m | | | |
| n | Tax-exempt interest from specified private activity bonds | 2n | | | |
| o | Intangible drilling costs | 2o | | | |
| p | Accelerated depreciation of real property (pre-1987) | 2p | | | |
| q | Accelerated depreciation of leased personal property (pre-1987) (personal holding companies only) | 2q | | | |
| r | Other adjustments | 2r | | | |
| s | Combine lines 2a through 2r | | | 2s | -165,242. |
| 3 | Preadjustment alternative minimum taxable income (AMTI). Combine lines 1 and 2s | | | 3 | 175,007,240. |
| 4 | **Adjusted current earnings (ACE) adjustment:** | | | | |
| a | Enter the corporation's ACE from line 10 of the worksheet on page 11 of the instructions | 4a | 182,944,752. | | |
| b | Subtract line 3 from line 4a. If line 3 exceeds line 4a, enter the difference as a negative amount (see examples beginning on page 5 of the instructions) | 4b | 7,937,512. | | |
| c | Multiply line 4b by 75% (.75). Enter the result as a positive amount | 4c | 5,953,134. | | |
| d | Enter the excess, if any, of the corporation's total increases in AMTI from prior year ACE adjustments over its total reductions in AMTI from prior year ACE adjustments (see page 6 of the instructions). *Note: You must enter an amount on line 4d (even if line 4b is positive)* | 4d | 8,830,376. | | |
| e | ACE adjustment: • If you entered a positive number or zero on line 4b, enter the amount from line 4c here as a positive amount. • If you entered a negative number on line 4b, enter the smaller of line 4c or line 4d here as a negative amount. | | | 4e | 5,953,134. |
| 5 | Combine lines 3 and 4e. If zero or less, stop here; the corporation does not owe alternative minimum tax | | | 5 | 180,960,374. |
| 6 | Alternative tax net operating loss deduction (see page 6 of the instructions) | | | 6 | 27,967. |
| 7 | **Alternative minimum taxable income.** Subtract line 6 from line 5. If the corporation held a residual interest in a REMIC, see page 6 of the instructions | | | 7 | 180,932,407. |

**For Paperwork Reduction Act Notice, see separate instructions.** Form **4626** (1998)

JSA
8X2400 1.000

CLCB99 09/07/2001 15:19:48 V8.06.01 54-1773225 1

TRIGON HEALTHCARE, INC. & SUBSIDIARIES 54-1773225

Form 4626 (1998) Page 2

| | | | |
|---|---|---|---|
| 8 | Enter the amount from line 7 (alternative minimum taxable income) | 8 | 180,932,407. |
| 9 | **Exemption phase-out computation** (If line 8 is $310,000 or more, skip lines 9a and 9b and enter -0- on line 9c): | | |
| a | Subtract $150,000 from line 8 (if you are completing this line for a member of a controlled group, see page 7 of the instructions). If zero or less, enter -0- ... 9a | | |
| b | Multiply line 9a by 25% (.25) ... 9b | | |
| c | **Exemption.** Subtract line 9b from $40,000 (if you are completing this line for a member of a controlled group, see page 7 of the instructions). If zero or less, enter -0- | 9c | NONE |
| 10 | Subtract line 9c from line 8. If zero or less, enter -0- | 10 | 180,932,407. |
| 11 | Multiply line 10 by 20% (.20) | 11 | 36,186,481. |
| 12 | Alternative minimum tax foreign tax credit. See page 7 of the instructions | 12 | 40,184. |
| 13 | Tentative minimum tax. Subtract line 12 from line 11 | 13 | 36,146,297. |
| 14 | Regular tax liability before all credits except the foreign tax credit and possessions tax credit | 14 | 61,206,490. |
| 15 | **Alternative minimum tax.** Subtract line 14 from line 13. Enter the result on the appropriate line of the corporation's income tax return (e.g., Form 1120, Schedule J, line 9). If zero or less, enter -0- | 15 | NONE |

# Adjusted Current Earnings Worksheet

▶ See ACE Worksheet instructions (which begin on page 7).

| | | | | | |
|---|---|---|---|---|---|
| **1** | Pre-adjustment AMTI. Enter the amount from line 3 of Form 4626 | | | 1 | 175,007,240. |
| **2** | ACE depreciation adjustment: | | | | |
| a | AMT depreciation | 2a | 12,458,277. | | |
| b | ACE depreciation: | | | | |
| | (1) Post-1993 property — 2b(1): 2,646. | | | | |
| | (2) Post-1989, pre-1994 property — 2b(2): | | | | |
| | (3) Pre-1990 MACRS property — 2b(3): | | | | |
| | (4) Pre-1990 original ACRS property — 2b(4): | | | | |
| | (5) Property described in sections 168(f)(1) through (4) — 2b(5): | | | | |
| | (6) Other property — 2b(6): 12,013,249. | | | | |
| | (7) Total ACE depreciation. Add lines 2b(1) through 2b(6) | 2b(7) | 12,015,895. | | |
| c | ACE depreciation adjustment. Subtract line 2b(7) from line 2a | | | 2c | 442,382. |
| **3** | Inclusion in ACE of items included in earnings and profits (E&P): | | | | |
| a | Tax-exempt interest income | 3a | 6,421,239. | | |
| b | Death benefits from life insurance contracts | 3b | | | |
| c | All other distributions from life insurance contracts (including surrenders) | 3c | | | |
| d | Inside buildup of undistributed income in life insurance contracts | 3d | | | |
| e | Other items (see Regulations sections 1.56(g)-1(c)(6)(iii) through (ix) for a partial list) | 3e | | | |
| f | Total increase to ACE from inclusion in ACE of items included in E&P. Add lines 3a through 3e | | | 3f | 6,421,239. |
| **4** | Disallowance of items not deductible from E&P: | | | | |
| a | Certain dividends received | 4a | 1,063,980. | | |
| b | Dividends paid on certain preferred stock of public utilities that are deductible under section 247 | 4b | | | |
| c | Dividends paid to an ESOP that are deductible under section 404(k) | 4c | | | |
| d | Nonpatronage dividends that are paid and deductible under section 1382(c) | 4d | | | |
| e | Other items (see Regulations sections 1.56(g)-1(d)(3)(i) and (ii) for a partial list) | 4e | | | |
| f | Total increase to ACE because of disallowance of items not deductible from E&P. Add lines 4a through 4e | | | 4f | 1,063,980. |
| **5** | Other adjustments based on rules for figuring E&P: | | | | |
| a | Intangible drilling costs | 5a | | | |
| b | Circulation expenditures | 5b | | | |
| c | Organizational expenditures | 5c | | | |
| d | LIFO inventory adjustments | 5d | | | |
| e | Installment sales | 5e | | | |
| f | Total other E&P adjustments. Combine lines 5a through 5e | | | 5f | |
| **6** | Disallowance of loss on exchange of debt pools | | | 6 | |
| **7** | Acquisition expenses of life insurance companies for qualified foreign contracts | | | 7 | |
| **8** | Depletion | | | 8 | |
| **9** | Basis adjustments in determining gain or loss from sale or exchange of pre-1994 property | | | 9 | 9,911. |
| **10** | Adjusted current earnings. Combine lines 1, 2c, 3f, 4f, and 5f through 9. Enter the result here and on line 4a of Form 4626 | | | 10 | 182,944,752. |

Form **8827** (Rev. December 1998) Department of the Treasury Internal Revenue Service

# Credit For Prior Year Minimum Tax-Corporations

OMB No. 1545-1257

**1998**

▶Attach to the corporation's tax return.

Name TRIGON HEALTHCARE, INC. & SUBSIDIARIES CORPORATE TAX DEPARTMENT 42-B

Employer identification number 54-1773225

| | | | |
|---|---|---|---|
| 1 | Alternative minimum tax (AMT) for 1997. Enter the amount from line 15 of the 1997 Form 4626 | 1 | |
| 2 | Minimum tax credit carryforward from 1997. Enter the amount from line 9 of the 1997 Form 8827 | 2 | 43,030,536. |
| 3 | Enter the total of any 1997 unallowed nonconventional source fuel credit and 1997 unallowed qualified electric vehicle credit. See instructions | 3 | |
| 4 | Add lines 1, 2, and 3 | 4 | 43,030,536. |
| 5 | Enter the corporation's 1998 regular income tax liability minus allowable tax credits. See instructions | 5 | 61,199,084. |
| 6 | If the corporation is: • A "small corporation" exempt from the AMT for 1998, and line 5 is $25,000 or less, enter -0-. See instructions. • A "small corporation" exempt from the AMT for 1998, and line 5 is more than $25,000, enter 25% (.25) of the excess. • Not a "small corporation" exempt from the AMT for 1998, complete Form 4626 for 1998 and enter the tentative minimum tax from line 13 | 6 | 36,146,297. |
| 7 | Subtract line 6 from line 5. If zero or less, enter -0- | 7 | 25,052,787. |
| 8 | **Minimum tax credit.** Enter the smaller of line 4 or line 7. Also enter this amount on the appropriate line of the corporation's income tax return (e.g., Form 1120, Schedule J, line 4e). If the corporation had a post-1986 ownership change or has preacquisition excess credits, see instructions | 8 | 25,052,787. |
| 9 | **Minimum tax credit carryforward to 1999.** Subtract line 8 from line 4. See instructions | 9 | 17,977,749. |

## General Instructions

*Section references are to the Internal Revenue Code.*

### A Change To Note

The tax liability limit for the minimum tax credit has been modified for "small corporations" exempt from the AMT. For these corporations, the tax liability limit is the regular tax (minus allowable credits) reduced by 25% of the excess of the regular tax (minus allowable credits) over $25,000.

### Purpose of Form

Form 8827 is used by corporations to figure the minimum tax credit, if any, for AMT incurred in prior tax years and to figure any minimum tax credit carryforward.

### Who Should File

Form 8827 should be filed by corporations that had:

- An AMT liability in 1997;
- A minimum tax credit carryforward from 1997 to 1998; or
- A nonconventional source fuel credit or a qualified electric vehicle credit not allowed for 1997 (see the instructions for line 3).

## Specific Instructions

### Line 3

Enter the total of any nonconventional source fuel credit and qualified electric vehicle credit not allowed for 1997 solely because of the limitations under sections 29(b)(6)(B) and 30(b)(3)(B).

### Line 5

Enter the corporation's 1998 regular income tax liability (as defined in section 26(b)) minus any credits allowed under Subchapter A, Part IV, subparts B, D, E, and F of the Internal Revenue Code (e.g., if you are filing Form 1120, subtract any credits on Schedule J, lines 4a through 4d, from the amount on Schedule J, line 3).

### Line 6

See the 1998 Instructions for Form 4626 to find out if the corporation is treated as a "small corporation" exempt from the AMT. If the corporation is a "small corporation" exempt from the AMT, see section 38(c)(3) before completing line 6 for special rules that apply to controlled corporate groups, regulated investment companies, and real estate investment trusts.

### Line 8

If the corporation had a post-1986 ownership change (as defined in section 382(g)), the amount of pre-change minimum tax credits that can be applied against the corporation's tax for any tax year ending after the ownership change may be limited. See section 383 and the related regulations. To figure the amount of the pre-change credit, the corporation must allocate the credit for the change year between the pre-change period and the post-change period. The corporation must use the same method of allocation (ratable allocation or closing-of-the books) for purposes of sections 382 and 383. See Regulations section 1.382-6 for details. Also, preacquisition excess credits of one corporation generally cannot be used to offset the tax attributable to recognized built-in gains of another corporation. See section 384 for details.

If either limit applies, attach a computation of the minimum tax credit allowed. Enter that amount on line 8. Write "Sec. 383" or "Sec. 384" on the dotted line to the left of the line 8 entry space.

### Line 9

Keep a record of this amount to carry forward and use in future years.

**For Paperwork Reduction Act Notice, see page 2.** Form **8827** (1998) (Rev. 12-98)

JSA 8O4030 2.000

CLCB99 09/07/2001 15:20:33 V8.05.01 54-1773225 1

ORIGINAL RETURN AS FILED

Form **1120** — Department of the Treasury, Internal Revenue Service

# U.S. Corporation Income Tax Return

For calendar year 1998 or tax year beginning ________, 1998, ending ________, 19__

Instructions are separate. See page 1 for Paperwork Reduction Act Notice.

OMB No. 1545-0123 — **1998**

A Check if a: Consolidated return (attach Form 851) [X]; 2 Personal holding co. (attach Sch. PH) [ ]; 3 Personal service corp. (as defined in Temporary Regs. sec. 1.441-4T—see instructions) [ ]

Name: TRIGON HEALTHCARE, INC. & SUBSIDIARIES
CORPORATE TAX DEPARTMENT 42-B

Number, street, and room or suite no. (If a P.O. box, see page 5 of instructions.): 2221 EDWARD HOLLAND DRIVE

City or town, state, and ZIP code: RICHMOND, VA 23230

B Employer identification number: 54-1773225

C Date incorporated: 06/13/95

D Total assets (see page 5 of instructions): $ 3,446,162,935.

E Check applicable boxes: (1) Initial return (2) Final return (3) Change of address

| Section | Line | Description | | Amount |
|---|---|---|---|---|
| Income | 1a | Gross receipts or sales 3,032,094,884. b Less returns and allowances ______ c Bal | 1c | 3,032,094,884. |
| | 2 | Cost of goods sold (Schedule A, line 8) | 2 | |
| | 3 | Gross profit. Subtract line 2 from line 1c | 3 | 3,032,094,884. |
| | 4 | Dividends (Schedule C, line 19) | 4 | 230,056,319. |
| | 5 | Interest . . . See Statement 4 | 5 | 85,089,101. |
| | 6 | Gross rents | 6 | 110,340. |
| | 7 | Gross royalties | 7 | |
| | 8 | Capital gain net income (attach Schedule D (Form 1120)) | 8 | 86,388,213. |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 18 (attach Form 4797) | 9 | -35,508,154. |
| | 10 | Other income (see page 6 of instructions - attach schedule) . . . See Statement 5 | 10 | 43,566,535. |
| | 11 | Total income. Add lines 3 through 10 | 11 | 3,440,808,238. |
| Deductions (See instructions for limitations on deductions.) | 12 | Compensation of officers (Schedule E, line 4) | 12 | 5,029,149. |
| | 13 | Salaries and wages (less employment credits) | 13 | 156,975,464. |
| | 14 | Repairs and maintenance . . . See Statement 8 | 14 | 6,828,180. |
| | 15 | Bad debts . . . See Statement 10 | 15 | -305,867. |
| | 16 | Rents . . . See Statement 11 | 16 | 15,809,654. |
| | 17 | Taxes and licenses . . . See Statement 13 | 17 | 19,081,894. |
| | 18 | Interest . . . See Statement 20 | 18 | 17,167,406. |
| | 19 | Charitable contributions (see page 8 of instructions for 10% limitation) See Statement 22 | 19 | 1,143,943. |
| | 20 | Depreciation (attach Form 4562) — 20: 12,355,251. | | |
| | 21 | Less depreciation claimed on Schedule A and elsewhere on return — 21a | 21b | 12,355,251. |
| | 22 | Depletion | 22 | |
| | 23 | Advertising . . . See Statement 24 | 23 | 7,503,318. |
| | 24 | Pension, profit-sharing, etc., plans . . . See Statement 26 | 24 | 6,192,187. |
| | 25 | Employee benefit programs . . . See Statement 27 | 25 | 23,958,837. |
| | 26 | Other deductions (attach schedule) . . . See Statement 29 | 26 | 2,791,174,037. |
| | 27 | Total deductions. Add lines 12 through 26 | 27 | 3,070,913,110. |
| | 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | 28 | 369,895,128. |
| | 29 | Less: a Net operating loss deduction (see page 9 of instructions) — 29a: 141,203,007. b Special deductions (Schedule C, line 20) — 29b: 228,692,121. | 29c | 369,895,128. |
| Tax and Payments | 30 | Taxable income. Subtract line 29c from line 28 | 30 | |
| | 31 | Total tax (Schedule J, line 12) | 31 | 29,352,402. |
| | 32 | Payments: a 1997 overpayment credited to 1998 — 32a: 12,467,933. b 1998 estimated tax payments — 32b: 23,500,000. c Less 1998 refund applied for on Form 4466 — 32c: ( ) d Bal — 32d: 35,967,933. | | |
| | | e Tax deposited with Form 7004 — 32e: 2,500,000. | | |
| | | f Credit for tax paid on undistributed capital gains (attach Form 2439) — 32f | | |
| | | g Credit for Federal tax on fuels (attach Form 4136). See instructions — 32g | 32h | 38,467,933. |
| | 33 | Estimated tax penalty (see page 10 of instructions). Check if Form 2220 is attached [ ] | 33 | |
| | 34 | Tax due. If line 32h is smaller than the total of lines 31 and 33, enter amount owed | 34 | |
| | 35 | Overpayment. If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | 35 | 9,115,531. |
| | 36 | Enter amount of line 35 you want: Credited to 1999 estimated tax 9,115,531. Refunded | 36 | NONE |

RECEIVED ... INTERNAL REVENUE SERVICE ... RICHMOND

**Sign Here** — Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer: [signature] Date: 9/14/99 Title: CEO

**Paid Preparer's Use only** — Preparer's signature; Date; Check if self-employed [ ]; Preparer's social security no.; Firm's name (or yours if self-employed) and address; EIN; ZIP code

JFRTST 09/13/1999 14:43:41 V8.05.01 54-1773225 25

Form 1120 (1998) TRIGON HEALTHCARE, INC. & SUBSIDIARIES 54-1773225 Page 3

## Schedule J Tax Computation (See page 13 of instructions.)

1 Check if the corporation is a member of a controlled group (see sections 1561 and 1563) . . . . . ▶ ☐

Important: Members of a controlled group, see instructions on page 13.

2a If the box on line 1 is checked, enter the corporation's share of the $50,000, $25,000, and $9,925,000 taxable income brackets (in that order):

(1) ______ (2) ______ (3) ______

b Enter the corporation's share of: (1) Additional 5% tax (not more than $11,750) ______

(2) Additional 3% tax (not more than $100,000) ______

3 Income tax. Check if a qualified personal service corporation under section 448(d)(2) (see page 13) ▶ ☐ | 3 |

| | | |
|---|---|---|
| 4a Foreign tax credit (attach Form 1118) | 4a | 40,184. |
| b Possessions tax credit (attach Form 5735) | 4b | |
| c Check: [X] Nonconventional source fuel credit ☐ QEV credit (attach Form 8834) | 4c | 2,998. |
| d General business credit. Enter here and check which forms are attached: [X] 3800 ☐ 3468 ☐ 5884 ☐ 6478 ☐ 6765 ☐ 8586 ☐ 8830 ☐ 8826 ☐ 8835 ☐ 8844 ☐ 8845 ☐ 8846 ☐ 8820 ☐ 8847 ☐ 8861 | 4d | 838,126. |
| e Credit for prior year minimum tax (attach Form 8827) | 4e | |

| | | |
|---|---|---|
| 5 Total credits. Add lines 4a through 4e | 5 | 881,308. |
| 6 Subtract line 5 from line 3 | 6 | NONE |
| 7 Personal holding company tax (attach Schedule PH (Form 1120)) | 7 | |
| 8 Recapture taxes. Check if from: ☐ Form 4255 ☐ Form 8611 | 8 | |
| 9 Alternative minimum tax (attach Form 4626) | 9 | 29,352,402. |
| 10 Add lines 6 through 9 | 10 | 29,352,402. |
| 11 Qualified zone academy bond credit (attach Form 8860) | 11 | |
| 12 Total tax. Subtract line 11 from line 10. Enter here and on line 31, page 1 | 12 | 29,352,402. |

## Schedule K Other Information (See page 16 of instructions.)

| | Yes | No |
|---|---|---|
| 1 Check method of accounting: a ☐ Cash b [X] Accrual c ☐ Other (specify) ▶ ______ | | |
| 2 See page 17 of the instructions and state the: a Business activity code no. (NEW) ▶ 523900; b Business activity ▶ HOLDING COMPANY; c Product or service ▶ HOLDING COMPANY | | |
| 3 At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) . . See Form 851 | X | |
| If "Yes," attach a schedule showing: (a) name and identifying number, (b) percentage owned, and (c) taxable income or (loss) before NOL and special deductions of such corporation for the tax year ending with or within your tax year. | | |
| 4 Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? If "Yes," enter employer identification number and name of the parent corporation ▶ ______ | | X |
| 5 At the end of the tax year, did any individual, partnership, corporation, estate or trust own, directly or indirectly, 50% or more of the corporation's voting stock? (For rules of attribution, see section 267(c).) If "Yes," attach a schedule showing name and identifying number. (Do not include any information already entered in 4 above.) Enter percentage owned ▶ ______ | | X |
| 6 During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See sections 301 and 316.) If "Yes," file Form 5452. If this is a consolidated return, answer here for the parent corporation and on Form 851, Affiliations Schedule, for each subsidiary. | | X |
| 7 Was the corporation a U.S. shareholder of any controlled foreign corporation? (See sections 951 and 957.) If "Yes," attach Form 5471 for each such corporation. Enter number of Forms 5471 attached ▶ ______ | | X |
| 8 At any time during the 1998 calendar year, did the corporation have an interest in or a signature or other authority over a financial account (such as a bank account, securities account, or other financial account) in a foreign country? If "Yes," the corporation may have to file Form TD F 90-22.1. If "Yes," enter name of foreign country ▶ ______ | | X |
| 9 During the tax year, did the corporation receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the corporation may have to file Form 3520 | | X |
| 10 At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of: (a) the total voting power of all classes of stock of the corporation entitled to vote, or (b) the total value of all classes of stock of the corporation? If "Yes," a Enter percentage owned ▶ ______ b Enter owner's country ▶ ______ c The corporation may have to file Form 5472. Enter number of Forms 5472 attached ▶ ______ | | X |
| 11 Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . ▶ ☐ If so, the corporation may have to file Form 8281. | | |
| 12 Enter the amount of tax-exempt interest received or accrued during the tax year ▶ 7,554,399. | | |
| 13 If there were 35 or fewer shareholders at the end of the tax year, enter the number ▶ ______ | | |
| 14 If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ ☐ | | |
| 15 Enter the available NOL carryover from prior tax years (Do not reduce it by any deduction on line 29a.) ▶ $ 226,425,158. | | |

JSA 8C1130 1.000

Form **4626** Department of the Treasury Internal Revenue Service

# Alternative Minimum Tax - Corporations

▶ See separate instructions.
▶ Attach to the corporation's tax return.

OMB No. 1545-0175 **1998**

Name: TRIGON HEALTHCARE, INC. & SUBSIDIARIES CORPORATE TAX DEPARTMENT 42-8

Employer identification number: 54-1773225

| | | | | |
|---|---|---|---|---|
| 1 | Taxable income or (loss) before net operating loss deduction | | 1 | 141,203,007. |
| 2 | Adjustments and preferences: | | | |
| a | Depreciation of post-1986 property | 2a 36,701. | | |
| b | Amortization of certified pollution control facilities | 2b | | |
| c | Amortization of mining exploration and development costs | 2c | | |
| d | Amortization of circulation expenditures (personal holding companies only) | 2d | | |
| e | Adjusted gain or loss | 2e -201,943. | | |
| f | Long-term contracts | 2f | | |
| g | Installment sales | 2g | | |
| h | Merchant marine capital construction funds | 2h | | |
| i | Section 833(b) deduction (Blue Cross, Blue Shield, and similar type organizations only) | 2i | | |
| j | Tax shelter farm activities (personal service corporations only) | 2j | | |
| k | Passive activities (closely held corporations and personal service corporations only) | 2k | | |
| l | Loss limitations | 2l | | |
| m | Depletion | 2m | | |
| n | Tax-exempt interest from specified private activity bonds | 2n | | |
| o | Intangible drilling costs | 2o | | |
| p | Accelerated depreciation of real property (pre-1987) | 2p | | |
| q | Accelerated depreciation of leased personal property (pre-1987) (personal holding companies only) | 2q | | |
| r | Other adjustments . . . Stmt. 139 | 2r | | |
| s | Combine lines 2a through 2r | | 2s | -165,242. |
| 3 | Preadjustment alternative minimum taxable income (AMTI). Combine lines 1 and 2s | | 3 | 141,037,765. |
| 4 | Adjusted current earnings (ACE) adjustment: | | | |
| a | Enter the corporation's ACE from line 10 of the worksheet on page 11 of the instructions | 4a 148,975,277. | | |
| b | Subtract line 3 from line 4a. If line 3 exceeds line 4a, enter the difference as a negative amount (see examples beginning on page 5 of the instructions) | 4b 7,937,512. | | |
| c | Multiply line 4b by 75% (.75). Enter the result as a positive amount | 4c 5,953,134. | | |
| d | Enter the excess, if any, of the corporation's total increases in AMTI from prior year ACE adjustments over its total reductions in AMTI from prior year ACE adjustments (see page 6 of the instructions). *Note: You must enter an amount on line 4d (even if line 4b is positive)* . . . See Statement 140 | 4d 6,930,376. | | |
| e | ACE adjustment: • If you entered a positive number or zero on line 4b, enter the amount from line 4c here as a positive amount. • If you entered a negative number on line 4b, enter the smaller of line 4c or line 4d here as a negative amount. | | 4e | 5,953,134. |
| 5 | Combine lines 3 and 4e. If zero or less, stop here; the corporation does not owe alternative minimum tax | | 5 | 146,990,899. |
| 6 | Alternative tax net operating loss deduction (see page 6 of the instructions) . Stmt. 141 | | 6 | 27,967. |
| 7 | **Alternative minimum taxable income.** Subtract line 6 from line 5. If the corporation held a residual interest in a REMIC, see page 6 of the instructions | | 7 | 146,962,932. |

**For Paperwork Reduction Act Notice, see separate instructions.** Form 4626 (1998)

JJA 8X2400 1.000

JFRTST 09/13/1999 14:43:41 V8.05.01 54-1773225 47

TRIGON HEALTHCARE, INC. & SUBSIDIARIES

Form 4626 (1998) 54-1773225



| | | | |
|---|---|---|---|
| 8 | Enter the amount from line 7 (alternative minimum taxable income) | 8 | 146,962,932. |
| 9 | **Exemption phase-out computation** (If line 8 is $310,000 or more, skip lines 9a and 9b and enter -0- on line 9c): | | |
| a | Subtract $150,000 from line 8 (If you are completing this line for a member of a controlled group, see page 7 of the instructions). If zero or less, enter -0- ... 9a | | |
| b | Multiply line 9a by 25% (.25) ... 9b | | |
| c | **Exemption.** Subtract line 9b from $40,000 (If you are completing this line for a member of a controlled group, see page 7 of the instructions). If zero or less, enter -0- | 9c | NONE |
| 10 | Subtract line 9c from line 8. If zero or less, enter -0- | 10 | 146,962,932. |
| 11 | Multiply line 10 by 20% (.20) | 11 | 29,392,586. |
| 12 | Alternative minimum tax foreign tax credit. See page 7 of the instructions | 12 | 40,184. |
| 13 | Tentative minimum tax. Subtract line 12 from line 11 | 13 | 29,352,402. |
| 14 | Regular tax liability before all credits except the foreign tax credit and possessions tax credit | 14 | |
| 15 | **Alternative minimum tax.** Subtract line 14 from line 13. Enter the result on the appropriate line of the corporation's income tax return (e.g., Form 1120, Schedule J, line 9). If zero or less, enter -0- | 15 | 29,352,402. |

JSA
8X2401 1.000

IRS FORM 4549-A

Page 5_ of __

(A)

FORM 4549-A
REV 7/81

DEPT. OF THE TREASURY-INTERNAL REVENUE SERVICE
INCOME TAX EXAMINATION CHANGES

| Name and Address of Taxpayers | EIN | Filing Status | Form No. |
|---|---|---|---|
| TRIGON HEALTHCARE, INC. & SUBS<br>2015 STAPLES MILL ROAD<br>RICHMOND, VA 23230 | 54-1773225 | | 1120 |
| | Person With Whom Changes Were Discussed<br>STEPHEN MEYER -- DIRECTOR, CORP. TAX | | |

| 1. Adjustments to Income | Year: 12/97 | Year: 12/98 | Year: |
|---|---|---|---|
| A. Subscriber List/Provider List | 48,800,883 | 33,969,476 | |
| B. Assembled Workforce | 0 | 0 | |
| C. Customer Documents | 0 | 0 | |
| D. Net Operating Losses | 95,785,901 | 141,203,007 | |
| E. Charitable Contributions | (987,214) | | |
| F. | | | |
| G. | | | |
| 2. Total Adjustments | 143,599,570 | 175,172,482 | |
| 3. Taxable Income per Return | 987,214 | 0 | |
| 4. Corrected Taxable Income | 144,586,784 | 175,172,482 | |
| 5. Tax | 50,605,374 | 61,310,369 | |
| 6. Alternative Tax, See Schedule | | | |
| 7. Corrected Tax Liability | 50,605,374 | 61,310,369 | |
| 8. Less Credits: | | | |
| A. Foreign Tax Credit | 63,695 | 40,184 | |
| B. Gen. Business Credit | 4,408 | 2,998 | |
| C. AMT Credit | 21,682,001 | 14,574,973 | |
| 9. Balance | 28,855,270 | 46,692,214 | |
| 10. Plus: | | | |
| A. Recapture of ITC | | | |
| B. Alt. Minimum Tax | 0 | 0 | |
| C. Environmental Tax | 0 | 0 | |
| 11. Total Corrected Tax Liability | 28,855,270 | 46,692,214 | |
| 12. Total Tax per Return | 19,485,571 | 29,352,402 | |
| 13. DEFICIENCY (line 11-line 12) | 9,369,699 | 17,339,812 | |
| 14. OVERASSESSMENT (line 12-line 11) | 0 | 0 | |
| 15. Adjust. to Prepayment Credits | | | |
| 16. BALANCE DUE | 9,369,699 | 17,339,812 | |
| 17. OVERPAYMENT | 0 | 0 | |
| 18. Penalties, (see explanation) | 0 | 0 | |

Other Information

| Examiner's Signature | Date |
|---|---|
| Frederick R. Bell | April 13, 2000 |

1998 AMT

| 1998 | | | |
|---|---|---|---|
| | AMOUNTS PER RETURN | ADJUSTMENTS | AMOUNTS AS CORRECTED |
| Pre-NOL Taxable Income | 141,203,007 | 33,969,475 | 175,172,482 |
| Adjustments: | | | |
| Depreciation | 36,701 | | 36,701 |
| Basis Gain/Loss | (201,943) | | (201,943) |
| Sec.833 Deduction | 0 | | 0 |
| Other | 0 | | 0 |
| TOTAL Adjustments | (165,242) | | (165,242) |
| Preferences: | | | |
| Accelerated Deprec. | | | |
| TOTAL Preferences | 0 | | 0 |
| AMTI + Adj. + Pref. | 141,037,765 | | 175,007,240 |
| ACE | 148,975,277 | 33,969,475 | 182,944,752 |
| Difference | 7,937,512 | | 7,937,512 |
| 75% of Difference | 5,953,134 | | 5,953,134 |
| AMTI + Adj. + Pref. + ACE | 146,990,899 | | 180,960,374 |
| AMT NOL | 27,967 | | 27,967 |
| AMTI | 146,962,932 | | 180,932,407 |
| Exemption | 0 | | 0 |
| AMTI - Exemption | 146,962,932 | | 180,932,407 |
| 20% (AMTI - Exemption) | 29,392,586 | | 36,186,481 |
| AMT FTC | 40,184 | | 40,184 |
| Tentative AMT | 29,352,402 | | 36,146,297 |
| Regular Income Tax | 0 | | 61,267,187 |
| AMT | 29,352,402 | | 0 |
| AMT NOL Available for Carryforward | 0 | | 0 |

# CARRYOVERS

| Item | 1986 | 1987 | 1988 | 1989 | 1990 | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 | 1997 | 1998 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Income Tax NOL 3/88,Yr | 304,601 | 66,432,245 | 77,141,945 | 42,505,007 | 37,561,279 | 12,421,223 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| AMT NOL | | 59,117,175 | 78,698,613 | 7,956,448 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Contributions | | | | | | | | | | | | | |
| FTC | | 2,970 | 7,224 | 10,843 | 33,114 | 69,405 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| AMT FTC | | 2,970 | 7,224 | 10,843 | 1,087 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| TJTC | | 0 | 24,490 | 28,079 | 42,894 | 65,107 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Research Credit | | 13,365 | 25,657 | 25,657 | 25,657 | 25,657 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| ITC | | 680,182 | 680,182 | 680,182 | 680,182 | 680,182 | 0 | 0 | 0 | 11,025 | 11,025 | 11,025 | 11,025 |
| AMT Credit | | 0 | 0 | 1,576,608 | 13,076,254 | 38,104,516 | 61,799,139 | 61,915,872 | 70,756,830 | 62,058,882 | 36,256,974 | 14,574,973 | 0 |

Regular Tax NOL from 1987 into 1988 reduced by $6,125,178 carried back into 1986

* Includes $84,482 of AMT NOL acquired during 1993

* Includes $228,737 of AMT NOL acquired during 1994

Gen. Bus. Credit has been increased by unused nonconventional fuels credit of $1,727 in 1994, $3,473 in 1995, and $3,780 in 1996.

(B)

AMENDED 1997 RETURN

Form **1120X**
(Rev. April 1995)
Department of the Treasury
Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending
▶ December 1997
(Enter month and year)

Please Type or Print

Name: Trigon Healthcare, Inc. & Subsidiaries

Employer identification number: 54-1773225

Number, street, and room or suite no. (If a P.O. box, see instructions.): 2221 Edward Holland Drive Mail Drop 42-B

City or town, state, and ZIP code: Richmond, Virginia 23230

Telephone number (optional): (804) 354-3454

Enter name and address used on original return (If same as above, write "Same."): Same

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

## Fill in Applicable Items and Use Part II To Explain Any Changes

**Part I** Income and Deductions (See instructions.)

| | (a) As originally reported or as previously adjusted | (b) Net change (increase or decrease — explain in Part II) | (c) Correct amount |
|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 2,930,586,948 | | 2,930,586,948 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2,786,000,164 | 173,647,308 | 2,959,647,472 |
| 3 Taxable income. Subtract line 2 from line 1 | 144,586,784 | (173,647,308) | (29,060,524) |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 28,855,270 | (28,855,270) | -0- |

**Payments and Credits** (See instructions.)

| | (a) | (b) | (c) |
|---|---|---|---|
| 5a Overpayment in prior year allowed as a credit | 3,010,470 | | 3,010,470 |
| b Estimated tax payments | 28,750,000 | | 28,750,000 |
| c Refund applied for on Form 4466 | | | |
| d Subtract line 5c from the sum of lines 5a and 5b | 31,760,470 | | 31,760,470 |
| e Tax deposited with Form 7004 | | | |
| f Credit from Form 2439 | | | |
| g Credit for Federal tax on fuels | | | |
| 6 Tax deposited or paid with (or after) the filing of the original return | | | 10,600,000 |
| 7 Add lines 5d through 6, column (c) | | | 42,360,470 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | | | 12,274,899 |
| 9 Subtract line 8 from line 7 | | | 30,085,571 |

MAY 3 0 2001

**Tax Due or Refund**

| | |
|---|---|
| 10 **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury" (see instructions) ▶ | |
| 11 **Refund.** Subtract line 4, column (c), from line 9 ▶ | 30,085,571 |

**Please Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer ▶ 5/29/01 Date ▶ CFO Title

**Paid Preparer's Use Only**

| | | |
|---|---|---|
| Preparer's signature ▶ | Date | Check if self-employed ▶ ☐ / Preparer's social security no. |
| Firm's name (or yours if self-employed) and address ▶ | | EIN ▶ / ZIP code ▶ |

For Paperwork Reduction Act Notice, see instructions on page 4. Form **1120X** (Rev. 4-95)

ISA
STF FED4298F 1

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Attach additional sheets if necessary. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . . . . ▶ ☐

1) 1997 Internal Revenue Code Section 162 Expense paid to the State of Virginia as referenced in Internal Revenue Service TAM 104871-00 (Copy Attached) $ 174,844,000

2) Addback adjustment for corporate contributions due to generation of a consolidated loss from transaction # 1. ($ 1,196,692)

Line 2b - Total Adjustment $ 173,647,308

Talgon Healthcare, Inc. & Subsidiaries
1120X Amended U.S. Income Tax Return
Year Ending December 31, 1997

| | (A) Originally Filed Tax Return | (B) IRS Adjustment 03/23/1999 | (B) Revised Amounts As of 03/27/99 | (C) IRS Form 4549A Adjustment 04/13/00 | (C) IRS Letter 531 2/16/01 & IRS Form 4549A Revised Amounts As of 04/13/00 | (D) Form 1120X TAM 104871-00 Issued 3/06/01 Additional Deduction | (E) Revised Form 1120 As Amended & Column ( c ) of Form 1120X |
|---|---|---|---|---|---|---|---|
| Total Income | $ 2,930,586,948.00 | $ - | $ 2,930,586,948.00 | $ - | $ 2,934,586,948.00 | $ - | $ 2,930,586,948.00 |
| Total Deductions | $ 2,938,586,948.00 | $ (987,214.00) | $ 2,929,599,734.00 | $ (143,589,570.00) | $ 2,786,000,164.00 | $ 173,647,308.00 | $ 2,959,647,472.00 |
| Taxable Income | $ - | $ 987,214.00 | $ 987,214.00 | $ 143,589,570.00 | $ 144,888,784.00 | $ (173,647,308.00) | $ (29,060,524.00) |
| Tax | $ 19,282,537.00 | $ 193,034.00 | $ 19,485,571.00 | $ 9,389,699.00 | $ 28,856,270.00 | $ (28,856,270.00) | $ - |
| Overpayment Credited To Next Years Tax | $ 12,467,933.00 | $ (193,034.00) | $ 12,274,899.00 | $ - | $ 12,274,899.00 | $ - | $ 12,274,899.00 |

Ⓒ IRS FORM 4549 A

Page 1 of 2

FORM 4549-A
REV 7/81

DEPT. OF THE TREASURY-INTERNAL REVENUE SERVICE
INCOME TAX EXAMINATION CHANGES

| Name and Address of Taxpayers | EIN | Filing Status | Form No. |
|---|---|---|---|
| TRIGON HEALTHCARE, INC. & SUBS<br>2015 STAPLES MILL ROAD<br>RICHMOND, VA 23230 | 54-1773225 | | 1120 |
| | Person With Whom Changes Were Discussed<br>STEPHEN MEYER - DIRECTOR, CORP. TAX | | |

| 1. Adjustments to Income | Year: 12/97 | Year: 12/98 | Year: |
|---|---|---|---|
| A. Subscriber List/Provider List | 48,600,883 | 33,969,475 | |
| B. Assembled Workforce | 0 | 0 | |
| C. Customer Documents | 0 | 0 | |
| D. Net Operating Losses | 95,758,901 | 141,203,007 | |
| E. Charitable Contributions | (987,214) | | |
| F. | | | |
| G. | | | |
| 2. Total Adjustments | 143,699,570 | 175,172,482 | |
| 3. Taxable Income per Return | 987,214 | 0 | |
| 4. Corrected Taxable Income | 144,686,784 | 175,172,482 | |
| 5. Tax | 50,605,374 | 61,310,369 | |
| 6. Alternative Tax, See Schedule | | | |
| 7. Corrected Tax Liability | 50,605,374 | 61,310,369 | |
| 8. Less Credits: | | | |
| A. Foreign Tax Credit | 63,695 | 40,184 | |
| B. Gen. Business Credit | 4,408 | 2,998 | |
| C. AMT Credit | 21,682,001 | 14,574,973 | |
| 9. Balance | 28,855,270 | 46,692,214 | |
| 10. Plus: | | | |
| A. Recapture of ITC | | | |
| B. Alt. Minimum Tax | 0 | 0 | |
| C. Environmental Tax | 0 | 0 | |
| 11. Total Corrected Tax Liability | 28,855,270 | 46,692,214 | |
| 12. Total Tax per Return | 19,485,571 | 29,352,402 | |
| 13. DEFICIENCY (line 11-line 12) | 9,369,699 | 17,339,812 | |
| 14. OVERASSESSMENT (line 12-line 11) | 0 | 0 | |
| 15. Adjust. to Prepayment Credits | | | |
| 16. BALANCE DUE | 9,369,699 | 17,339,812 | |
| 17. OVERPAYMENT | 0 | 0 | |
| 18. Penalties, (see explanation) | 0 | 0 | |

Other Information

| Examiner's Signature | Date |
|---|---|
| Frederick R. Bell | April 13, 2000 |

1997 AMT

| 1997 | AMOUNTS PER RETURN | ADJUSTMENTS | AMOUNTS AS CORRECTED |
|---|---|---|---|
| Pre-NOL Taxable Income | 95,785,901 | 47,813,669 | 143,599,570 |
| Adjustments: | | | |
| Depreciation | 639,682 | | 639,682 |
| Basis Gain/Loss | (327,739) | | (327,739) |
| Sec.833 Deduction | 0 | | 0 |
| Other | 0 | | 0 |
| TOTAL Adjustments | 311,943 | | 311,943 |
| Preferences: | | | |
| Accelerated Deprec. | | | |
| TOTAL Preferences | 0 | | 0 |
| AMTI + Adj. + Pref. | 96,097,844 | | 143,911,513 |
| ACE | 97,008,929 | 47,813,669 | 144,822,598 |
| Difference | 911,085 | | 911,085 |
| 75% of Difference | 683,314 | | 683,314 |
| AMTI + Adj. + Pref. + ACE | 96,781,158 | | 144,594,827 |
| AMT NOL | 0 | | 0 |
| AMTI | 96,781,158 | | 144,594,827 |
| Exemption | 0 | | 0 |
| AMTI - Exemption | 96,781,158 | | 144,594,827 |
| 20% (AMTI - Exemption) | 19,356,232 | | 28,918,965 |
| AMT FTC | 63,695 | | 63,695 |
| Tentative AMT | 19,292,537 | | 28,855,270 |
| Regular Income Tax | 0 | | 50,537,271 |
| AMT | 19,292,537 | | 0 |
| AMT NOL Available for Carryforward | 0 | | 0 |

(E) FORM 1120 AS AMENDED

Form **1120**
Department of the Treasury
Internal Revenue Service

# U.S. Corporation Income Tax Return

For calendar year 1997 or tax year beginning ______, 1997, ending ______, 19__

▶ Instructions are separate. See page 1 for Paperwork Reduction Act Notice.

OMB No. 1545-0123

**1997**

A Check if a:
1 Consolidated return (attach Form 851) ☐
2 Personal holding co. (attach Sch. PH) ☐
3 Personal service corp. (as defined in Temporary Regs. sec. 1.441-4T — see instructions) ☐

Name: Trigon Healthcare, Inc. & Subsidiaries
Corporate Tax Department

Number, street, and room or suite no. (If a P.O. box, see page 5 of instructions.)
2221 Edward Holland Drive 42-B

City or town, state, and ZIP code
Richmond, VA 23230

B Employer identification number: 54-1773225

C Date incorporated: 06/13/95

D Total assets (see page 5 of instructions): $ 2,869,825,846

E Check applicable boxes: (1) ☐ Initial return (2) ☐ Final return (3) ☐ Change of address

## Income

| Line | Description | | Amount |
|---|---|---|---|
| 1a | Gross receipts or sales | 2,817,266,341 | |
| b | Less returns and allowances | | |
| c | Bal ▶ | 1c | 2,817,266,341 |
| 2 | Cost of goods sold (Schedule A, line 8) | 2 | |
| 3 | Gross profit. Subtract line 2 from line 1c | 3 | 2,817,266,341 |
| 4 | Dividends (Schedule C, line 19) | 4 | 5,455,195 |
| 5 | Interest | 5 | 80,748,189 |
| 6 | Gross rents | 6 | |
| 7 | Gross royalties | 7 | |
| 8 | Capital gain net income (attach Schedule D (Form 1120)) | 8 | 56,131,900 |
| 9 | Net gain or (loss) from Form 4797, Part II, line 18 (attach Form 4797) | 9 | -42,674,094 |
| 10 | Other income (see page 6 of instructions - attach schedule) | 10 | 13,659,417 |
| 11 | Total income. Add lines 3 through 10 ▶ | 11 | 2,930,586,946 |

## Deductions (See instructions for limitations on deductions.)

| Line | Description | | Amount |
|---|---|---|---|
| 12 | Compensation of officers (Schedule E, line 4) | 12 | 4,341,392 |
| 13 | Salaries and wages (less employment credits) | 13 | 154,408,279 |
| 14 | Repairs and maintenance | 14 | 6,569,226 |
| 15 | Bad debts | 15 | 1,096,486 |
| 16 | Rents | 16 | 17,186,594 |
| 17 | Taxes and licenses | 17 | 12,786,463 |
| 18 | Interest | 18 | 16,611,976 |
| 19 | Charitable contributions (see page 8 of instructions for 10% limitation) | 19 | NONE |
| 20 | Depreciation (attach Form 4562) — 20: 11,378,123 | | |
| 21 | Less depreciation claimed on Schedule A and elsewhere on return — 21a | 21b | 11,378,123 |
| 22 | Depletion | 22 | |
| 23 | Advertising | 23 | 5,922,867 |
| 24 | Pension, profit-sharing, etc., plans | 24 | 7,053,897 |
| 25 | Employee benefit programs | 25 | 25,649,439 |
| 26 | Other deductions (attach schedule) | 26 | 2,695,714,633 |
| 27 | Total deductions. Add lines 12 through 26 ▶ | 27 | 2,958,749,375 |
| 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | 28 | -28,162,427 |
| 29 | Less: a Net operating loss deduction (see page 9 of instructions) — 29a: NONE | | |
| | b Special deductions (Schedule C, line 20) — 29b: 898,097 | 29c | 898,097 |

## Tax and Payments

| Line | Description | | Amount |
|---|---|---|---|
| 30 | Taxable income. Subtract line 29c from line 28 | 30 | -29,060,524 |
| 31 | Total tax (Schedule J, line 10) | 31 | NONE |
| 32a | Payments: a 1996 overpayment credited to 1997 — 32a: 3,010,470 | | |
| b | 1997 estimated tax payments — 32b: 28,750,000 | | |
| c | Less 1997 refund applied for on Form 4466 — 32c: ( ) | | |
| d | Bal ▶ — 32d: 31,760,470 | | |
| e | Tax deposited with Form 7004 — 32e | | |
| f | Credit for tax paid on undistributed capital gains (attach Form 2439) — 32f | | |
| g | Credit for Federal tax on fuels (attach Form 4136). See instructions — 32g | 32h | 31,760,470 |
| 33 | Estimated tax penalty (see page 10 of instructions). Check if Form 2220 is attached ▶ ☐ | 33 | |
| 34 | Tax due. If line 32h is smaller than the total of lines 31 and 33, enter amount owed | 34 | |
| 35 | Overpayment. If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | 35 | 31,760,470 |
| 36 | Enter amount of line 35 you want: Credited to 1998 estimated tax ▶ 12,274,899 Refunded ▶ | 36 | 19,485,571 |

**Sign Here** — Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Signature of officer    Date    ▶ Title

**Paid Preparer's Use only**

Preparer's signature ▶    Date    Check if self-employed ☐    Preparer's social security no.

Firm's name (or yours if self-employed) and address ▶    EIN ▶    ZIP code ▶

JSA

Trigon Healthcare, Inc. & Subsidiaries

Form 1120 (1997) 54-1773225 Page 3

## Schedule J Tax Computation (See page 12 of instructions.)

1 Check if the corporation is a member of a controlled group (see sections 1561 and 1563) ▶ [ ]
Important: Members of a controlled group, see instructions on page 12.

2a If the box on line 1 is checked, enter the corporation's share of the $50,000, $25,000, and $9,925,000 taxable income brackets (in that order):
(1) ______ (2) ______ (3) ______

b Enter the corporation's share of:
(1) Additional 5% tax (not more than $11,750)
(2) Additional 3% tax (not more than $100,000)

3 Income tax. Check this box if the corporation is a qualified personal service corporation as defined in section 448(d)(2) (see instructions on page 13) ▶ [ ] | 3 |

| | | |
|---|---|---|
| 4a Foreign tax credit (attach Form 1118) | 4a | 63,695. |
| b Possessions tax credit (attach Form 5735) | 4b | |
| c Check: [X] Nonconventional source fuel credit [ ] QEV credit (attach Form 8834) | 4c | 4,408. |
| d General business credit. Enter here and check which forms are attached: [ ] 3468 [ ] 5884 [ ] 6478 [ ] 6765 [ ] 8586 [ ] 8830 [X] 3800 [ ] 8835 [ ] 8844 [ ] 8845 [ ] 8846 [ ] 8820 [ ] 8847 [ ] 8826 [ ] 8861 | 4d | 838,126. |
| e Credit for prior year minimum tax (attach Form 8827) | 4e | |

| | | |
|---|---|---|
| 5 Total credits. Add lines 4a through 4e | 5 | |
| 6 Subtract line 5 from line 3 | 6 | NONE |
| 7 Personal holding company tax (attach Schedule PH (Form 1120)) | 7 | NONE |
| 8 Recapture taxes. Check if from: [ ] Form 4255 [ ] Form 8611 | 8 | |
| 9 Alternative minimum tax (attach Form 4626) | 9 | NONE |
| 10 Total tax. Add lines 6 through 9. Enter here and on line 31, page 1 | 10 | NONE |

## Schedule K Other Information (See page 14 of instructions.)

| | Yes | No |
|---|---|---|
| 1 Check method of accounting: a [ ] Cash b [X] Accrual c [ ] Other (specify) ▶ | | |
| 2 See page 16 of the instructions and state the principal: a Business activity code no. ▶ 6359 b Business activity ▶ Holding Company c Product or service ▶ Holding Company | | |
| 3 At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) If "Yes," attach a schedule showing: (a) name and identifying number, (b) percentage owned, and (c) taxable income or (loss) before NOL and special deductions of such corporation for the tax year ending with or within your tax year. | X | |
| 4 Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? If "Yes," enter employer identification number and name of the parent corporation ▶ | | X |
| 5 At the end of the tax year, did any individual, partnership, corporation, estate or trust own, directly or indirectly, 50% or more of the corporation's voting stock? (For rules of attribution, see section 267(c).) If "Yes," attach a schedule showing name and identifying number. (Do not include any information already entered in 4 above.) Enter percentage owned ▶ | | X |
| 6 During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See secs. 301 and 316.) If "Yes," file Form 5452. If this is a consolidated return, answer here for the parent corporation and on Form 851, Affiliations Schedule, for each subsidiary. | X | |
| 7 Was the corporation a U.S. shareholder of any controlled foreign corporation? (See sections 951 and 957.) If "Yes," attach Form 5471 for each such corporation. Enter number of Forms 5471 attached ▶ | | X |
| 8 At any time during the 1997 calendar year, did the corporation have an interest in or a signature or other authority over a financial account (such as bank account, securities account, or other financial account) in a foreign country? If "Yes," the corporation may have to file Form TD F 90-22.1. If "Yes," enter name of foreign country ▶ | | X |
| 9 During the tax year, did the corporation receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," see page 15 of the instructions for other forms the corporation may have to file | | X |
| 10 At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of: (a) the total voting power of all classes of stock of the corporation entitled to vote, or (b) the total value of all classes of stock of the corporation? If "Yes," a Enter percentage owned ▶ b Enter owner's country ▶ c The corporation may have to file Form 5472. Enter number of Forms 5472 attached ▶ | | X |
| 11 Check this box if the corporation issued publicly offered debt instruments with original issue discount ▶ [ ] If so, the corporation may have to file Form 8281. | | |
| 12 Enter the amount of tax-exempt interest received or accrued during the tax year ▶ 243,363. | | |
| 13 If there were 35 or fewer shareholders at the end of the tax year, enter the number ▶ 1 | | |
| 14 If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ [ ] | | |
| 15 Enter the available NOL carryover from prior tax years (Do not reduce it by any deduction on line 29a.) ▶ 321,930,780. | | |

JSA 7E1330'1.000 CABBY 05/17/01 14:37:47 V7.00 54-1773225

Form **4626** Department of the Treasury Internal Revenue Service

# Alternative Minimum Tax - Corporations

▶ See separate instructions.
▶ Attach to the corporation's tax return.

OMB No. 1545-0175

1997

Name: Trigon Healthcare, Inc. & Subsidiaries
Corporate Tax Department

Employer identification number: 54-1773225

| | | | | |
|---|---|---|---|---|
| 1 Taxable income or (loss) before net operating loss deduction | | | 1 | -29,060,524. |
| 2 Adjustments and preferences: | | | | |
| a Depreciation of post-1986 property | 2a | 639,682. | | |
| b Amortization of certified pollution control facilities | 2b | | | |
| c Amortization of mining exploration and development costs | 2c | | | |
| d Amortization of circulation expenditures (personal holding companies only) | 2d | | | |
| e Adjusted gain or loss | 2e | -327,739. | | |
| f Long-term contracts | 2f | | | |
| g Installment sales | 2g | | | |
| h Merchant marine capital construction funds | 2h | | | |
| i Section 833(b) deduction (Blue Cross, Blue Shield, and similar type organizations only) | 2i | | | |
| j Tax shelter farm activities (personal service corporations only) | 2j | | | |
| k Passive activities (closely held corporations and personal service corporations only) | 2k | | | |
| l Loss limitations | 2l | | | |
| m Depletion | 2m | | | |
| n Tax-exempt interest from specified private activity bonds | 2n | | | |
| o Charitable contributions | 2o | | | |
| p Intangible drilling costs | 2p | | | |
| q Accelerated depreciation of real property (pre-1987) | 2q | | | |
| r Accelerated depreciation of leased personal property (pre-1987) (personal holding companies only) | 2r | | | |
| s Other adjustments | 2s | | | |
| t Combine lines 2a through 2s | | | 2t | 311,943. |
| 3 Preadjustment alternative minimum taxable income (AMTI). Combine lines 1 and 2t | | | 3 | -28,748,581. |
| 4 Adjusted current earnings (ACE) adjustment: | | | | |
| a Enter the corporation's ACE from line 10 of the worksheet on page 5 of the instructions | 4a | -27,837,496. | | |
| b Subtract line 3 from line 4a. If line 3 exceeds line 4a, enter the difference as a negative amount (see examples beginning on page 4 of the instructions) | 4b | 911,085. | | |
| c Multiply line 4b by 75% (.75). Enter the result as a positive amount | 4c | 683,314. | | |
| d Enter the excess, if any, of the corporation's total increases in AMTI from prior year ACE adjustments over its total reductions in AMTI from prior year ACE adjustments (see page 5 of the instructions). *Note: You must enter an amount on line 4d (even if line 4b is positive)* | 4d | 8,247,171. | | |
| e ACE adjustment: • If you entered a positive number or zero on line 4b, enter the amount from line 4c here as a positive amount. See Statement 2 • If you entered a negative number on line 4b, enter the smaller of line 4c or line 4d here as a negative amount. | | | 4e | 683,314. |
| 5 Combine lines 3 and 4e. If zero or less, stop here; the corporation does not owe alternative minimum tax | | | 5 | -28,065,267. |
| 6 Alternative tax net operating loss deduction (see page 5 of the instructions) Stmt 3 | | | 6 | |
| 7 **Alternative minimum taxable income.** Subtract line 6 from line 5. If the corporation held a residual interest in a REMIC, see page 5 of the instructions | | | 7 | -28,065,267. |

**For Paperwork Reduction Act Notice, see separate instructions.** Form **4626** (1997)

Trigon Healthcare, Inc. & Subsidiaries

Form 4626 (1997) 54-1773225

Page 2

| | | | |
|---|---|---|---|
| 8 | Enter the amount from line 7 (alternative minimum taxable income) | 8 | -28,065,287. |
| 9 | Exemption phase-out computation (if line 8 is $310,000 or more, skip lines 9a and 9b and enter -0- on line 9c): | | |
| a | Subtract $150,000 from line 8 (if you are completing this line for a member of a controlled group, see page 5 of the instructions). If zero or less, enter -0- ... 9a NONE | | |
| b | Multiply line 9a by 25% (.25) ... 9b NONE | | |
| c | Exemption. Subtract line 9b from $40,000 (if you are completing this line for a member of a controlled group, see page 5 of the instructions). If zero or less, enter -0- | 9c | 40,000. |
| 10 | Subtract line 9c from line 8. If zero or less, enter -0- | 10 | NONE |
| 11 | Multiply line 10 by 20% (.20) | 11 | NONE |
| 12 | Alternative minimum tax foreign tax credit. See page 5 of the instructions | 12 | 63,695. |
| 13 | Tentative minimum tax. Subtract line 12 from line 11 | 13 | |
| 14 | Regular tax liability before all credits except the foreign tax credit and possessions tax credit | 14 | |
| 15 | Alternative minimum tax. Subtract line 14 from line 13. Enter the result on the appropriate line of the corporation's income tax return (e.g., Form 1120, Schedule J, line 9). If zero or less, enter -0- | 15 | NONE |

CAPITAL LOSS CARRYBACK FROM 1999 TO 1996 (C)

Form **1139**
(Rev. September 2000)
Department of the Treasury
Internal Revenue Service

# Corporation Application for Tentative Refund

▶ Read the separate instructions before completing this form.
▶ Do not attach to the corporation's income tax return — mail in a separate envelope.

OMB No. 1545-0582

Name: Trigon Healthcare, Inc.
Employer identification number: 54-1773225
Number, street, and room or suite no. (If a P.O. box, see instructions.): 2221 Edward Holland Drive 42-B
Date of incorporation: June 11, 1995
City or town, state, and ZIP code: Richmond, VA 23230
Telephone number (optional): (804) 354-3454

1 This application is filed to carry back: a Net operating loss (NOL) (attach computation) ▶ $ ; b Net capital loss (attach computation) ▶ $13,887,744 ; c Unused general business credit (attach computation) ▶ $

2 Return for year of loss, credit, or overpayment under section 1341(b)(1) ▶ a Tax year ended: 12/99 ; b Date filed: 09/15/2000 ; c Service center where filed: Philadelphia, PA

3 If this application is for an unused credit created by another carryback, enter ending date for the tax year of the first carryback ▶

4 Does the NOL or net capital loss result in the release of foreign tax credits or the release of other tax credits because of the release of a foreign tax credit? (see instructions) ☐ Yes ☒ No
If "Yes," you cannot file Form 1139. Instead, use Form 1120X.

5a Was a consolidated return filed for any tax year covered on this application? ☒ Yes ☐ No

b If "Yes," identify the year and enter the name of the common parent and its EIN, if different from above ▶ 1996-Blue Cross & Blue Shield of VA (54-0357120), 1997 & 1998-Trigon Healthcare, Inc.

6a If Form 1138 has been filed, was an extension of time granted for filing the return for the tax year of the NOL? ☐ Yes ☐ No

b If "Yes," give date to which extension was granted ▶ ______ c Give date Form 1138 was filed ▶

d Unpaid tax for which Form 1138 is in effect ▶

7 If you changed your accounting period, give date permission to change was granted ▶

8 If this is an application of a dissolved corporation, enter date of dissolution ▶

9 Have you filed a petition in Tax Court for the year or years to which the carryback is to be applied? ☐ Yes ☒ No

10 Does this application include a loss or credit from a tax shelter required to be registered? If "Yes," attach Form(s) 8271 ☐ Yes ☒ No

## Computation of Decrease in Tax

See page 2 of the instructions.

Note: *If no entry in 1a or 1b, skip lines 11 - 15.*

| | 3rd preceding tax year ended ▶ 12/96 | | 2nd preceding tax year ended ▶ 12/97 | | 1st preceding tax year ended ▶ 12/98 | |
|---|---|---|---|---|---|---|
| | (a) Before carryback | (b) After carryback | (c) Before carryback | (d) After carryback | (e) Before carryback | (f) After carryback |
| 11 Taxable income from tax return | 174,095,576 | 174,095,576 | -0- | -0- | -0- | -0- |
| 12 Capital loss carryback (see instructions) | | 13,887,744 | | | | |
| 13 Subtract line 12 from line 11 | | 160,207,832 | | -0- | | -0- |
| 14 NOL deduction (see instructions) | | | | | | |
| 15 Taxable income (subtract line 14 from line 13) | | 160,207,832 | | -0- | | |
| 16 Income tax | 60,933,452 | 56,072,742 | -0- | -0- | | -0- |
| 17 Alternative minimum tax | | | | | | -0- |
| 18 Add lines 16 and 17 | | | | | | |
| 19 General business credit (see instructions) | | | | | | |
| 20 Other credits (identify) | 26,063,096 | 23,979,935 | -0- | -0- | -0- | -0- |
| 21 Total credits (add lines 19 and 20) | 26,063,096 | 23,979,935 | -0- | -0- | -0- | -0- |
| 22 Subtract line 21 from line 16 | 34,870,356 | 32,092,807 | -0- | -0- | -0- | -0- |
| 23 Personal holding company tax (Sch. PH (Form 1120)) | | | | | | |
| 24 Recapture taxes and environmental tax | | | 19,292,537 | 19,292,537 | 29,352,402 | 29,352,402 |
| 25 Total tax liability (add lines 22 through 24) | 34,870,356 | 32,092,807 | 19,292,537 | 19,292,537 | 29,352,402 | 29,352,402 |
| 26 Recomputed tax liability (see instructions) | 32,092,807 | | 19,292,537 | | 29,352,402 | |
| 27 Decrease in tax (subtract line 26 from line 25) | 2,777,549 | | -0- | | -0- | |

28 Overpayment of tax due to a claim of right adjustment under section 1341(b)(1) — attach computation

29 Suspended research credit allowed for current year (see instructions)

**Sign Here**

Under penalties of perjury, I declare that I have examined this application and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete.

Keep a copy of this application for your records.

▶ [signature] Signature of officer ▶ 1/11/01 Date ▶ CFO Title

**Preparer Other Than Taxpayer** Name ▶ Address ▶ Date

**For Paperwork Reduction Act Notice, see separate instructions.**

ISA
STF FED4035F

Form **1139** (Rev. 9-2000)

Trigon Healthcare, Inc. & Subsidiaries
FEIN 54-1773225
Parent Company - 1999 Income Tax Return
Originating Year For Capital Loss Carryback
Form 1139 - Analysis of Credits

**Line 19 - Other Credits - 1996 Carryback Year:**

| | Before Carryback | After Carryback | DIFFERENC |
|---|---|---|---|
| Foreign Tax Credit | ~~$ 380,830.00~~ | ~~$ 380,830.00~~ | |
| Nonconventional Source Fuel Tax Credit | $ 3,760.00 | $ 3,760.00 | |
| Credit For Prior Year Minimum Tax | $ 25,738,506.00 | $ 23,655,345.00 | $2,083,161 |
| Difference In Tax From 4549A & Original Return | $ (60,000.00) | $ (60,000.00) | |
| Total Other Credits - Line 19 - 1996 Carryback Year | $ 26,063,096.00 | $ 23,979,935.00 | |

(D)

Amended 1994 Return

Form **1120X** (Rev. April 1993) Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ December 1994 (Enter month and year)

Please Type or Print

Name: Blue Cross & Blue Shield of Virginia & Subsidiaries

Employer identification number: 54-0357120

Number, street, and room or suite no. (If a P.O. box, see instructions.): 2221 Edward Holland Dr. Mail Drop 42 - B

City or town, state, and ZIP code: Richmond, Virginia 23230

Telephone number (optional): (804) 354-3454

Enter name and address used on original return (If same as above, write "Same.") Same

Internal Revenue Service Center where original return was filed ▶ Philadelphia, PA

## Fill in Applicable Items and Use Part II To Explain Any Changes

**Part I** Income and Deductions (See instructions.)

| | (a) As originally reported or as previously adjusted | (b) Net change (increase or decrease — explain in Part II) | (c) Correct amount |
|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 2,417,660,950 | | 2,417,660,950 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2,317,896,607 | 29,060,524 | 2,346,957,131 |
| 3 Taxable income. Subtract line 2 from line 1 | 99,764,343 | (29,060,524) | 70,693,819 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 23,461,464 | (5,480,782) | 17,980,682 |

**Payments and Credits** (See instructions.)

| | (a) | (b) | (c) |
|---|---|---|---|
| 5a Overpayment in prior year allowed as a credit | 701,458 | | 701,458 |
| b Estimated tax payments | 25,545,000 | | 25,545,000 |
| c Refund applied for on Form 4466 | | | |
| d Subtract line 5c from the sum of lines 5a and 5b | 26,246,458 | | 26,246,458 |
| e Tax deposited with Form 7004 | | | |
| f Credit from Form 2439 | | | |
| g Credit for Federal tax on fuels | | | |
| 6 Tax deposited or paid with (or after) the filing of the original return | | | 509,493 |
| 7 Add lines 5d through 6, column (c) | | | 26,836,951 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | | | 3,248,260 |
| 9 Subtract line 8 from line 7 | | | 23,588,691 |

INTERNAL REVENUE SERVICE RICHMOND, VA RECEIVED MAY 3 0 2001

**Tax Due or Refund**

| | |
|---|---|
| 10 Tax due. Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury" (see instructions) ▶ | |
| 11 Refund. Subtract line 4, column (c), from line 9 ▶ | 5,608,009 |

**Please Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer ▶ 5/30/01 Date ▶ CFO Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ▶ ☐ | Preparer's social security no.

Firm's name (or yours if self-employed) and address ▶ | EIN ▶ | ZIP code ▶

For Paperwork Reduction Act Notice, see instructions on page 4.

ISA STF FED4286F.1

Form **1120X** (Rev. 4-93)

Form 1120X (Rev. 4-99) Page 2

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Attach additional sheets if necessary. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here ▶ [X]

Net operating loss carryback from 1997 to 1994 resulting from an 1120X for 1997 filed May 30, 2001 (see attached).

Trigon Healthcare, Inc. & Subsidiaries (FEIN 54-1773225)
Formerly Blue Cross & Blue Shield of VA & Subsidiaries (FEIN 54-0557120)
Form 1120X - NOL Carryback from 97 to 94
Schedule of 1994 Tax Numbers As Revised

| | (A) Originally Filed Tax Return | (B) IRS Form 4549 Dated 12/[illegible] | (B) Revised Amounts From IRS Form 4549 | (C) IRS Form 4549A Adjustment 03/[illegible] | (C) Revised Amounts After IRS Form 4549A Dated 03/[illegible] | (D) IRS Form 4549A Adjustment 04/[illegible]/2000 | (D) Revised Amounts After IRS Form 4549A Dated 04/[illegible]/00 1994 Before Carryback | (E) 1997 NOL Carried Back To 1994 1120X Filed 3/29/01 | Form 1120X Revised Amounts After 97 Carryback |
|---|---|---|---|---|---|---|---|---|---|
| Taxable Income From Return | $ 88,293,102 | $ 11,461,[illegible] | $ 99,754,345 | $ - | $ 99,754,345 | $ - | $ 99,754,345 | $ (29,060,624) | $ 70,693,[illegible] |
| Income Tax Prior to Credits | $ 30,902,614 | $ 4,011,406 | $ 34,914,020 | $ - | $ 34,914,020 | $ - | $ 34,914,020 | $ (10,171,163) | $ 24,742,857 |
| General Business Credits | $ 618,347 | $ (487,702) | $ 130,645 | $ (109,011) | $ 21,634 | $ - | $ 21,634 | $ - | $ 21,634 |
| Other Credits: | | | | | | | | | |
| Foreign Tax Credit | $ 411,539 | $ 1,577 | $ 413,116 | $ - | $ 413,116 | $ - | $ 413,116 | $ - | $ 413,116 |
| Non-Conventional Source Fuel Tax Credit | $ 1,727 | | $ 1,727 | $ (1,727) | $ - | $ - | $ - | | $ [illegible] |
| Alt. Min. Tax Credit | $ 5,810,408 | $ 4,127,385 | $ 11,048,494 | $ 110,639 | $ 11,159,042 | $ - | $ 11,159,042 | $ (4,000,481) | $ 6,[illegible] |
| Total Credits | $ 6,047,621 | $ 3,651,670 | $ 11,693,791 | $ - | $ 11,593,797 | $ - | $ 11,593,792 | $ (4,659,401) | $ 6,983,390 |
| Total Tax Before Environmental Tax | $ 22,860,993 | $ 458,536 | $ 23,330,229 | $ - | $ 23,330,229 | $ - | $ 23,320,229 | $ (5,406,782) | $ 17,930,447 |
| Environmental Tax | $ 137,505 | $ 3,730 | $ 141,235 | $ - | $ 141,235 | $ - | $ 141,235 | $ - | $ 141,235 |
| Total Tax Liability | $ 22,998,498 | $ 463,366 | $ 23,461,464 | $ - | $ 23,461,464 | $ - | $ 23,461,464 | $ (5,400,782) | $ 17,060,682 |