**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WELLPOINT, INC.,** | § | |
| **formerly ANTHEM, INC.,** | § | |
| **successor in interest to** | § | |
| **TRIGON HEALTHCARE, INC.,** | § | |
| **& Subsidiaries,** | § | |
| | § | **No. 06-147 T** |
| **Plaintiff,** | § | **The Honorable Edward J. Damich** |
| | § | |
| **v.** | § | |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

## ANSWER

Defendant, the United States, by way of Answer to the Complaint in the above-captioned case, respectfully denies each and every allegation contained therein not specifically admitted below. Defendant objects that the Complaint violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff.

Throughout the Complaint, plaintiff alleges that acts undertaken were "timely," and that various papers were "refund claims" or "claims for refund." With respect to each such allegation, defendant avers that the allegation is a legal conclusion, to which no response is required and that, to the extent any response is appropriate, avers that its attorneys are presently without knowledge or information sufficient to form a belief as to its truth.

Defendant further:

1. Admits that paragraph 1 is an accurate description of plaintiff's Complaint. Denies that any amount has been erroneously collected from Plaintiff.

a. Admits that a deduction in the amount described was denied by the Commissioner of Internal Revenue, except denies such action was erroneous. Avers its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in subparagraph 1(a);

b. Denies the action described was arbitrary or capricious. Denies that the Commissioner abused his discretion or acted in a discriminatory manner. Avers the allegation that the action was "retroactive" is a legal conclusion, to which no response is required. Avers that the remaining allegations contained in paragraph 1(b) are legal conclusions, to which no response is required;

c. Admits that deductions of the sort described were disallowed by the Commissioner of Internal Revenue, except denies such action was erroneous.

2. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2. Avers that the allegations contained in paragraph 2 are legal conclusions, to which no response is required. Denies that any amount has been erroneously collected from plaintiff.

3. Denies that either statutory provision referenced provides any basis for the instant suit.

4. Avers that jurisdiction, if it exists, is by virtue of § 1491 of Title 28 of the United States Code.

5. Admits the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7.

8-13. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8 through 13. Avers that the allegations contained in paragraphs 8 through 13 are legal conclusions, to which no response is required.

14. Admits the allegation contained in paragraph 14.

15. Admits that paragraph 15 includes a summary of plaintiff's allegations. Denies that plaintiff is entitled to recover any amount.

16. Incorporates herein by reference its responses to specific allegations, as further set out in response to Counts One through Eight below. Avers that the allegation of "timely" filing is a legal conclusion, to which no response is required.

17. Incorporates herein by reference its responses to specific allegations, as further set out in response to Counts One through Eight below. Avers that the allegation of "timely" payment is a legal conclusion, to which no response is required.

18. Incorporates herein by reference its responses to specific allegations, as further set out in response to Counts Two, Five and Six below. Avers that the allegation of "timely" execution is a legal conclusion, to which no response is required.

19. Admits that paragraph 19 includes a summary of plaintiff's allegations. Denies that plaintiff is entitled to recover any amount. Incorporates herein by reference its responses to specific allegations, as further set out in response to Counts One through Eight below.

20. Admits that certain refund claims, relating to 1994, 1996, 1997, 1998 and 2001 were denied by letter dated March 4, 2004. Avers that its attorneys are presently without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20.

21. Admits the allegations contained in the first sentence of paragraph 21. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22. Admits that plaintiff was licensed to provide health insurance using the Blue Cross and Blue Shield trade names. Avers that the remaining allegations contained in paragraph 22 are legal conclusions, to which no response is required.

23. Avers that the allegations contained in paragraph 23 constitute legal conclusions, to which no response is required. Avers that the referenced statutory provisions speak for themselves.

24. Admits the allegations contained in paragraph 24.

25. Avers that the allegations contained in paragraph 25 constitute legal conclusions, to which no response is required. Avers that the referenced statutory provisions speak for themselves.

26. Admits that plaintiff made a payment in the amount set out to the Commonwealth of Virginia. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 which, in any event, constitute legal conclusions, to which no response is required.

27. Admits that paragraph 27 includes a summary of plaintiff's allegations. Avers that such allegations are legal conclusions, to which no response is required. Denies that plaintiff is entitled to the deduction claimed. Incorporates herein by reference its responses to specific allegations, as further set out in response to Counts Two and Three below.

28-33. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28 through 33. Avers that the allegations contained in paragraphs 28 through 33 constitute legal conclusions, to which no response is required. Avers that these paragraphs violate Rule 8(a), in that they do not constitute "a short and plain statement of the claim" asserted by plaintiff.

34-40. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 34 through 40. Avers that these paragraphs violate Rule 8(a), in that they do not constitute "a short and plain statement of the claim" asserted by plaintiff.

41. Avers that the allegations contained in paragraph 41 constitute legal conclusions, to which no response is required. Avers that this paragraph violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff. Avers that the referenced statute speaks for itself.

42. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Admits that plaintiff made a payment in the amount set out to the Commonwealth of Virginia at or about the time set out. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43.

44-45. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 44 and 45. Avers that these paragraphs violate Rule 8(a), in that they do not constitute "a short and plain statement of the claim" asserted by plaintiff.

46. Admits that technical advice was requested. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46.

47. Admits that Technical Advice Memorandum 200126008 is dated March 6, 2001. Avers that the remaining allegations contained in paragraph 47 are legal conclusions, to which no response is required. Avers that this paragraph violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff.

48. Admits that plaintiff amended its tax return for the taxable year 1997 to claim a deduction in the amount of $174,844,000. Avers that the remaining allegations contained in paragraph 48 are legal conclusions, to which no response is required. Avers that this paragraph violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff.

49. Admits that Technical Advice Memorandum 200405005 is dated August 28, 2003. Avers that the remaining allegations contained in paragraph 49 are legal conclusions, to which no response is required. Avers that this paragraph violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff.

50. Avers that the allegations contained in paragraph 50 constitute legal conclusions, to which no response is required. Avers that this paragraph violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff.

51. Admits that Technical Advice Memorandum 9853007 is dated September 29, 1998. Admits that Technical Advice Memorandum 200228016 is dated April 9, 2002. Avers that the remaining allegations contained in paragraph 51 are legal conclusions, to which no

response is required. Avers that this paragraph violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff.

52. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52. Denies that defendant has made any contentions in paragraph 49 of the Complaint. Avers that the allegations contained in paragraph 52 are legal conclusions, to which no response is required. Avers that this paragraph violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff.

53. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 which, in any event, are legal conclusions, to which no response is required.

54. Avers that the allegations contained in paragraph 54 are legal conclusions, to which no response is required. Denies that the action of the Commissioner of Internal Revenue was erroneous, arbitrary, capricious, or an abuse of discretion.

55. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegation that Technical Advice Memorandum 200405004 was issued in connection with any matter relevant to the instant case. Denies that the action of the Commissioner of Internal Revenue was erroneous.

56. Avers that the allegations contained in paragraph 56 constitute legal conclusions, to which no response is required. Avers that this paragraph violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff.

57. Avers that the allegations contained in paragraph 57 constitute legal conclusions, to which no response is required. Avers that the referenced statute speaks for itself. Avers that

this paragraph violates Rule 8(a), in that it does not constitute "a short and plain statement of the claim" asserted by plaintiff.

58. Avers that the allegations contained in paragraph 58 are legal conclusions, to which no response is required. Admits that for all taxable years 1987 through 2002, plaintiff was a taxable entity. Denies that plaintiff is subject to the "Fresh Start Basis Rule" for all taxable years 1987 through 2002.

59-65. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 59 through 65. Avers that these paragraphs violate Rule 8(a), in that they do not constitute "a short and plain statement of the claim" asserted by plaintiff.

66-68. Avers that the allegations contained in paragraphs 66 through 68 constitute legal conclusions, to which no response is required. Avers that these paragraphs violate Rule 8(a), in that they do not constitute "a short and plain statement of the claim" asserted by plaintiff.

69. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, except to the extent of its responses to specific allegations, as further set out in response to Counts Two through Eight below. Denies that such deductions were legally or factually proper.

70. Admits that the deductions as set out in paragraph 69 were denied by the Commissioner of Internal Revenue. Avers that the remaining allegations contained in paragraph 70 constitute legal conclusions, to which no response is required. Avers that the remaining allegations contained in this paragraph violate Rule 8(a), in that they do not constitute "a short and plain statement of the claim" asserted by plaintiff.

71. Admits that a Form 1139 claiming a carryback as set out was filed by plaintiff. Avers that the remaining allegations contained in paragraph 71 constitute legal conclusions, to which no response is required.

72. Avers that the allegations contained in paragraph 72 are legal conclusions, to which no response is required. Avers that the allegations contained in paragraph 72 rely upon a great number of facts, as to the truth of which defendant's attorneys are presently without knowledge or information sufficient to form a belief.

73. Admits the allegations contained in paragraph 73, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

74. Admits the allegations contained in paragraph 74, except avers that the allegations that payments were "timely" is a legal conclusion, to which no response is required.

75. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations that the Amended Return was timely filed, or that the carryback was "generated by the deduction of the Settlement Payment," which allegations, in any event, are legal conclusions to which no response is required. Admits the remaining allegations contained in paragraph 75, as well as the authenticity of the exhibit referenced.

76. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations that the Amended Return was timely filed, or that the carryback was "generated by the deduction for the loss of intangible assets," which allegations, in any event, are legal conclusions to which no response is required. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the

authenticity of the referenced exhibit. Admits the remaining allegations contained in paragraph 76.

77. Denies that the proposed action was erroneous. Denies that the action taken was disallowance of the claims, or that the referenced exhibit is a Notice of Claim Disallowance. Admits the remaining allegations contained in paragraph 77, including the allegation that the referenced exhibit was in fact sent to plaintiff. Avers that the referenced exhibit is a notice of proposed claim disallowance.

78. Admits the allegations contained in paragraph 78, except denies that the action protested was claim disallowance.

79. Admits the allegations contained in paragraph 79, as well as the authenticity of the referenced exhibit, except avers that the action taken was disallowance of the referenced claim for refund.

80. Admits the allegations contained in paragraph 80, except avers that the action taken was disallowance of the referenced claim for refund.

81. Denies the allegations contained in paragraph 81 which, in any event, are legal conclusions to which no response is required.

82. Admits the allegations contained in paragraph 82, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

83. Admits the allegations contained in paragraph 83, except avers that the allegations that payments were "timely" is a legal conclusion, to which no response is required.

84. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85. Admits the allegations contained in paragraph 85, except avers that the allegation that the action taken was "timely" is a legal conclusion, to which no response is required.

86. Admits the allegations contained in paragraph 86, as well as the authenticity of the referenced exhibit, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

87. Admits the allegations contained in paragraph 87, as well as the authenticity of the referenced exhibit, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

88. Denies that the action taken was disallowance of the claims, or that the referenced exhibit is a Notice of Claim Disallowance. Admits the remaining allegations contained in paragraph 88, including the allegation that the referenced exhibit was in fact sent to plaintiff. Avers that the referenced exhibit is a notice of proposed claim disallowance.

89. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 89.

90. Admits the allegations contained in paragraph 90, except denies that the action protested was claim disallowance.

91. Admits the allegations contained in paragraph 91, except avers that the action taken was disallowance of the referenced claim for refund.

92. Admits the allegations contained in paragraph 92.

93. Denies the allegations contained in paragraph 93 which, in any event, are legal conclusions to which no response is required.

94. Admits the allegations contained in paragraph 94, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

95. Admits the allegations contained in paragraph 95, except avers that the allegation that payments were "timely" is a legal conclusion, to which no response is required.

96. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97. Admits the allegations contained in the first sentence of paragraph 97, except avers that the document was received May 30, 2001. Admits the allegation contained in the last sentence of paragraph 97. Avers that the remaining allegations contained in paragraph 97 refer to the contents of a document, which speaks for itself and which, in any event, are legal conclusions, to which no response is required.

98. Admits the allegations contained in paragraph 98.

99. Denies that the proposed action was erroneous. Denies that the action taken was disallowance of the claim, or that the referenced exhibit is a Notice of Claim Disallowance. Admits the remaining allegations contained in paragraph 99, including the allegation that the referenced exhibit was in fact sent to plaintiff. Avers that the referenced exhibit is a notice of proposed claim disallowance.

100. Admits the allegations contained in paragraph 100.

101. Admits the allegations contained in paragraph 101, except denies that the action protested was claim disallowance.

102. Admits the allegations contained in the first, second and last sentences of paragraph 102. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 102, which in any event is a legal conclusion, to which no response is required.

Incorporates its responses to Count One, above, in response to the fourth sentence of paragraph 102.

103. Admits the allegations contained in paragraph 103.

104. Denies the allegations contained in paragraph 104 which, in any event, are legal conclusions to which no response is required.

105. Admits the allegations contained in paragraph 105, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

106. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106. Avers that the allegation that payment was "timely" is a legal conclusion, to which no response is required.

107. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations that the action taken was "timely," or that the carryovers and carrybacks were "generated by the deductions of the Settlement Payment and the loss of the intangible assets," which allegations, in any event, are legal conclusions, to which no response is required. Admits the remaining allegations contained in paragraph 108.

109. Admits the allegations contained in paragraph 109.

110. Denies that the proposed action was erroneous. Denies that the action taken was disallowance of the claims, or that the referenced exhibit is a Notice of Claim Disallowance. Admits the remaining allegations contained in paragraph 110, including the allegation that the referenced exhibit was in fact sent to plaintiff. Avers that the referenced exhibit is a notice of proposed claim disallowance.

111. Admits the allegations contained in paragraph 111.

112. Admits the allegations contained in paragraph 112, except denies that the action protested was claim disallowance.

113. Admits the allegations contained in paragraph 113, except avers that the action taken was disallowance of the referenced claim for refund.

114. Admits the allegations contained in paragraph 114.

115. Denies the allegations contained in paragraph 115 which, in any event, are legal conclusions to which no response is required.

116. Admits the allegations contained in paragraph 116, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

117. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117. Avers that the allegation that payment was "timely" is a legal conclusion, to which no response is required.

118. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 which, in any event, are legal conclusions, to which no response is required.

119. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations that the action taken was "timely," or that the carryovers and carrybacks were "generated by the deductions of the Settlement Payment and the loss of the intangible assets," which allegations, in any event, are legal conclusions, to which no response is required. Admits the remaining allegations contained in paragraph 119.

120. Avers that the allegation that the action taken was "timely" is a legal conclusion, to which no response is required. Admits the remaining allegations contained in paragraph 120,

except avers that the agreement was executed by Anthem Southeast, Inc., as successor to Trigon Healthcare, Inc. & Subsidiaries.

121. Denies that the proposed action was erroneous. Denies that the action taken was disallowance of the claims, or that the referenced exhibit is a Notice of Claim Disallowance. Admits the remaining allegations contained in paragraph 121, including the allegation that the referenced exhibit was in fact sent to plaintiff. Avers that the referenced exhibit is a notice of proposed claim disallowance.

122. Admits the allegations contained in paragraph 122.

123. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124. Admits the allegations contained in paragraph 124.

125. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

126. Admits the allegations contained in paragraph 126.

127. Denies the allegations contained in paragraph 127 which, in any event, are legal conclusions to which no response is required.

128. Admits the allegations contained in paragraph 128, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

129. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129. Avers that the allegation that payment was "timely" is a legal conclusion, to which no response is required.

130. Denies the allegation contained in the first sentence of paragraph 130. Avers that the original return includes a claimed deduction in the amount of $6,318,181 described as being

for "gain/loss on disposal of intangible assets." Avers that the allegation contained in the last sentence of paragraph 130 is a legal conclusion, to which no response is required.

131. Admits the allegations contained in paragraph 131.

132. Avers that the agreement was executed by Anthem Southeast, Inc., as successor to Trigon Healthcare, Inc. & Subsidiaries. Avers that the allegation that the action taken was "timely" is a legal conclusion, to which no response is required. Avers that the document was executed on March 22, 2004. Admits the remaining allegations contained in paragraph 132.

133. Admits the allegations contained in paragraph 133.

134. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134.

135. Admits the allegations contained in paragraph 135.

136. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136.

137. Denies the allegations contained in paragraph 137 which, in any event, are legal conclusions to which no response is required.

138. Admits the allegations contained in paragraph 138, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

139. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139. Avers that the allegation that payment was "timely" is a legal conclusion, to which no response is required.

140. Denies the allegation contained in the first sentence of paragraph 140. Avers that the return as filed includes a claimed deduction in the amount of $4,264,639 described as

"provider/subscriber contracts & workforce expense." Avers that the allegation contained in the last sentence of paragraph 140 is a legal conclusion, to which no response is required.

141. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations that the action taken was "timely," or that the carryovers and carrybacks were "generated by the deductions of the Settlement Payment and the loss of the intangible assets," which allegations, in any event, are legal conclusions, to which no response is required. Admits the remaining allegations contained in paragraph 141.

142. Denies that the proposed action was erroneous. Denies that the action taken was disallowance of the claims, or that the referenced exhibit is a Notice of Claim Disallowance. Admits the remaining allegations contained in paragraph 142, including the allegation that the referenced exhibit was in fact sent to plaintiff. Avers that the referenced exhibit is a notice of proposed claim disallowance.

143. Admits the allegations contained in paragraph 143.

144. Admits the allegations contained in paragraph 144.

145. Admits the allegations contained in paragraph 145, as well as the authenticity of the referenced exhibit, except avers that the action taken was disallowance of the referenced claim for refund.

146. Admits the allegations contained in paragraph 146.

147. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147.

148. Denies the allegations contained in paragraph 148 which, in any event, are legal conclusions to which no response is required.

149. Admits the allegations contained in paragraph 149, except avers that the allegation that the filing was "timely" is a legal conclusion, to which no response is required.

150. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150. Avers that the allegation that payment was "timely" is a legal conclusion, to which no response is required.

151. Denies the allegation contained in the first sentence of paragraph 151. Avers that the return as filed includes a claimed deduction in the amount of $5,983,687 described as "gain/loss on disposal of intangible assets." Avers that the allegation contained in the last sentence of paragraph 151 is a legal conclusion, to which no response is required.

152. Admits the allegations contained in paragraph 152.

153. Admits the allegations contained in paragraph 153.

154. Admits the allegations contained in paragraph 154.

155. Avers that its attorneys are presently without knowledge or information sufficient for form a belief as to the truth of the allegations contained in paragraph 155.

156. Denies the allegations contained in paragraph 156 which, in any event, are legal conclusions to which no response is required.

WHEREFORE, defendant prays the Complaint be dismissed, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*

June 27, 2006

s/ Steven Frahm
Of Counsel