IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WELLPOINT, INC.,<br>FORMERLY ANTHEM, INC., SUCCESSOR<br>IN INTEREST TO TRIGON HEALTHCARE, INC.,<br>& SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-147 T<br>(Judge Damich) |

**MOTION FOR STAY**

Pursuant to RCFC 7(b), WellPoint, Inc. & Subsidiaries ("WellPoint") hereby moves to stay this case on the grounds that a case presenting an identical legal issue with similar facts is pending in the United States Tax Court. *WellPoint, Inc. v. Commissioner*, No. 13585-05 (T.C. filed July 21, 2005). In support of this Motion, Plaintiff states as follows:

1. This lawsuit was filed on February 24, 2006, by Plaintiff to recover a refund of federal income taxes that it contends were erroneously paid for the taxable years 1994 and 1996-2002. On June 27, 2006, Defendant filed its answer.

2. As stated in the Complaint, the two primary issues in this case are:

(a) The disallowance of a deduction claimed under Section 162 of the Internal Revenue Code of 1986, as amended, (the "Internal Revenue Code") for a $174,844,000 settlement payment that was paid in the taxable year 1997 by Trigon Insurance Company ("Trigon") (hereinafter referred to as the "Settlement Payment Issue"); and

(b) The disallowance of deductions claimed for the taxable years 1996-2002 under Section 165 of the Internal Revenue Code for the loss of certain intangible assets

including insurance contracts, provider contracts, and employee workforce that were used in Trigon's Blue Cross and Blue Shield insurance business (hereinafter referred to as the "Intangibles Issue").

3. On July 21, 2005, WellPoint petitioned the U.S. Tax Court for a redetermination of the deficiencies in federal income tax for its taxable years 1999 and 2000 set forth by the Commissioner of Internal Revenue in the Commissioner's Notice of Deficiency. *WellPoint, Inc. & Subsidiaries v. Commissioner*, No. 13585-05 (T.C. filed July 21, 2005).

4. The Settlement Payment Issue is the primary issue in the Tax Court case. More specifically, the issue pending before the Tax Court is the disallowance of a deduction claimed under Section 162 of the Internal Revenue Code for $113,837,500 of settlement payments that were paid in the taxable year 1999 on behalf of Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield of Kentucky, Community Insurance Company, and Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut.

5. The Intangibles Issue is pending before the Tax Court as well for Anthem Insurance Companies, Inc. ("Anthem," the predecessor to WellPoint, Inc.) and two affiliates.

6. Currently, Plaintiff is the parent of all entities involved in this case and the Tax Court case.

7. As stated in Technical Advice Memorandum ("TAM") 200405005 (Aug. 28, 2003), which was issued to Trigon Insurance Company, and in TAM 200439042 (May 21, 2004), which was issued to Anthem, the IRS disallowed the deduction for each of the settlement payments on the basis that a payment made to "satisfy" a "charitable trust

obligation" is not deductible under Section 162 of the Internal Revenue Code.

8. Both this case and the Tax Court case present complex legal issues of first impression and complex factual issues that may require extensive discovery and expert testimony.

9. Litigating the Settlement Payment Issue for the same taxpayer in two forums simultaneously will be financially burdensome and time consuming. The time and resources of the parties may be conserved by staying this case pending adjudication of the Tax Court case.

10. In the Tax Court case, the IRS Chief Counsel's office has informed WellPoint that the IRS will not engage in settlement negotiations on the Settlement Payment Issue.

11. Plaintiff is not aware of Defendant's willingness to engage in settlement negotiations in this case but, in the interest of time and expense, proposes to suspend this case until resolution of the Tax Court case.

12. Within ten days of any disposition of the Tax Court case, Plaintiff proposes that the parties notify the Court of the disposition and re-activate this case as appropriate.

13. Defendant has no objection to Plaintiff's Motion to Stay, but has indicated that Defendant will file a response to the motion with the Court.

WHEREFORE, Plaintiff respectfully requests that this Motion be granted and an order be entered staying this case, pending the outcome of *WellPoint, Inc. & Subsidiaries v. Commissioner*, No. 13585-5 (T.C. filed July 21, 2005). Plaintiff proposes that the order in this case should direct the parties to advise the Court within ten (10) days of any judgment entered by the Tax Court in that case. Plaintiff further proposes that the parties also should be required to advise the Court within ninety (90) days after judgment is entered, whether an

appeal has been taken. If an appeal is taken, the parties should be required to advise the Court when the U.S. Court of Appeals has rendered its decision.

Dated: August 17, 2006

Respectfully submitted,

s/Philip C. Cook
Philip C. Cook

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7491
Facsimile: (404) 253-8556
Counsel for Plaintiff

Of Counsel:

Michelle M. Henkel
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7633
Facsimile: (404) 253-8656

J. Bradford Anwyll
ALSTON & BIRD LLP
Atlantic Building
950 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 756-3300

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WELLPOINT, INC.,<br>FORMERLY ANTHEM, INC., SUCCESSOR<br>IN INTEREST TO TRIGON HEALTHCARE, INC.,<br>& SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-147 T<br>(Judge Damich) |

**ORDER OF STAY**

Upon motion of the Plaintiff, to which Defendant has no objection, this case is stayed pending further order of the Court.

It is further ordered that:

Within ten (10) days after entry of a final judgment in *WellPoint, Inc. & Subsidiaries v. Commissioner*, No. 13585-05 (T.C. filed July 21, 2005), the parties shall notify the Court and provide the Court with a copy of the judgment and any accompanying opinion and/or finds of fact or conclusions of law.

If there is a disposition of *WellPoint, Inc. & Subsidiaries v. Commissioner*, No. 13585-05 (T.C. filed July 21, 2005), other than a final judgment, the parties shall file a Joint Status Report within ten (10) days of disposition in which the parties will notify the Court of such disposition.

Within ninety (90) days after final judgment is entered in *WellPoint, Inc. & Subsidiaries v. Commissioner*, No. 13585-05 (T.C. filed July 21, 2005), the parties shall advise the Court if an appeal has been taken to the United States Court of Appeals. If an

appeal is taken, the parties shall, within ten (10) days after the United States Court of Appeals renders its decision, advise the Court and provide the Court with a copy of the opinion.

______________________________

Judge Damich

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing paper was served on counsel for Respondent by mailing the same in a postage-paid wrapper to the following address:

W. P. Rapp
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post office Box 26
Ben Franklin station
Washington, D.C. 20044

Dated: August 17, 2006.

s/Philip C. Cook
Philip C. Cook
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7491